## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARTER, FULLERTON & HAYES, LCC**<br>a Virginia limited liability corporation<br>4115 Annandale Road<br>Suite 205<br>Annandale, Virginia, 22003<br>　　　Plaintiff,<br><br>　　　v.<br><br>**FEDERAL TRADE COMMISSION**<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580.<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　CA No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking disclosure and release of agency records improperly withheld from plaintiff by defendant Federal Trade Commission.

## JURISDICTION AND VENUE

2. This Circuit Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to , 5 U.S.C. § 552 (a) (4) (B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552 (a) (4) (B).

3. Plaintiff is a Virginia law firm that filed a FOIA request on behalf on a non-for profit organization.

4. The Federal Trade Commission ("FTC") is an independent administrative agency of the government of the United States. FTC is an agency within the meaning of 5 U.S.C. § 552 (e).

**PLAINTIFF'S FOIA REQUEST AND DEFENDANT'S FAILURE TO DISCLOSE AND COMPLETE FAILURE OF FTC MEET ITS FOIA REQUIREMENTS**

5. By letter to the defendant dated October 13, 2006, plaintiff submitted a FOIA request for the following:

> I request that copies of all documents in your possession relating to malt beverages; malt beverage manufacturers; malt beverage wholesalers/distributors; wine and distilled spirits manufacturers; wine and distilled spirits wholesalers/distributors; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with FTC or any division or office thereof, including without limitation the FTC's Bureaus of Competition, Economics, General Counsel and/or and the FTC's Office of Policy and Planning (hereinafter FTC) on any aspect of the regulation of alcohol from January 2002 to present. "**Document**" means the original and any copy of any written, typed, printed, recorded, electronic, or graphic matter of any kind, however produced or reproduced, including, but not limited to, letters or other correspondence, invoices, telegrams, memorials of telephone conversations or meetings, intraoffice communications, electronic mail, advertisements, sales literature, memoranda, reports, summaries, tabulations, records, work papers, studies, cost sheets, financial reports, photographs, motion picture films, tape recordings, microfilm, other data compilations, including computer data, from which information can be obtained or translated into usable form.

6. On at least fourteen (14) occasions, plaintiff made written and oral request trying to establish from the defendant the status of the plaintiff's FOIA request.

7. Often, FTC attorneys refused to, or failed to, timely respond to the plaintiff attorneys inquiries at to the status of the FOIA request.

8. Written requests to the FTC concerning the status of plaintiff's FOIA request received no response or no written response. The plaintiff agreed to modify its request and repeatedly offered to work with the defendant to reduce the burden associated with the request to no avail.

9.   The FTC asserted no statutory privilege, "unusual circumstances," nor offered any explanation(s) as to the piecemeal nature and repeated delays of the defendant's partial responses.

10.   Plaintiff received approximately of 4,017 pages when staff of the FTC initially represented in communications with the undersigned that there were over 5,000 responsive documents. ***The defendant's production contained less than 30 email documents***.

11. The response contained not one telephone log or outlook/calendar entry and not one meeting summary.

12. Of the 4017 pages produced by the defendant, the plaintiff received and was charged for 479 duplicates which constitute twelve percent (12%) of the documents received.

13.   Much of the response received from the defendant was documentation that is easily accessible from public sources: copies of reported federal cases, public court filings, and state legislation. A good portion of the defendant's response was filler for which the plaintiff was charged copying cost and review costs.

14.   Most of the materials produced were copies of documents which also were available from other public sources and had minimal FTC created material or notes associated with them. Yet, the defendant repeatedly was unable to disclose such material within FOIA's requirement of an agency response within twenty (20) working days.

15.   The plaintiff appealed the defendant's decision not to disclose to the Chief FOIA Officer seeking an explanation as to the delays and seeking a Vaughan index as an attempt to avoid litigating the issue.

16. The general counsel of the defendant granted access to only ***one (1)*** additional document.

17. The defendant made no attempt to address the plaintiff's concerns regarding the delay and nature of the defendant's FOIA response.

18. In spite of the delays and concerns expressed by the plaintiff regarding the defendant's response to the FOIA request, the defendant asserted that it had no obligation to produce a Vaughan index at that time.

19. As a result of the defendant's repeated actions and the defendant's failure to comply with the letter or the spirit of the FOIA requirements, the plaintiff has filed this Complaint.

## CAUSE OF ACTION

20. Plaintiff re-alleges the allegations contained in ¶¶ 1-19.

21. Defendant has wrongfully withheld the requested records from the plaintiff.

22. Plaintiff has exhausted the applicable administrative remedies with respects to its FOIA request.

23. Plaintiff is entitled to injunctive relief.

## REQUESTED RELIEF

**WHEREFORE**, plaintiff respectfully prays that his Court:

a. order defendant to disclose the requested records in their entireties and make copies available to the plaintiff; and

b. provide for an expeditious proceeding in this action; and

c. provide to the Court an account of the defendant's actions and its obligations under 5 USC § 552 *et seq.* and in responding to the plaintiff's FOIA request; and

d. order the defendant to adopt new procedures in how the agency responds to all future FOIA request; and

4

e. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

f. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

CARTER, FULLERTON & HAYES, LLC
Plaintiff

John E. Drury, Esq.
DC BAR No. 924407
Law Offices of John E. Drury, PC
1900 L Street, NW
Suite 303
Washington, DC   20036
(202) 463-6131 – Telephone
jedrury@aol.com

John Laughlin Carter
VA Bar No. 34933
Carter, Fullerton & Hayes, LLC
4115 Annandale Road
Suite 205
Annandale, Virginia 22003
(703) 658-7737 - Telephone
(703) 658-7736 - Facsimile
jlaughlinc@aol.com

07-1041
RCL

JS-44
(Rev. 1/05 DC)

## CIVIL COVER SHEET

ORIGINAL

**I (a) PLAINTIFFS**

Canfier, Fullerton & Hayes, LLC

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Polixine
(EXCEPT IN U.S. PLAINTIFF CASES)

Fairfax County, Virginia

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

202.463.6131
John Drury, #303, 1900 L Street, NW, Washington, DC 20036

**DEFENDANTS**

Federal Trade Commission

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DC
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDE
TR

Case: 1:07-cv-01041
Assigned To : Lamberth, Royce C.
Assign. Date : 6/12/2007
Description: FOIA/Privacy Act

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff
□ 3 Federal Question (U.S. Government Not a Party)

x 2 U.S. Government Defendant
□ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | x 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**□ A. Antitrust**

□ 410 Antitrust

**□ B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**□ E. General Civil (Other)  OR  □ F. Pro Se General Civil**

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food & Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 Americans w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Freedom of information request denial under 5 US Code Section 552

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 □     **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** □ YES    ☒ NO

**VIII. RELATED CASE(S) IF ANY** none    (See instruction)    □ YES    ☒ NO    If yes, please complete related case form.

DATE 6/12/07    SIGNATURE OF ATTORNEY OF RECORD    John E. Drury, Esquire *[signature]*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.