IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
CARTER, FULLERTON & HAYES, LLC,               )
                                              )
            Plaintiff,                        )
                                              )
v.                                            )        Civil Action No. 07-01041(RCL)
                                              )
FEDERAL TRADE COMMISSION,                     )
                                              )
            Defendant.                        )
_____       )

**DEFENDANT FEDERAL TRADE COMMISSION'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, the Federal Trade Commission, by and through its undersigned

counsel, hereby moves for summary judgment in its favor pursuant to Fed. R. Civ. P. 56.

Defendant submits that the pleadings and record show that there is no genuine issue as to

any material fact and that Defendant is entitled to a judgment as a matter of law.

Pursuant to Local Rules 7(a), (c), and (h) respectively, a memorandum of points

and authorities supporting this motion, a statement of material facts as to which there is

no genuine dispute, and a proposed order consistent with the relief requested herein are

attached.

Date: August 16, 2007

Respectfully Submitted,


/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____

Of Counsel:                          BEVERLY M. RUSSELL, D.C. Bar #454257
WILLIAM BLUMENTAHL                   Assistant United States Attorney
General Counsel                      U.S. Attorney's Office for the District
                                       of Columbia, Civil Division
JOHN F. DALY                         555 4th Street, N.W., Rm. E-4915
Deputy General Counsel for Litigation Washington, D.C. 20530
                                     Ph:  (202) 307-0492
DAVID C. SHONKA                      Fax: (202) 514-8780
Assistant General Counsel for Litigation E-Mail: beverly.russell@usdoj.gov

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
CARTER, FULLERTON & HAYES, LLC,         )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )        Civil Action No. 07-01041(RCL)
                                        )
FEDERAL TRADE COMMISSION,               )
                                        )
            Defendant.                  )
_____)

## DEFENDANT FEDERAL TRADE COMMISSION'S
## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Federal Trade Commission ("FTC" or "Commission") submits this

Memorandum in support of its Motion for Summary Judgment.  Plaintiff Carter Fullerton &

Hayes, LLC (hereinafter "Plaintiff") seeks the release of Commission documents responsive to

its request made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  The

Commission has fully complied with its obligations under the FOIA.  It conducted a reasonable

search, identified approximately 5200 responsive pages, and released approximately 4000 pages,

albeit with some redactions.  Of those pages that were either redacted or not released, the

Commission properly invoked applicable exemptions pursuant to 5 U.S.C. § 552(b)(2), (b)(5),

and (b)(6).  The Commission released all segregable factual material.  The Commission's

*Vaughn* Index[1] properly identifies each page that the Commission withheld or redacted as well as

the supporting basis.  *See* Ex. A, Declaration of Ms. Joan Fina, Aug. 9, 2007, Attach. 6.

Summary judgment for the Commission is appropriate.

_____

[1]Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)(requires agencies to prepare an
itemized index correlating each withheld document - or portion - with a specific FOIA
exemption and the relevant part of the agency's nondisclosure justification).

## BACKGROUND

**I.    OVERVIEW OF FOIA PROCESSING AT THE COMMISSION.**

The FTC FOIA program operates in an all electronic environment, which means that all

FOIA requests, from receipt of the initial request through the final decision, are processed

electronically.  Def. Exh. A, ¶ 4.  To accomplish this, the Commission uses FOIAXpress, which

is a web-based FOIA tracking system. This software allows the Commission to electronically

store, retrieve, redact, and print documents for delivery to FOIA requestors.  *Id*.  FOIAXpress is

a database capable of managing workflow from initial receipt to completion of case processing.

It is capable of tracking and reporting workflow, statistics, and correspondence, as well as

generating fee calculations and invoices.  *Id*.  It tracks all cases as they move through the system

from original request to final delivery of a response.  *Id*.  FOIAXpress is a fully integrated,

comprehensive system for receiving and processing FOIA requests in accordance with statutory

regulations governing public access to government information.  *Id*.

Ms. Joan Fina is a supervisory attorney for the FTC and is primarily responsible for

administering the Commission's FOIA and Privacy Act programs.  Def. Exh. A, ¶  1.  She has

been in that position for seven years and has been employed by the Commission, as an attorney,

for 11 years.  As of August 2007, she supervised eight full-time employees (including one

attorney, six paralegals, and one program assistant).  *Id*. at ¶ 2.  Her responsibilities include:

review of FOIA/PA requests for records located at the Commission's headquarters, its seven

regional offices, and its off-site storage facilities.  *Id*. at ¶ 1.  She also reviews the case files, the

searches, and the preparation of responses to each request to ensure that determinations to

withhold or to release records are in accord with the FOIA, the PA, and the Commission's

2

Regulations (16 C.F.R. § 4.8 – 4.11). *Id*. She has the authority to release or withhold records requested under the FOIA/PA. *Id*.

When the Commission receives a FOIA request, it is immediately scanned or downloaded into FOIAXpress and then reviewed by Ms. Fina. Def. Exh. A, ¶ 5. Upon review of the request, Ms. Fina assigns the request to one of the FOIA paralegals. *Id*. The paralegal conducts a search of the FTC's Matter Management Systems (MMS) database to determine whether particular offices or staff sections have dealt with the matters relevant to the FOIA request. *Id*. Based on that search, as well as the staff's knowledge of and experience with the Commission, the FOIA staff identifies the offices within the Commission that are likely to possess responsive documents. *Id*. The assigned paralegal then sends a formal request to an officially designated FOIA contact person in each identified office, who then collects the materials resident within that office and forwards them to the paralegal. *Id*. The FTC's procedure is to load all responsive records into a FOIAXpress electronic case file. *Id*. Paper records are scanned and electronic records are uploaded into the database. *Id*. Once the files are loaded into the FOIAXpress electronic case file, the assigned paralegal reviews each page of each record, makes any appropriate redaction, drafts a response to the FOIA request, and electronically notifies Ms. Fina when the materials are ready for review. *Id*. All FOIA responses are reviewed by Ms. Fina or her supervisor, Mr. David Shonka, who is the Agency's Chief FOIA Officer under Executive Order 13392, before they are released. *Id*.

## II.    PROCESSING OF FOIA REQUEST 2007-00067.

Plaintiff submitted its FOIA request by e-mail dated October 13, 2006. Def. Exh. A, ¶ 6; Attach. 1 of Def. Exh. A (a true and correct copy of Plaintiff's FOIA request). By letter of October 20, 2006, the FTC notified Plaintiff that its request had been received and was assigned

3

case number FOIA-2007-00067.  Def. Exh. A, ¶ 6.  Plaintiff's request sought copies of "all documents. . . relating to malt beverages; malt beverage manufacturers; and distilled spirits wholesalers/distributors; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with FTC or any division thereof . . . on any aspect of the regulation of alcohol from January 2002 to present."  *Id*. at ¶ 7. Plaintiff's representative, Mr. John Carter, explained, however, that "[c]orrespondence solely relating to FTC regulation of alcohol advertising is exempt from this request."  *Id*.  Ms. Fina confirmed with Mr. Carter, in a telephone conversation on November 13, 2006, Plaintiff's willingness "to exclude documents related to FTC's jurisdiction over alcohol advertising."  *Id*. at ¶ 10.  This conversation was memorialized by letter dated November 16, 2006, from Ms. Fina to Mr. Carter.  *Id*.; Attach. 2 of Def. Exh. A (a true and correct copy of the modification letter).  On October 20, 2006, after reviewing Plaintiff's original request, Ms. Fina assigned Ms. Lauren Marasco, a FOIA paralegal specialist, to process the request.[2]  Def. Exh. A, ¶ 8.  *Id*.  Based on Ms. Marasco's review of the Agency's MMS, as well as Ms. Fina's experience with the Commission, knowledge of the functions and responsibilities of the various organizations within the Commission, and the subject matter of the request, Ms. Fina directed Ms. Marasco to request records from the Agency's Office of Policy Planning, the Bureau of Consumer Protection, and the Records and Filings Office (responsible for all records management at the Commission).  *Id*. Ms. Marasco provided the FOIA coordinators for each of these offices with a copy of the FOIA request, instructions to return any responsive documents to her, and a formal request that the

---

[2] Ms. Marasco is no longer employed by the Agency.

coordinators notify the FOIA office if they believed any other division might have responsive records so that they could also be queried.  Def. Exh. A, ¶ 9.

The Records and Filing Office had no responsive documents.  Def. Exh. A, ¶ 10.  The Office of Policy Planning provided the vast majority of the responsive documents.  *Id*.  The Advertising Practices group located within the Bureau of Consumer Protection also provided documents, the number of which was dramatically reduced after Plaintiff's November 2006, modification of the request.  *Id*.  No other organizations were identified as possibly having responsive documents.  *Id*.

In addition to these sources, Ms. Marasco queried the Commission's consumer complaints database, known as "Consumer Sentinel," for responsive documents.[3]  Def. Ex. A, ¶ 11.  Consistent with established FTC FOIA program procedures, Ms. Marasco loaded all Sentinel records into the FOIAXpress database, which originally had 22 distinct directories.  *Id.* An additional directory was later added, which brought the total to 23.  *Id*.; *see* Attach. 3 of Def. Exh. A (a true and correct visual depiction of the directories with the number of individual pages within each directory indicated in brackets beside each directory).

Ms. Marasco personally reviewed each of the collected documents.  Def. Exh. A, ¶ 13. She made a preliminary determination as to whether each page of each document, or any portion thereof, was exempt from disclosure under the FOIA.  *Id*.  Because of the number of documents and the way in which they were reviewed, the Commission provided the materials in rolling fashion in five separate batches on five different dates.  Def. Exh. A, ¶ 14.  Based on

---

[3]Consumer Sentinel is a consumer fraud database accessible to law enforcement officials and shared with law enforcement partners in the United States and abroad. Public and private organizations contribute complaints to the database in an effort to combat illegal activities.  *See* www.consumer.gov/sentinel/about/htm.

Ms. Marasco's recommendations, and after review by a supervisory FOIA attorney, the

Commission partially granted and denied Plaintiff's request. *Id.* In preparation for this summary

judgment motion, Ms. Fina reviewed the entire file related to Plaintiff's request and has

submitted a declaration (Def. Exh. A) stating the following:[4]

     i. December 13, 2006. In reviewing the file concerning the December 13, 2006, response to Plaintiff's FOIA request, she determined that the following directories were reviewed: "Consumer Complaints" (305 of 1298 pages were responsive); "Chris Grengs-Public" (131 pages); and "Greg Luib – Believed Public" (1271 pages). Of a total of 1707 responsive pages that were reviewed, 1402 pages were disclosed in full, and 305 pages were partially disclosed (redacted under exemption (b)(6) (personal consumer information)); [5]

     ii. January 11, 2007. In reviewing the file concerning the January 11, 2007, response to Plaintiff's FOIA request, she determined that the following directories were reviewed: "James Cooper–handwritten notes" (5 pages); "Chris Grengs-Memos-etc" (134 pages); "Maureen Ohlhausen" (227 pages); and "Reports" (604 pages). Of a total of 970 pages that were reviewed, 800 pages were disclosed in full, 3 pages were partially disclosed (redacted under exemption (b)(5)), and 167 pages were exempt from disclosure (withheld under exemption (b)(5));

     iii. February 5, 2007. In reviewing the file concerning the February 5, 2007, response to Plaintiff's FOIA request, she determined that the following directories were reviewed: "Wine Report and Memos" (208 pages); "Wine Amicus Memo" (302 pages); "Internet Wine Memos etc" (23 Pages); and "Internet Wine Correspondence" (400 pages). Of a total of 933 pages that were reviewed, 768 pages were disclosed in full, 152 pages were exempt from disclosure (withheld under exemption (b)(5) and (b)(2)), 11 pages were non-responsive, and 2 pages were duplicates.

     iv. March 2, 2007. In reviewing the file concerning the March 2, 2007, response to Plaintiff's FOIA request, she determined that the following directories were reviewed:

---

    [4]The numbers contained in the various cover letters sent to Plaintiff may vary slightly from those listed in the attached declaration either because of the inclusion of duplicates in the numbers of released documents or simple arithmetical errors. The directory with the largest number of documents is entitled "Consumer Complaints," and consists of 1298 documents from the Consumer Sentinel database. Def. Exh. A, ¶ 12. Ms. Marasco's review of these documents showed that a large number of the Sentinel complaints were not responsive to the request. *Id.* The non-responsive documents were not identified or provided to the Plaintiff. However, they have been retained in the FOIAXpress database. *Id.*

    [5] The directory names in the FOIAXpress database use unconventional abbreviations. For the sake of clarity, this brief identifies the directories exactly as they are identified in the database.

"Congress Testimony and related memos" (96 pages); "California Beer Franchise Memo and Corre." (103 pages); "Ohio Direct Shipping Corresp." (47 pages); "Florida Direct Shipping Letter" (42 pages); and "New Hampshire Power Point" (339 pages). Of a total of 627 pages that were reviewed, 443 pages were disclosed in full, 10 pages were partially disclosed (redacted under exemption (b)(5)), 90 pages were exempt (withheld under exemption (b)(5)), and 84 pages were duplicates.

v. March 13, 2007. In reviewing the file concerning the March 13, 2007, response to Plaintiff's FOIA request, I determined that the following directories were reviewed: "Advocacy Preliminary Research" (40 pages); "Janet Evans - Memos, Drafts, Other" (94 pages); "Janet Evans E-mails" (73 pages); "Internal Drafts, Corr. regarding drafts" (656 pages); "Inter-Agency Corr." (58 pages); and "Draft Advocacy Comments" (38 pages). Of a total of 959 pages that were reviewed, 208 pages were disclosed in full, 2 pages were partially disclosed (redacted under exemption (b)(5)), 713 pages were exempt (withheld under exemption (b)(5)), and 36 were duplicates. *Id.*

In responding to Plaintiff's request, the Commission invoked FOIA exemptions under 5 U.S.C. § 552 (b)(2), (b)(5), and (b)(6). Def. Exh. A, ¶ 15. The March 13, 2007, letter advised Plaintiff that this was the final response to the FOIA request and that Plaintiff had a right to appeal the determinations to the FTC's General Counsel, whom the Commission has designated to make final decisions on FOIA appeals. *Id.*

Plaintiff filed an administrative appeal with the General Counsel by letter dated March 26, 2007, which the Commission received on April 3, 2007. Def. Exh. A, ¶ 16; Attach. 4 of Def. Exh. A (a true and correct copy of Plaintiff's administrative appeal). In its appeal, Plaintiff contended that the Commission improperly withheld materials and improperly redacted materials. It also sought a fee waiver based on an unnamed client's non-profit status. *Id*.

By letter of April 26, 2007, the General Counsel granted Plaintiff's appeal as to one document but otherwise affirmed the Agency's initial decision as to the documents that were withheld, the redactions that were made, and the cited exemptions. Def. Exh. A, ¶ 17; Attachment 5 of Def. Exh. A (a true and correct copy of that decision). The General Counsel also denied Plaintiff's request for a fee waiver noting that Plaintiff had provided insufficient

7

information to determine if the degree of public interest warranted such a waiver.  Def. Exh. A, ¶

17.  Dissatisfied with this response, Plaintiff filed the present Complaint.

While preparing its response to Plaintiff's Complaint, the Commission discovered 71

additional responsive pages of a legal memorandum setting out a recommendation to the

Solicitor General with respect to the filing of an *amicus curiae* brief with the U.S. Supreme

Court on three consolidated cases concerning the constitutionality of individual states prohibiting

out-of-state winery shipments directly to consumers. Def. Exh. A, ¶ 18.   The Commission

determined that all pages, except one, are exempt from disclosure under Exemption (b)(5).  *Id.*

The one page that was releasable is the decision page from the Office of the Solicitor General

stating that there would be no *amicus* participation.  *Id.*  To complete the case file for FOIA No.

2007-00067, these documents were loaded into FOIAXpress under a separate directory called

"Internal Memo," which brings the total number of directories associated with Plaintiff's FOIA

request to 23. *Id.*[6]

## DISCUSSION[7]

### A.  LEGAL STANDARD FOR SUMMARY JUDGMENT IN FOIA CASES.

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

---

[6] Plaintiff has been notified via separate correspondence, dated August 8, 2007, of this discovery, and the Agency's determination as to releasability. Def. Exh. A, ¶ 18.  In conjunction with that notification, the Commission also released approximately twelve additional pages that had originally been withheld.

[7] The Complaint makes much ado of the timeliness and responsive of the Commission staff in processing his request.  The Commission disputes certain of Complainant's allegations and characterizations concerning the responsiveness of FTC personnel in responding to this FOIA request. These allegations are of no consequence to the issue before the Court on this dispositive motion, and we, therefore, do not address them.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits must be accepted as true, unless the opposing party submits admissible evidence that contradicts the movant's assertions. *Neal v. Kelly,* 963 F.2d 453, 456-57 (D.C. Cir. 1992) (citing *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982)). To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg v. Department of Justice,* 23 F.3d 548, 551 (D.C. Cir. 1994) (citing *Weisberg v. Department of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), *reh'g denied,* 763 F.2d 1436 (D.C. Cir. 1985)). The Court may award summary judgment based solely upon the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981).

## B.    THE COMMISSION CONDUCTED A REASONABLE SEARCH OF ITS RECORDS FOR RESPONSIVE DOCUMENTS.

The Commission's search for responsive documents was more than adequate under the FOIA. When searching for documents requested pursuant to the FOIA, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Campbell v. Department of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998), *quoting Oglesby v. Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "An agency fulfills its obligations under FOIA if it can

demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard,* 180 F.3d 321, 325 (D.C.Cir. 1999) (quoting *Truitt v. Dep't of State,* 897 F.2d 540, 542 (D.C. Cir. 1990)); *see Campbell*, 164 F.3d at 27 (FOIA requires an agency to conduct searches using methods reasonably expected to produce requested information). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). "The agency can demonstrate the adequacy of its search by relying upon affidavits that are 'relatively detailed, nonconclusory and not impugned by evidence in the record of bad faith on the part of the agency.'" *Summers v. Department of Justice*, 934 F. Supp. 458, 460 (D.D.C. 1996), *quoting McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Perry v. Block,* 684 F.2d 121, 127 (D.C. Cir. 1982).

The Complaint does not contest the adequacy of the Agency's efforts to locate responsive documents. As described in the declaration of Ms. Fina, the Commission's search in response to Plaintiff's request was reasonable. The FTC has an established FOIA program that employs a methodical approach to processing requests and provides reasonable assurance that all responsive documents are produced. Def. Exh A, ¶¶ 4 – 5. This process includes the maintenance of an electronic Matters Management System that aids in identifying the location of responsive documents. *Id.* at ¶ 5. Further, Ms. Fina's experience and knowledge of Commission operations provides added assurance of locating responsive documents within the Agency, as does the designation of specific FOIA coordinators within the Agency's subordinate organizations. *See id.* at ¶¶ 8 – 9.

10

Ms. Fina's declaration is detailed and nonconclusory. There is no evidence that the search was conducted in bad faith. Further, even though an agency's search need not be perfect, there is no indication that any documents were, ultimately, overlooked. Through its FOIA processes, the FTC identified approximately 5000 documents responsive to Plaintiff's request. The Commission's search was reasonable and satisfied the FOIA's requirements.

## C.    FOIA EXEMPTIONS.

To withhold documents responsive to a FOIA request, an agency must show that the withheld documents fall within one of the statutory exemptions to FOIA. *Weisberg v. Department of Justice,* 705 F.2d 1344, 1351 (D.C. Cir. 1984). To make such a showing, an agency may submit affidavits and declarations describing the documents withheld and the statutory basis for the withholdings. *See Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir 1973). Any reasonably segregable portions of requested records must be disclosed once the exempt portions have been redacted. *Oglesby v. Department of the Army,* 79 F.3d 1172, 1176 (D.C. Cir. 1996). This Court should grant the Commission's motion for summary judgment, because the Commission conducted a reasonable search and supplied Plaintiff with all responsive documents, redacting only exempt material, while disclosing reasonably segregable factual portions of the documents.

### 1.    The Commission Properly Withheld Materials Under Exemption 2.

Exemption 2 protects from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). The Exemption applies primarily to two categories of materials: (1) internal agency matters so routine or trivial that they could not be "subject to ... a genuine and significant public interest;" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency

11

regulations. *National Treasury Employees Union v. U.S. Customs Service,* 802 F.2d 525, 528-30 (D.C. Cir. 1986).

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). It applies to information "used for predominantly internal purposes." *Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d 1051, 1073 (D.C. Cir. 1981)(*en banc*). Information is "'predominantly internal' if it does not 'purport to regulate activities among members of the public or set standards to be followed by agency personnel in deciding whether to proceed against or take action affecting members of the public.'" *Edmonds v. Federal Bureau of Investigation,* 272 F. Supp. 2d 35, 50 (D.D.C. 2003) (quoting *Cox v. Department  of Justice,* 601 F.2d 1, 5 (D.C. Cir. 1979)). "Predominantly internal documents that deal with trivial administrative matters fall under the 'low 2' exemption." *Schiller v. NLRB,* 964 F.2d 1205, 1207 (D.C. Cir. 1992). Exemption is automatic if the material relates to trivial administrative matters of no genuine public interest. *See Founding Church of Scientology of Washington, D.C., Inc. v. Smith,* 721 F.2d 828, 830-31 n. 4 (D.C. Cir. 1983). Examples of "low 2" exempt material include "administrative markings such as file numbers, initials, signature and mail routing stamps, references to interagency transfers, and data processing references." Scherer v. Kelley, 584 F.2d 170, 175-76 (7th Cir. 1978), *cert. denied sub nom. Scherer v. Webster,* 440 U.S. 964.

The Commission withheld four pages under Exemption 2 that relate to an internal agency practice as to who has the authority to sign a document and the procedures for obtaining an authorized signature. Def. Exh A, ¶ 21; Attach. 6 to Def. Exh. A (*Vaughn* Index). The four pages consist entirely of an e-mail exchange among the staff. This is clearly an internal housekeeping matter. *Id.* The documents cannot be construed as purporting to regulate

12

activities among members of the public or set standards to be followed by the Commission in making decisions that affect the public.  Because these documents are of no genuine or significant interest to the public, the Commission properly withheld them

2.  **The Commission Properly Withheld Materials Under Exemption 5.**

Pursuant to 5 U.S.C. § 552(b)(5), the FOIA does not require that the Commission disclose "matters that are * * * inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." This exemption incorporates all the discovery privileges recognized in civil litigation, without regard to the needs of a particular plaintiff.  *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184-85 (D.C. Cir. 1987).  "[O]nly documents 'normally' or 'routinely' disclosable in civil discovery fall outside the protection of the exemption." *Id.*

Exemption 5 shields from disclosure "the deliberative process that precedes most decisions of government agencies."  *Russell v. Department of the Air Force*, 682 F.2d 1045, 1047 (D.C. Cir. 1982).  "[T]he exemption protects not only communications which are themselves deliberative in nature, but all communications which, if revealed, would expose to public view the deliberative process of an agency." *Id*. at 1048.

> There are essentially three policy bases for this privilege.  First, it protects creative debate and candid considerations of alternatives within an agency, and, thereby, improves the quality of agency policy decisions.  Second, it protects the public from the confusion that would result from premature exposure to discussions occurring before the policies affecting it had actually been settled upon.  And third, it protects the integrity of the decision-making process itself by confirming that "officials should be judged by what they decided[,] not for matters they considered before making up their minds." *Id*. (citations omitted)

The Exemption "guard[s] against disclosure of documents that suggest 'as agency position that which is as yet only personal position.'"  *Russell*, 682 F.2d at 1048, *quoting Coastal States Gas*

13

*Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).  In addition, when evaluating a claim of deliberative process privilege, courts give "considerable deference to the agency's explanation of its decisional process, due to the agency's expertise in determining 'what confidentiality is needed "to prevent injury to the quality of agency decisions," while the decisionmaking process is in progress.'"  *Pfeiffer v. CIA,* 721 F. Supp. 337, 340 (D.D.C. 1989), *quoting Chemical Manufacturers Ass'n v. CPSC*, 600 F. Supp. 114, 118 (D.D.C. 1984), in turn *quoting NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 151 (1974).

Exemption 5 also protects work product which includes documents and other memoranda prepared by an attorney in contemplation of litigation.  *See Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947); Fed. R. Civ. P. 26(b)(3) (codifying privilege in Federal Rules of Civil Procedure). This privilege protects the adversarial trial process by insulating the attorney's preparation from scrutiny.  *See Jordan v. Department of Justice*, 591 F.2d 753, 775 (D.C. Cir 1978) (*en banc*).   This protection extends to documents generated in preparation of an *amicus* brief.  *See Strang v. Collyer*, 710 F. Supp. 9, 12-13 (D.D.C. 1989), *aff'd sub nom. Strang v. DeSio*, 899 F.2d 1268 (D.C. Cir. 1990) (unpublished table decision).

The Commission's Office of Policy Planning (OPP) has primary responsibility for the FTC's competition advocacy program, through which the Commission provides advice to state and federal policy makers concerning the competitive effects of proposed legislation and regulation.  Def. Exh. A, ¶ 23.  OPP also prepares reports that focus on state restrictions on competition and works closely with the Commission's Bureau of Competition and Office of General Counsel to generate potential antitrust cases or to consider the possibility of *amicus* filings in pending court cases.  *Id*.  In all cases, the Commission must officially approve any proposed action or recommendation from OPP, or any other office, such as issuance of an

14

advocacy comment, publication of a report, filing of *amicus* brief, or filing an antitrust complaint. *Id*.

Since at least 2003, OPP has had an ongoing interest in state alcohol distribution laws because of their effect on competition in the alcoholic beverage industry. Def. Exh A, ¶ 24. OPP staff must be able to discuss and deliberate the impact of pending state legislation in order to formulate recommendations to the Commission concerning the issuance of advocacy letters to lawmakers, filing *amicus curiae* briefs, and publishing internal reports. *Id*. OPP staff analyses and opinions used in formulating recommendations to the Commission are deliberative and pre-decisional and are integral to the FTC's decision making process. *Id*. As explained below, a large portion of OPP's records have been withheld under Exemption 5.[8] *See Mapother v. Department of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993).

Sixteen of the 23 directories of the FOIAXpress database contain documents that were withheld under Exemption 5.[9] Six of the sixteen directories primarily contain OPP drafts of advocacy letters that could have potentially been submitted to the Commission as part of a recommendation concerning official issuance of the letters. Six directories contained deliberative and pre-decisional material on other topics not related to advocacy letters. Four

---

[8] Plaintiff expresses surprise that he was not provided with "meeting summaries" and that he received "minimal FTC created material of notes associated with them." Complaint, ¶¶ 11, 14. This indicates a misapprehension of Exemption 5. The materials Plaintiff seeks are inherently deliberative or constitute work product. Plaintiff seeks documents that are, on their face, properly exempt from disclosure.

[9] Six of the 23 directories were released in their entirety: "Chris Grengs-Public;" "Reports;" "Greg Luib-Believed Public;" "Inter-Agency Corr;" "Janet Evans E-mails;" and "New Hampshire Power Points." The "Consumer Complaints" directory only invoked Exemption (b)(6).

15

other directories, while deliberative and pre-decisional, also constitute work product and provide an additional basis for withholding.

Draft advocacy letters to legislators are primarily contained in the following six directories:  "Internet Wine Correspondence;" "California Beer Franchise Memo and Corre.;" "Ohio Direct Shipping Corresp.;" "Florida Direct Shipping Letter;" "Internal Drafts, Corr. regarding drafts;" and "Draft Advocacy Comments."  *See* Attachments 3 and 6 of Def. Exh. A. To further the Commission's position with respect to competition in the alcoholic beverage industry, OPP staff made several recommendations to the Commission concerning the issuance of advocacy letters to further its position with respect to competition.  In conjunction with these recommendations, OPP staff included draft letters.  Def. Exh. A, ¶ 24.  These letters were generated through a collaborative process and include revisions on paper drafts and e-mail discussions among the staff as to content.  *Id*.  The drafts are deliberative and predecisional and have been properly withheld.  In cases where the Commission authorized the issuance of the draft, the Commission provided Plaintiff with the final version of the advocacy letters, which include those sent to legislators in California, Florida, and Ohio.  *Id*.

Six directories contain a variety of deliberative and pre-decisional materials.  These include deliberations as to the appropriate content of speech to be given by an FTC employee at an industry function ("Maureen Olhausen"), staff notes taken to assist in formulation of recommendations to the Commission concerning pending legislation ("James Cooper-handwritten notes," "Janet Evans-Memos, Drafts, Other"), recommendations regarding the release of certain reports ("Chris Grengs-Memos-etc," and "Wine Report and Memos"), and staff recommendations as to providing Congressional testimony concerning interstate wine shipments ("Congressional Testimony and related memos").  *See* Attachments 3 and 6 of Def.

16

Exh. A.  Again, these were created to assist the Commission in its decision making and have been properly withheld under Exemption 5.

Withholding of the identified pages based on their pre-decisional and deliberative nature is consistent with the three policy bases for the deliberative process exemption.  First, possible release of staff views would tend to inhibit candid expression that is essential to the rulemaking process.  *See Russell*, 682 F.2d at 1048.  Second, release would promote confusion because of "the tendency of the public to assume that a memorandum generated within an agency of the government reflects the position of the agency, regardless of whether the memorandum is designated as an 'official' document."  *See id*. at 1049.  Third, withholding protects the Commission's decision-making process -- the Commission's rules should be judged by what the Commission has decided, and by the grounds it articulated in making that decision.  Indeed, even if knowing the internal workings of the Commission's decision-making process would somehow assist Plaintiff, this would not justify release because Exemption 5 is intended to shield the inner workings of the agency.  *See id*. at 1048.  The Commission properly asserted the deliberative process privilege.

In addition to deliberative and pre-decisional documents, addressed above, Exemption 5 also protects work product.  As previously mentioned, OPP, in conjunction with other Commission offices, drafts legal memoranda and makes legal recommendations concerning possible participate in pending litigation through the filing of *amicus curiae* briefs in order to further the Commission's position with respect to competition.  While these documents are pre-decisional and deliberative, staff prepared them with an eye towards litigation and they are work product.  These documents are concentrated in the following directories: "Wine Amicus

Memo;" "Internet Wine Memos etc;" "Advocacy Preliminary Research;" "Internal Memo." *See* Attachments 3 and 6 of Def. Exh. A.

The bulk of these documents concern staff legal recommendations and memoranda relating to *Granholm v. Heald.*  Def. Exh. A, ¶  25; *See Granholm v. Heald*, 544 U.S. 460, 125 S. Ct. 1885, 161 L. Ed. 2d 796 (2005).  There were numerous internal legal recommendations and memoranda within the Commission as well as an intra-agency legal memorandum submitted to the Solicitor General with respect to participation in *amicus curiae* filing.  *See* Def. Exh. A, ¶ 25. No Commission brief was filed with the Court.  *Id.*  However, all documents associated with those recommendations, as well as any associated drafts or copies, are properly withheld as work-product under Exemption 5 as they were prepared for the purposes of litigation.  *See Strang* at 12-13.

As the foregoing discussion illustrates, the Commission's withholding of the identified pages is consistent with the three policy bases for the deliberative process exemption.  The Commission's withholding of documents constituting work product is also consistent with purpose of the Exemption to include maintaining the integrity of the adversarial process.  *See Jordan* at 775.

**3**.  **The Commission Properly Withheld Materials Under Exemption 6.**

 FOIA Exemption 6 allows an agency to withhold information from "personnel and medical files and similar files" where such disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). To fall within the scope of FOIA Exemption 6, a document must satisfy the threshold requirement of being a personnel, medical, or a "similar file."  *Id.*  The Supreme Court has clarified that "information which applies to a particular individual" falls under the protection of FOIA Exemption 6, with the key concern being

"whether release of the information would constitute a clearly unwanted invasion of that person's privacy," rather than the nature of the files. *Department of State v. Washington Post Co.,* 456 U.S. 595, 599, 602 (1982). If a substantial privacy interest is at stake, the court must weigh that privacy interest in non-disclosure against the public interest in the release of the records to determine whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy. *National Association of Retired Federal Employees (NARFE) v. Horner*, 879 F.2d 873, 874-75, citing to *Ripskis v. Department of Housing and Urban Development,* 746 F.2d 1, 3 (D.C. Cir. 1984).

The Supreme Court has stated that the public interest in FOIA cases is measured by information which "sheds light on an agency's performance of its statutory duties." *See Department of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 773, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (noting that the public interest in disclosure "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct").

In this case, the Commission released the consumer complaints and under Exemption 6 only withheld the names, addresses, and telephone numbers of the complaining consumers. Consumers have an expectation that the Commission will protect their personal information when making a complaint. *See The Lakin Law Firm v. FTC*, 352 F.3d 1122 - 23 (7th Cir. 2003) (finding in a FOIA case seeking the personal identifiers of consumers contained in the Consumer Sentinel database that "[w]hen people feel so strongly about something that they actually complain about it to a federal agency, they probably think their names and addresses will not be released"). Release of such information can shed no light on how the Commission performs its mission, and Plaintiff cannot articulate any reason as to why release of this information would

19

benefit the public.  Releasing the personal information of consumers could result in an intrusion

on the privacy of complaining consumers.  The Commission, therefore, properly invoked the

Exemption since "[e]ven a modest privacy interest outweighs nothing every time."  *See*

*Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir 2005).

### 4.  The Commission Redacted All Reasonably Segregable Portions of Exempt Documents.

"Any reasonably segregable portion of a record shall be provided to any person

requesting such record after deletion of the portions which are exempt" from disclosure under

the FOIA.  5 U.S.C. § 552(b).  Any "reasonably segregable" information must be disclosed after

deletion of the exempt information unless the non-exempt portions are "inextricably intertwined

with exempt portions."  5 U.S.C. § 552(b); *Mead Data Center, Inc. v. Department of the Air*

*Force,* 566 F.2d 242, 260 (D.C. Cir. 1977).  This Circuit has held that a District Court

considering a FOIA  action has "an affirmative duty to consider the segregability issue *sua*

*sponte*."  *Trans-Pacific Policing Agreement v. U.S. Customs Service,* 177 F.3d 1022, 1028 (D.C.

Cir. 1999).

To demonstrate that all reasonably segregable material has been released, the agency

must provide a "detailed justification" rather than "conclusory statements."  *Mead Data,* 566

F.2d at 261.  All that is required is that the government show "with 'reasonable specificity'" why

a document cannot be further segregated.  *Armstrong v. Executive Office of the President,* 97

F.3d 575, 578-79 (D.C. Cir. 1996) (citations omitted).  Moreover, the agency is not required to

"commit significant time and resources to the separation of disjointed words, phrases, or even

sentences which taken separately or together have minimal or no information content." *Mead*

20

*Data,* 566 F.2d at 261 n. 55.  As evidenced by  Ms. Fina's declaration and the associated *Vaughn*

index, the Commission complied with this mandate.  *See* Def. Exh. A, ¶¶ 13, 27-28.

a.  <u>Segregability After Application of Exemption 2</u>.  The e-mail containing internal

Commission policies concerning the authority to sign a document is properly exempt from

disclosure under 5 U.S.C. § 552(b)(2).  *See* ¶ C.1, *supra*.  As Ms. Fina's declaration states, the e-

mails contain no information except for the discussion as to who had the authority to sign a

particular document.  Def. Exh. A, ¶¶ 21, 28.  Accordingly, the Commission properly withheld

the pages.

b.  <u>Segregability After Application of Exemption 5</u>.  The Commission's FOIA staff also

reviewed each page withheld under Exemption 5 for releasable material, and in instances where

staff attorneys penned notes on otherwise public documents, such as maps, articles, and cases

from legal reporters, the Commission determined to withhold only the hand-written notes of its

staff, which were taken to aid in their deliberation and ultimate recommendations to the

Commission.  *See* Def. Exh. A, ¶ 28; Attach. 6 to Def. Exh. A ("Maureen Olhausen," p. 196;

"Wine Amicus Memo,"  pp. 24, 33, 54-59, 284-285, 287, 289-290, 293; "Congressional

Testimony and related memos," pp. 1, 17; "Ohio Direct Shipping Corresp.," p. 25; and "Janet

Evans Memos, Drafts, Other," p. 53).  However, the majority of the withheld deliberative and

work product documents were not segregable because their factual content was inextricably

intertwined with the staff's legal analysis, recommendations and deliberations.  Def. Exh. A, ¶

28.  As Ms. Fina's declaration shows, revelation of any undisclosed content would necessarily

reveal the accompanying analysis or betray the staff's thought processes or the manner in which

they weighed and considered the facts.  *Id*.

c. <u>Segregability After Application of Exemption 6</u>.  Except for personal information of individual consumers, which were withheld under Exemption 6, the Commission released the full text of all responsive documents contained in the "Consumer Complaints" database.  Def. Exh. A. ¶¶ 26 – 28.   Accordingly, Plaintiff has no basis for any argument that the Commission failed to release all segregable factual portions of the approximately 300 pages of responsive consumer complaints.

Based on the above, as well as Ms. Fina's declaration and the Commission's *Vaughn* index, it is clear that the Commission considered each page of the exempt documents to assess whether portions of the document were releasable.  Accordingly, the Commission fully complied with its obligation to consider the segregability of material contained in the documents requested by Plaintiff and as required by the FOIA.  *See Schiller v. NLRB* , 964 F.2d 1205, 1210 (D.C. Cir. 1992).

## **CONCLUSION**

For the reasons set forth above, this Court should grant the Commission's Motion for Summary Judgment.

Date: August 16, 2007

Respectfully Submitted,


/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____

Of Counsel:                          BEVERLY M. RUSSELL, D.C. Bar #454257
WILLIAM BLUMENTAHL                   Assistant United States Attorney
General Counsel                      U.S. Attorney's Office for the District
                                       of Columbia, Civil Division
JOHN F. DALY                         555 4th Street, N.W., Rm. E-4915
Deputy General Counsel for Litigation Washington, D.C. 20530
                                     Ph:  (202) 307-0492
DAVID C. SHONKA                      Fax: (202) 514-8780
Assistant General Counsel for Litigation E-Mail: beverly.russell@usdoj.gov

23

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing ***Defendant's Motion for Summary Judgment*** was served upon

Plaintiff by the Court's Electronic Case Filing System, to:

John E. Drury
Law Offices of John E. Drury, PC
1900 L Street, N.W., Suite 303
Washington, D.C.  20036
jedrury@aol.com

on this <u>16th</u> day of August, 2007.


                    /s/ Beverly M. Russell

                    _____

                    BEVERLY M. RUSSELL
                    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARTER, FULLERTON & HAYES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-01041(RCL) |
| | ) | |
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FEDERAL TRADE COMMISSION'S
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Rule 56.1 of the Rules of this Court, and in support of its Motion for

Summary Judgment, Defendant Federal Trade Commission ("FTC" or "Commission") hereby

submits the following list of material facts that are not in dispute:

1. Plaintiff submitted its FOIA request to Defendant by e-mail dated October 13, 2006. Defense

   Exhibit ("Def. Exh.") A, ¶ 6.   Plaintiff's request was received by Defendants and assigned

   case number FOIA-2007-00067.  *Id.*

2. Plaintiff's request sought copies of "all documents. . . relating to malt beverages; malt

   beverage manufacturers; and distilled spirits wholesalers/distributors; malt beverage, wine

   and distilled spirits retailers; any organizations representing the aforementioned; and any

   entity communicating with FTC or any division thereof . . . on any aspect of the regulation of

   alcohol from January 2002 to present." Plaintiff explained, however, that "[c]orrespondence

   solely relating to FTC regulation of alcohol advertising is exempt from this request."  Def.

   Exh. A, ¶ 7.

3.  Ms. Joan Fina, an FTC attorney, administers the Commission's programs established pursuant to the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") and the Privacy Act ("PA"), 5 U.S.C. § 552a. Def. Exh. A, ¶ 1.

4.  The FTC determined that responsive documents might be found within the Commission's Office of Policy Planning, the Bureau of Consumer Protection, and the Records and Filings Office to locate responsive documents. Def. Exh. A, ¶ 8. Each of these identified sub-elements of the Commission has a FOIA coordinator. *Id*. at ¶ 9. Each FOIA coordinator is responsible for collecting the records from his or her respective organization and providing them to the FOIA office. *Id*. Commission staff provided each of the coordinators with a copy of the FOIA request with instructions to return any responsive documents to the FOIA office. *Id*. The Records and Filing Office had no responsive documents. *Id*. at ¶ 10. The Office of Policy Planning provided the vast majority of the responsive documents. *Id*. The Advertising Practices group located within the Bureau of Consumer Protection (BCP) also provided documents. *Id*. No other organizations were identified as possibly having responsive documents. Commission staff also located responsive documents within the Commission's electronic databases. *Id*.

5.  All collected documents were loaded into a FOIAXpress database. Def. Exh. A, ¶ 11. FOIAXpress is a web-based, fully integrated, comprehensive system for receiving and processing FOIA requests and allows the Commission to electronically manage workflow from initial receipt of a request through final delivery of a response to the requestor. *Id*. at ¶ 4. The database associated with FOIA request number 2007-00067 comprised 23 distinct directories within the FOIAXpress database. *Id*. at ¶ 11.

6. FTC FOIA staff reviewed each of the responsive pages to determine whether it was exempt

from disclosure under the FOIA, either in whole or in part. Def. Exh. A, ¶ 13. The

Commission gathered approximately 6200 pages of documents in response to Plaintiff's

FOIA request of which approximately 5200 were responsive. *Id.* at ¶ 19. The Commission

produced approximately 4000 pages to Plaintiff, albeit with some redactions. *Id.*

7.  Because of the number of documents and the method in which they were reviewed, i.e.

directory by directory, the Commission, after review by a supervisory FOIA attorney,

responded to Plaintiff's requests in rolling fashion:

   i.  December 13, 2006. The Commission reviewed the following directories in making
this response:  "Consumer Complaints"  (305 of 1298 pages were responsive); "Chris Grengs-
Public" (131 pages); "Greg Luib – Believed Public" (1271 pages).  Of a total of 1707 responsive
pages that were reviewed, 1402 pages were disclosed in full, and 305 pages were partially
disclosed (redacted under exemption (b)(6) (consumer complaints));

   ii.  January 11, 2007. The Commission reviewed the following directories in making
this response: "James Cooper –Handwritten Notes" (5 pages); "Chris Grengs-Memos" (134
pages); "Maureen Ohlhausen" (227 pages); "Reports" (604 pages).  Of a total of 970 pages that
were reviewed, 800 pages were disclosed in full, 3 pages were partially disclosed (redacted
under exemption (b)(5)), and 167 pages were exempt from disclosure (withheld under exemption
(b)(5));

   iii.  February 5, 2007.  I The Commission reviewed the following directories in making
this response:  "Wine Report and Memos" (208 pages); "Wine Amicus Memo" (302 pages);
"Internet Wine Memo" (23 Pages); and "Internet Wine Correspondence" (400 pages).  Of a total
of 933 pages that were reviewed, 768 pages were disclosed in full, 152 pages were exempt from
disclosure (withheld under exemption (b)(5)) and (b)(2)), 11 pages were non-responsive, and 2
pages were duplicates.

   iv.  March 2, 2007 The Commission reviewed the following directories in making this
response:  "Congress Testimony" (96 pages); "California Beer Franchise" (103 pages); "Ohio
Direct Shipping" (47 pages); "Florida Direct Shipping" (42 pages); "New Hampshire Power
Point" (339 pages).  Of a total of 627 pages that were reviewed, 443 pages were disclosed in full,
10 pages were partially disclosed (redacted under exemption (b)(5)), 90 pages were exempt
(withheld under exemption (b)(5)), and 84 pages were duplicates.

   v.  March 13, 2007.  The Commission reviewed the following directories in making this
response: "Advocacy Preliminary Research" (40 pages); "Janet Evans Memos, Drafts, Other"

3

(94 pages); "Janet Evans E-mail) (73 pages); "Internal Drafts" (656 pages); "Inter-Agency Correspondence" (58 pages); "Draft Advocacy Comments (38 pages). Of a total of 959 pages that were reviewed, 208 pages were disclosed in full, 2 pages were partially disclosed (redacted under exemption (b)(5)), 713 pages were exempt (withheld under exemption (b)(5)), and 36 were duplicates. Def. Exh. A, ¶ 14.

8.   The Commission advised Plaintiff that its March 13, 2007, correspondence was a final response and that Plaintiff had a right to appeal the determinations with the Office of General Counsel. Def. Exh. A, ¶ 15. The General Counsel for the Commission is the individual designated to make a final agency decision on FOIA appeals. *Id*.

9.   Plaintiff filed an administrative appeal by letter dated March 26, 2007. Def. Exh. A, ¶ 16. By letter of April 26, 2007, the General Counsel granted Plaintiff's appeal as to one document but otherwise affirmed the Agency's initial decision as to the documents that were withheld, the redactions that were made, and the cited exemptions. Def. Exh. A, ¶ 17.

10. In responding to Plaintiff's Complaint, the Commission discovered 71 additional responsive pages consisting of a 2004 legal recommendation with supporting memoranda to the Solicitor General on filing an *amicus curiae* brief with the U.S. Supreme Court. Def. Exh. A, ¶ 18. The Commission notified Plaintiff by letter, dated August 8, 2007, of this discovery, and the Agency's determination as to withhold, under Exemption (b)(5), all pages except for the decision page from the Office of the Solicitor General indicating that there would be no *amicus* participation. *Id*. The Commission also released approximately twelve additional pages that had initially been withheld. *Id*. These 71 additional pages were loaded into FOIAXpress under a separate directory. *Id*. The total number of directories associated with Plaintiff's FOIA request (2007-00067) is 23. *Id*.

11. The Commission has prepared a *Vaughn* index, which cites the relied upon Exemptions and supporting rationale. Def. Exh. A, ¶ 19.

12.  The Commission evaluated each page for segregability during the initial processing of Plaintiff's request, during the course of the administrative appeal, and again during the preparation of the FTC's *Vaughn* index.  Def. Exh. A, ¶ 27.  Where a document was withheld in its entirety, the Commission determined that no meaningful, factual information could reasonably be segregated because the legal analysis and staff recommendations were inextricably intertwined with those facts.  *Id*.

13.  No factual material was releasable from the documents withheld pursuant to Exemption 2. Def. Exh. A, ¶ 28; *see id*. at ¶ 21.

14.  The Commission's FOIA staff reviewed each page withheld under Exemption 5 for releasable material.  Def. Exh. A, ¶ 28.  In instances where staff attorneys penned notes on otherwise public documents, such as maps, articles, and cases from legal reporters, the Commission determined to withhold only the hand-written notes of its staff, which were taken to aid in their deliberation and ultimate recommendations to the Commission.  *Id*.; s*ee* Attachment 6 to Def. Exh. A ("Maureen Olhausen," p. 196;  "Wine Amicus Memo,"  pp. 24, 33, 54-59, 284-285, 287, 289-290, 293; "Congressional Testimony and related memos," pp. 1, 17; "Ohio Direct Shipping Corresp.," p. 25; and "Janet Evans Memos, Drafts, Other," p. 53).

15.  The majority of the withheld documents withheld under Exemption (b)(5) were not segregable as the deliberative factual content was inextricably intertwined with the staff's legal analysis, recommendations and deliberations.  Def. Exh. A, ¶ 28.

16.  The Commission released segregable material from the Consumer Complaints database after redaction of the consumer's personal information pursuant to Exemption 6.  *Id*.; *see id* at ¶ 26.

Respectfully Submitted,


/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
| | |
|---|---|
| Of Counsel: | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| WILLIAM BLUMENTAHL | Assistant United States Attorney |
| General Counsel | U.S. Attorney's Office for the District |
| | of Columbia, Civil Division |
| JOHN F. DALY | 555 4th Street, N.W., Rm. E-4915 |
| Deputy General Counsel for Litigation | Washington, D.C. 20530 |
| | Ph:  (202) 307-0492 |
| DAVID C. SHONKA | Fax: (202) 514-8780 |
| Assistant General Counsel for Litigation | E-Mail: beverly.russell@usdoj.gov |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARTER, FULLERTON & HAYES, LLC  )
                                )
                    Plaintiff,  )
                                )
          v.                    )       Civ. Action No. 1:07CV01041 (RCL)
                                )
FEDERAL TRADE COMMISSION        )
                                )
                    Defendant.  )
_____)

## DECLARATION OF MS. JOAN FINA

I, Joan Fina, declare the following to be a true and correct statement of facts:

1.  I supervise the FOIA Unit located within the Office of the General Counsel of the Federal

Trade Commission ("Commission," or "FTC") headquartered at 600 Pennsylvania Avenue, N.W.,

Washington, D.C. 20580, and I administer the Commission's programs established pursuant to

the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") and the Privacy Act ("PA"), 5 U.S.C.

§ 552a. I have been in my current position for seven years and have been employed by the

Commission, as an attorney, for 11 years. My responsibilities include: review of FOIA/PA

requests for records located at the Commission's headquarters, its seven regional offices, and its

off-site storage facilities. I also review the case files prepared in conjunction with those requests,

the correspondence related to those requests, searches conducted in response to those requests,

and the preparation of responses to those requests to ensure that determinations to withhold or to

release records are in accord with the FOIA, the PA, and the Commission's Regulations (16

C.F.R. §4.8 – 4.11). I have the authority to release or withhold records requested under the

FOIA/PA.

1

Defense Exhibit A

2. In carrying out my responsibilities, I directly supervise the Commission employees who prepare the initial responses to FOIA/PA requests submitted to the Commission. I evaluate every FOIA/PA request received by the Commission and assign it to a staff member for processing. The assigned employee is responsible for contacting the relevant subordinate organizations within the Commission to locate responsive documents and evaluating those documents to determine which are responsive and which are exempt from release either in whole or in part. As of August 2007, I supervise eight full-time employees (including one attorney, six paralegals, and one program assistant).

3. I am familiar with the procedures followed by this office in responding to the FOIA request that is the subject of the current Complaint and that Plaintiff, Carter, Fullerton & Hayes, LLC., submitted to the Commission. The statements I make in this declaration are based on my review of the official files and records of the Commission, my personal knowledge, or on the basis of information acquired through the performance of my official duties.

OVERVIEW OF FOIA PROCESSING
AT THE COMMISSION

4. The FTC FOIA program operates in an all electronic environment, which means that all FOIA requests, from receipt of the initial request through the final decision, are processed electronically. To accomplish this, the Commission uses FOIAXpress, which is a web-based FOIA tracking system. This software allows the Commission to electronically store, retrieve, redact, and print documents for delivery to FOIA requestors. FOIAXpress is a database capable of managing workflow from initial receipt to completion of case processing. It is capable of tracking and reporting workflow, statistics, and correspondence, as well as generating fee

2

Defense Exhibit A

calculations and invoices. It tracks all cases as they move through the system from original request to final delivery of a response. FOIAXpress is a fully integrated, comprehensive system for receiving and processing FOIA requests in accordance with statutory regulations governing public access to government information.

5.  When the Commission receives a FOIA request, it is immediately scanned or downloaded into FOIAXpress and then reviewed either by me or the attorney I supervise. Upon review of the request, I assign it to one of the FOIA paralegals. The assigned paralegal conducts a search of the Commission's records systems to include the Matter Management Systems (MMS) database to determine whether particular offices or staff sections have dealt with the matters relevant to the FOIA request. Based on that search, as well as the staff's knowledge of and experience with the Commission, we also determine whether other offices within the Commission are likely to possess responsive documents. The paralegal then sends a formal request to an officially designated FOIA contact person in each office, who then collects the materials resident within that office and forwards them to the assigned FOIA paralegal. Our procedure is to load all responsive records into a FOIAXpress electronic case file. Paper records are scanned and electronic records are uploaded into the database. Once the files are loaded into the FOIAXpress electronic case file, the assigned paralegal reviews each page of each record, makes any appropriate redaction, drafts a response to the FOIA request, and notifies me electronically when the materials are ready for review. All FOIA responses are reviewed by me before they are released over my signature. In my absence, the materials and response are reviewed by my supervisor, Mr. David Shonka, who is the Agency's Chief FOIA Officer under Executive Order 13392.

3

Defense Exhibit A

<u>FOIA REQUEST 2007-00067</u>

6.  Plaintiff submitted its FOIA request by e-mail dated October 13, 2006. A true and correct

copy of that request is attached. Attachment 1.  By letter of October 20, 2006, my office notified

Plaintiff that its request had been received and was assigned case number FOIA-2007-00067.

7.  Plaintiff's request sought copies of "all documents. . . relating to malt beverages; malt

beverage manufacturers; and distilled spirits wholesalers/distributors; malt beverage, wine and

distilled spirits retailers; any organizations representing the aforementioned; and any entity

communicating with FTC or any division thereof . . . on any aspect of the regulation of alcohol

from January 2002 to present." Plaintiff explained, however, that "[c]orrespondence solely

relating to FTC regulation of alcohol advertising is exempt from this request." *Id.*

8.  On October 20, 2006, after reviewing Plaintiff's original request, I assigned a member of the

staff to acknowledge the request and subsequently assigned Ms. Lauren Marasco, a FOIA

paralegal specialist, to process the request.  Ms. Marasco is no longer employed by the Agency.

Ms. Marasco likely reviewed the Agency's MMS.  Based on this review, as well as my

experience with the Commission, knowledge of the functions and responsibilities of the various

organizations within the Commission, and the subject matter of the request, I directed Ms.

Marasco to contact the Agency's Office of Policy Planning, the Bureau of Consumer Protection,

and the Records and Filings Office (responsible for all record management at the Commission) to

try and locate responsive documents.

9.  Each of these identified sub-elements of the Commission has a FOIA coordinator. Each

FOIA coordinator is responsible for collecting the records from his or her respective organization

4

Defense Exhibit A

and providing them to the FOIA office. Ms. Marasco provided each of the coordinators with a copy of the FOIA request with instructions to return any responsive documents to her. The coordinators are also responsible for notifying the FOIA office if other divisions might have responsive records so that they may also be queried.

10. The Records and Filing Office had no responsive documents. The Office of Policy Planning provided the vast majority of the responsive documents. The Advertising Practices group located within the Bureau of Consumer Protection (BCP) also provided documents. The number of BCP documents was dramatically reduced after Plaintiff's modification of the request "to exclude documents related to FTC's jurisdiction over alcohol advertising." I confirmed this modification with Plaintiff's representative, Mr. John Carter, in a telephone conversation on November 13, 2006, and was memorialized by letter dated November 16, 2006, from me to Plaintiff. A true and correct copy of that modification letter is attached. Attachment 2. No other organizations were identified as possibly having responsive documents.

11. Because of the nature of the request, Ms. Marasco also queried the Commission's consumer complaints database known as "Consumer Sentinel" to identify documents that might be responsive.[1] Consistent with established FTC FOIA program procedures, Ms. Marasco loaded all collected documents into a FOIAXpress database, which originally had 22 distinct directories. An additional directory was later added, which brought the total to 23. (*See* ¶ 18, *infra*). A true and correct depiction of the directories is included with this declaration and provides a visual aid

---

[1] Consumer Sentinel is a consumer fraud database accessible to law enforcement officials and shared with law enforcement partners in the United States and abroad. Public and private organizations contribute complaints to the database in an effort to combat illegal activities. *See* www.consumer.gov/sentinel/about/htm.

Defense Exhibit A

to the structure of the database. Attachment 3. The number of individual pages within each of the directories is indicated numerically in brackets beside each of the directories.

12. The directory with the largest number of documents is entitled "Consumer Complaints," and consists of 1298 documents from the Consumer Sentinel database. Ms. Marasco's review of these documents showed that a large number of the complaints were not responsive to the request. The non-responsive documents were not identified or provided to the Plaintiff. However, they have been retained in the FOIAXpress database.

13. Ms. Marasco personally reviewed each of the responsive documents. She made a preliminary determination as to whether each page of each document, or any portion thereof, was exempt from disclosure under the FOIA.

14. Because of the number of documents and the method in which they were reviewed, the Commission provided the materials in rolling fashion in five separate batches on five different dates. Based on Ms. Marasco's recommendations and after review by me or, in my absence, Mr. David Shonka, the Commission partially granted and denied Plaintiff's request. In preparing this declaration, I reviewed the entire file related to Plaintiff's request, which revealed the following:[2]

   i. December 13, 2006. In reviewing the file concerning the December 13, 2006, response to Plaintiff's FOIA request, I determined that the following directories were reviewed: "Consumer Complaints" (305 of 1298 pages were responsive); "Chris Grengs-Public" (131 pages); "Greg Luib – Believed Public" (1271 pages). Of a total of 1707 responsive pages that were reviewed, 1402 pages were disclosed in full, and 305 pages were partially disclosed (redacted under exemption (b)(6) (consumer complaints));

---

[2] The numbers contained in the various cover letters sent to Plaintiff may vary slightly from those listed in this declaration either because of clerical mistakes, inclusion of duplicates in the numbers of released documents, or simple arithmetical errors.

6

Defense Exhibit A

ii. January 11, 2007. In reviewing the file concerning the January 11, 2007, response to Plaintiff's FOIA request, I determined that the following directories were reviewed: "James Cooper –Handwritten Notes" (5 pages); "Chris Grengs-Memos" (134 pages); "Maureen Ohlhausen" (227 pages); "Reports" (604 pages). Of a total of 970 pages that were reviewed, 800 pages were disclosed in full, 3 pages were partially disclosed (redacted under exemption (b)(5)), and 167 pages were exempt from disclosure (withheld under exemption (b)(5));

iii. February 5, 2007. In reviewing the file concerning the February 5, 2007, response to Plaintiff's FOIA request, I determined that the following directories were reviewed: "Wine Report and Memos" (208 pages); "Wine Amicus Memo" (302 pages); "Internet Wine Memo" (23 Pages); and "Internet Wine Correspondence" (400 pages). Of a total of 933 pages that were reviewed, 768 pages were disclosed in full, 152 pages were exempt from disclosure (withheld under exemption (b)(5)) and (b)(2)), 11 pages were non-responsive, and 2 pages were duplicates.

iv. March 2, 2007. In reviewing the file concerning the March 2, 2007, response to Plaintiff's FOIA request, I determined that the following directories were reviewed: "Congress Testimony" (96 pages); "California Beer Franchise" (103 pages); "Ohio Direct Shipping" (47 pages); "Florida Direct Shipping" (42 pages); "New Hampshire Power Point" (339 pages). Of a total of 627 pages that were reviewed, 443 pages were disclosed in full, 10 pages were partially disclosed (redacted under exemption (b)(5)), 90 pages were exempt (withheld under exemption (b)(5)), and 84 pages were duplicates.

v. March 13, 2007. In reviewing the file concerning the March 13, 2007, response to Plaintiff's FOIA request, I determined that the following directories were reviewed: "Advocacy Preliminary Research" (40 pages); "Janet Evans Memos, Drafts, Other" (94 pages); "Janet Evans E-mail) (73 pages); "Internal Drafts" (656 pages); "Inter-Agency Correspondence" (58 pages); "Draft Advocacy Comments (38 pages). Of a total of 959 pages that were reviewed, 208 pages were disclosed in full, 2 pages were partially disclosed (redacted under exemption (b)(5)), 713 pages were exempt (withheld under exemption (b)(5)), and 36 were duplicates.

15. In responding to Plaintiff's request, the Commission invoked FOIA Exemptions 5 U.S.C. § 552 (b)(2), (b)(5), and (b)(6). The March 13, 2007, letter advised Plaintiff that this was the final response to the FOIA request and that Plaintiff had a right to appeal the determinations with the Office of General Counsel. The General Counsel for the Commission is the individual designated to make a final agency decision on FOIA appeals.

16. Plaintiff filed an administrative appeal with the Commission by letter dated March 26, 2007, which the Commission received on April 3, 2007. A true and correct copy of that appeal is

Defense Exhibit A

attached. Attachment 4. In this appeal, Plaintiff contended that the Commission improperly

withheld materials, improperly redacted materials, and sought a fee waiver based on an unnamed

client's non-profit status. *Id*.

17. By letter of April 26, 2007, the General Counsel granted Plaintiff's appeal as to one

document but otherwise affirmed the Agency's initial decision as to the documents that were

withheld, the redactions that were made, and the cited exemptions. A true and correct copy of

that decision is attached. Attachment 5. The General Counsel also denied Plaintiff's request for

a fee waiver noting that Plaintiff had provided insufficient information to determine that there

was sufficient public interest to warrant such a waiver.

18. In responding to Plaintiff's Complaint, the Commission discovered 71 additional responsive

pages consisting of a 2004 recommendation to the Solicitor General on filing an *amicus curiae*

brief with the U.S. Supreme Court on three consolidated cases concerning the constitutionality of

individual states prohibiting out-of-state winery shipments directly to consumers. All pages,

except one, are exempt from disclosure under Exemption (b)(5). The one page that is releasable

is the decision page from the Office of the Solicitor General that there would be no *amicus*

participation. To complete the case file for FOIA No. 2007-00067, these documents were loaded

into FOIAXpress under a separate directory, which brings the total number of directories

associated with Plaintiff's FOIA request to 23. Plaintiff has been notified via separate

correspondence, dated August 8, 2007, of this discovery, and the Agency's determination as to

releasability.[3] (*See* ¶ 11, *supra*).

---

[3] The Commission also determined that approximately twelve additional pages that had initially
been withheld or redacted, were releasable in their entirety. These were also included in the
submission to the Plaintiff.

8

Defense Exhibit A

19.  In sum, of the approximately 6200 pages of documents that were gathered, approximately

5200 were responsive to Plaintiff's request.  Approximately 4000 pages were produced to

Plaintiff, albeit with some redactions under 5 U.S.C. § 552(b)(2) ("Exemption 2") (emails

"related solely to the internal personnel rules and practice of the agency"), 5 U.S.C. § 552(b)(5)

("Exemption 5") (work product, and internal memoranda drafts, notes, and other deliberative and

pre-decisional materials), and 5 U.S.C. § 552(b)(6) ("Exemption 6") (personally identifying

information contained in  consumer complaints).  These pages and the bases for their respective

withholdings are fully described in the *Vaughn* Index, which is included with this declaration as

Attachment  6.

COMMISSION'S JUSTIFICATION
FOR ITS NON-DISCLOSURES UNDER THE FOIA

EXEMPTION 5 U.S.C. 552 Section (b)(2)

20.  Exemption (b)(2) of the FOIA protects from mandatory disclosure documents "related solely

to the internal personnel rules and practices of an agency."  Exemption (b)(2) covers two distinct

categories of records, depending upon whether the records fall into the "high" (b)(2) category or

the "low" (b)(2) category.  The Commission did not withhold any document under "high" (b)(2).

Exemption "low" (b)(2) of the FOIA protects from disclosure of internal procedures and practices

of an agency where disclosure would constitute an administrative burden unjustified by any

genuine and significant public benefit.  Information can be protected through the use of "low"

(b)(2) only if the information qualifies as a personnel rule or internal practice of an agency or is

sufficiently related to such a rule or practice.  Thus, trivial administrative data, such as file

numbers, mail routing stamps, initials, data processing notations, brief references to previous

9

Defense Exhibit A

communications, and other like administrative markings are exempt from disclosure.

21. In this case the FTC has claimed an Exemption "low" (b)(2) to a March 2004 e-mail chain consisting of four pages between various staff members regarding the need and procedure to obtain an original signature for a certain "Wine Letter" to New York State legislators. This qualifies as an internal agency practice or rule that can be of no benefit to the public. The Commission's application of the Exemption (b)(2) is detailed in the attached *Vaughn* Index and incorporated herein.

## EXEMPTION 5 U.S.C. Section 552(b)(5)

22. Exemption (b)(5) of the FOIA exempts from disclosure privileged documents, which are not ordinarily available to a party in litigation. The three primary privileges most frequently invoked in applying this exemption are: work-product, deliberative process, and attorney-client privilege. The Commission placed primary reliance on the work product and deliberative process aspect of the (b)(5) exemption and used it extensively in connection with the documents provided by the Commission's Office of Policy and Planning (OPP).

23. The Office of Policy Planning (OPP) has primary responsibility for the FTC's competition advocacy program, through which the Commission provides advice to state and federal policy makers concerning the competitive effects of proposed legislation and regulation. OPP also prepares reports that focus on state restrictions on competition and works closely with the Commission's Bureau of Competition and the Office of General Counsel to generate potential antitrust cases or to consider the possibility of *amicus* filing in pending court cases. Before the formal issuance of an FTC comment, report, or antitrust complaint or the filing of an *amicus*

10

Defense Exhibit A

brief, the Commission must formally approve the issuance or filing.

24. Since at least 2003, OPP has had an ongoing interest in state alcohol distribution laws. This interest stems from the fact that such laws may affect competition in the alcoholic beverage industry. OPP routinely discusses and deliberates the impact of pending state legislation in order to formulate recommendations to the Commission concerning the issuance of advocacy letters to lawmakers on a variety of topics relating to the alcoholic beverage industry. OPP staff analyses and opinions used in formulating recommendations to the Commission to take official action are deliberative and pre-decisional and are an integral part of the FTC's decision making process. Draft advocacy letters comprise a large portion of the withheld documents. Given their deliberative nature and the fact that they are pre-decisional, they are exempt from disclosure under Exemption (b)(5). However, once the Commission authorizes issuance of a draft advocacy letter, it becomes final and is releasable. The Commission released the final versions of responsive advocacy letters to the requestor. *See* Attachment 6, "California Beer Franchise Memo and Corre.," pp. 47-55; "Ohio Direct Shipping Corresp.," pp. 14-24; and "Florida Direct Shipping Letter," pp. 27-38.

25. The Commission used a similar rationale for applying Exemption (b)(5) to other documents that were deliberative or pre-decisional. The Commission also invoked the exemption to protect work product. In particular, staff attorneys of the Commission authored legal recommendations and memoranda with respect to the possible filing of *amicus curiae* briefs for possible submission to the courts in *Granholm v. Heald* and related cases. However, no briefs were ever submitted and any memoranda, briefs, copies, or preliminary drafts are properly withheld under the work-product aspect of Exemption (b)(5). The Commission's application of Exemption

11

Defense Exhibit A

(b)(5) is detailed in the attached *Vaughn* Index and incorporated herein.

EXEMPTION 5 U.S.C. Section 552(b)(6)

26.  Complaints filed by consumers are maintained in the FTC's consumer complaints database
known as "Consumer Sentinel." In providing complaints to the FTC, consumers routinely
provide their home address, and other identifying information. Exemption (b)(6) of the FOIA
permits the withholding of personal information, which if disclosed would constitute a clearly
unwarranted invasion of personal privacy. The Supreme Court broadly interpreted this
exemption so as to qualify all information pertaining to a particular individual. Where names
and identifying information pertaining to persons whose right to personal privacy outweighed the
public's right to know, the FTC deleted that information before releasing the consumer
complaint. Release of this information would constitute a clearly unwanted invasion of the
personal privacy of individual complainants in a manner that could subject such individuals to
harassment. Release of the identities of individuals and their addresses would not serve any
public interest, for purposes of applying Exemption 6, because it would not assist the public in
ascertaining how the Commission, or any other Federal agency, is performing its functions.
Accordingly, the FTC concluded that the individuals' right to privacy outweighed the public's
interest in seeing personally identifying information. *See The Lakin Law Firm v. FTC*, 352 F.3d
1122 (7th Cir. 2003). The FTC asserted Exemption (b)(6) to protect those privacy interests as
detailed in the *Vaughn* Index attached hereto and incorporated herein.

*VAUGHN* INDEX - SEGREGABILITY

27.  The *Vaughn* Index attached to this declaration describes with particularity each document

12

Defense Exhibit A

and  all meaningful information contained therein.  Each page of each document was evaluated

for segregability during the initial processing of Plaintiff's request, during the course of the

administrative appeal, and again during the preparation of the attached *Vaughn* Index.  Where a

document was withheld in its entirety, the Commission determined that no meaningful, factual

information could reasonably be segregated because the legal analysis and staff recommendations

were inextricably intertwined with those facts.

28.  As already discussed, the Commission released segregable material from the Consumer

Complaints database after redaction of the consumer's personal information pursuant to

Exemption 6.  The Agency's FOIA staff also reviewed each page withheld under Exemption 5

for releasable material, but the vast majority of the withheld documents were not segregable as

the deliberative factual content was inextricably intertwined with the staff's legal analysis,

recommendations and deliberations.  Revelation of any factual content would necessarily reveal

the accompanying analysis or betray the staff's thought processes or the manner in which they

weighed and considered the facts.  However, there were some exceptions where staff attorney's

penned notes on otherwise public documents, such as maps, articles, and cases from legal

reporters.  While disclosure of even these public documents might provide some insight into the

Agency's decision making processes and are, therefore, properly withheld in their entirety, the

Commission determined to withhold only the hand-written notes of its staff, which were taken to

aid in their deliberation and used to make an ultimate recommendation to the Commission.  *See*

Attachment 6 ("Maureen Olhausen," p. 196;  "Wine Amicus Memo,"  pp. 24, 33, 54-59, 284-

285, 287, 289-290, 293; "Congressional Testimony and related memos," pp. 1, 17; "Ohio Direct

Shipping Corresp.," p. 25; and "Janet Evans Memos, Drafts, Other," p. 53).  No factual material

13

Defense Exhibit A

was releasable from the documents withheld pursuant to Exemption 2.

"I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on August 9th, 2007 in the Washington, D.C.

Joan Fina
Supervisory Attorney,
Federal Trade Commission

14

Defense Exhibit A

**Krouse, Troy**

| | |
|---|---|
| **From:** | Jlaughlinc@aol.com |
| **Posted At:** | Friday, October 13, 2006 2:57 PM |
| **Conversation:** | FOIA Request |
| **Posted To:** | FOIA |
| **Subject:** | FOIA Request |

October 13, 2006

**Sent Electronically and Via U.S. First Class Mail:**
Consumer Response Center
Federal Trade Commission
Room 130
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

FOIA@FTC.GOV
Dear Sir/Madam:

This is a request under the Freedom of Information Act.

I request that copies of all documents in your possession relating to malt beverages; malt beverage manufacturers; malt beverage wholesalers/distributors; wine and distilled spirits manufacturers; wine and distilled spirits wholesalers/distributors; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with FTC or any division or office thereof, including without limitation the FTC's Bureaus of Competition, Economics, General Counsel and/or and the FTC's Office of Policy and Planning (hereinafter FTC)on any aspect of the regulation of alcohol from January 2002 to present. **"Document"** means the original and any copy of any written, typed, printed, recorded, electronic, or graphic matter of any kind, however produced or reproduced, including, but not limited to, letters or other correspondence, invoices, telegrams, memorials of telephone conversations or meetings, intra-office communications, electronic mail, advertisements, sales literature, memoranda, reports, summaries, tabulations, records, work papers, studies, cost sheets, financial reports, photographs, motion picture films, tape recordings, microfilm, other data compilations, including computer data, from which information can be obtained or translated into usable form.

Correspondence solely related to FTC regulation of alcohol advertising is exempt from this request. I would further like all documents from any entity outside of FTC communicating/ requesting/ discussing/ alerting/ identifying an action/ investigation/ research by the Office of Policy and Planning and/or Bureau of Competition on alcohol related matters as well as all documents and records from the FTC in response to these inquiries. Do not include material that is already publicly available on the FTC website. I would also like all FTC documents related to any communications with other federal and state agencies regarding the regulation of alcohol, the legal justification for FTC jurisdiction, and protocols, if any, with other federal agencies on alcohol issues.

Consumer Response Center

10/19/2006

Attachment 1
1 of 2

Federal Trade Commission
October 13, 2006
Page Two


I represent a not for profit group and I am willing to pay fees up to $1,500 for this request.   I would
prefer these documents in an electronic format. If you expect the fees will exceed this, please contact me
before proceeding.

If you need to discuss this request, I can be reached at 703-658-7737.  Thank you for your consideration
of my request.



Sincerely yours,
Carter, Fullerton, & Hayes, LLC


     /s/


John Laughlin Carter, Esquire
Carter, Fullerton & Hayes, LLC
4115 Annandale Road
Suite 205
Annandale, Virginia 22003
(703) 658-7737 - Telephone
(703) 658-7736 – Facsimile

2 of 2



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

John Carter
Carter, Fullerton, & Hayes, LLC
4115 Annandale Rd. Suite 205
Annandale, Virginia 22003

**NOV 1 6 2006**

Re:     FOIA No. FOIA-2007-00067
        Malt Beverages

Dear Mr. John Laughlin Carter :

This letter confirms our 11/13/2006 telephone conversation concerning your Freedom of Information Act ("FOIA") request for records pertaining to Malt Beverages. In that conversation, you amended your request to exclude documents related to FTC's jurisdiciton over alcohol advertising, including documents referring or relating to the FTC's studies of alcohol advertising self-regulation, monitoring and investigation of alcohol advertising, and participation on the Interagency Coordinating Committee to Prevent Underage Drinking.

In the meantime, if you have any questions, please contact Lauren Marasco at 202-326-2183.

Sincerely,

Joan E. Fina
Attorney

Attachment 2
1 of 1



Attachment 3



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

General Counsel
William Blumenthal

April 26, 2007

Mr. John Carter
Carter, Fullerton, & Hayes, LLC
4115 Annandale Rd., Suite 205
Annandale, VA 22003

Dear Mr. Carter:

This letter responds to your March 26, 2007 letter appealing Ms. Joan Fina's partial denial of your October 13, 2006 request for access to documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, amended by telephone conversation with Ms. Fina on November 13, 2006. In your request, you sought access to "copies of any documents . . . relating to malt beverages; malt beverage manufacturers; and distilled spirits wholesalers/distributers; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with FTC or any division thereof . . . on any aspect of the regulation of alcohol from January 2002 to present." Ms. Fina partially granted your request, while withholding certain portions of the responsive materials on the grounds that such information was exempt from disclosure under 5 U.S.C. § 552(b)(2), (b)(5), and (b)(6).

I am partially granting your appeal. One document that was withheld under 5 U.S.C. § 552(b)(2) as relating solely to internal agency rules and practices does contain material of some public interest. As such, that document is attached to this letter.

Otherwise, I am denying the remainder of your appeal. As a threshold matter, the FTC is under no obligation to provide you with a "Vaughn Index" at this time. Rather, such a document may be required to assist a federal district court during a litigation to determine the propriety of an agency's claimed exemptions. *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 149 n.2 (1989); *Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir. 1973).

Further, the remaining materials were properly withheld. The four other pages of materials exempt under 5 U.S.C. § 552(b)(2) clearly involve internal rules and practices that are of no genuine public interest. Such trivial administrative materials are automatically exempt under the FOIA from disclosure. *Founding Church of Scientology v. Smith*, 721 F.2d 828, 831 n.4 (D.C. Cir. 1983). In addition, the materials withheld under 5 U.S.C. § 552(b)(5) include

Attachment 4
1 /3

internal notes, draft documents, and other deliberative and pre-decisional materials that are integral to the agency's decision making process. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-54 (1975). No meaningful factual information can be reasonably segregated from these deliberative materials; therefore, the factual matters are exempt from the FOIA as well for revealing the FTC's deliberative process. *Wolfe v. Department of HHS*, 839 F.2d 768, 774-75 (D.C. Cir. 1988); *Montrose Chem. Corp. v. Train*, 491 F.2d 63, 71 (D.C. Cir. 1974). Also, the materials withheld pursuant to 5 U.S.C. § 552(b)(6) constitute personally identifiable information, including consumer names and contact information, disclosure of which would constitute a clearly unwarranted invasion of personal privacy. *Department of Def. v. Federal Labor Relations Auth.*, 510 U.S. 487, 497 (1994); *Lakin Law Firm, PC v. FTC*, 352 F.3d 1122 (7th Cir. 2003); *National Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974). Accordingly, these materials are exempt from disclosure under the FOIA pursuant to the provisions referenced in Ms. Fina's letter and above.

I am additionally denying your request for a fee waiver. A fee waiver is appropriate "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 16 C.F.R. § 4.8(e). The burden is on the requester to establish this public interest requirement. *Carney v. Department of Justice*, 19 F.3d 807, 814 (2d Cir. 1994). You have not provided sufficient information regarding your client or the intended use of this information to meet this burden.

Finally, regarding your complaints about the FTC's processing of your request, there is no relief that the FTC can provide for any alleged delays at this time, nor have you identified any relief that you currently seek.

As required by the FOIA, you are hereby advised that I am the designated official responsible for denying your appeal. Judicial review of this decision may be obtained under 5 U.S.C. § 552(a)(4)(B) in a United States District Court in the district where you reside or have your principal place of business or in the District of Columbia.

Sincerely,

William Blumenthal
General Counsel

2 of 3

)(2)

Taylor, Mildred E.

| | |
|---|---|
| From: | Pierce, Diane E. |
| Sent: | Monday, March 29, 2004 3:56 PM |
| To: | Agarwal, Asheesh |
| Cc: | Cohen, William E.; Wilson, Angela; Pierce, Diane E.; Wood, Dolores A.; Clark, Donald S.; Shapiro, Howard; Plummer, C. Landis; Taylor, Mildred E.; Mitchell J. Katz; Donohue, Richard C.; Schwartzman, Jennifer |
| Subject: | V040012 - New York Wine Bill(s) |

On March 29, 2004, a motion to authorize the filing of staff comments on New York Assembly Bill 9560-A, and New York Senate Bills 6060-A and 1192, concerning the direct shipment of wine, was approved by a vote of 5-0-.

The timing of public release of this information has not yet been determined. Therefore, no one outside the Commission should be notified at this point, except that federal court filings and associated contacts with opposing counsel can be effected as necessary or appropriate. Please contact the Office of Public Affairs as soon as possible to determine when the news release describing this action will be made public.

Please contact Minutes Section, at x2521, or Donald Clark, at x2514, if you need additional information.

Diane E. Pierce
Management Information Specialist
Federal Trade Commission
Washington, D.C. 20580
202-326-2519

3 of 3

**CARTER FULLERTON & HAYES, LLC**

4115 ANNANDALE ROAD
SUITE 205
ANNANDALE, VIRGINIA 22003

TELEPHONE (703) 658-7737          FACSIMILE (703) 658-7739

E-MAIL: jlaughlinc@aol.com

FEDERAL TRADE COMMISSION
RECEIVED

APR 0 3 2007

GENERAL COUNSEL

JOHN LAUGHLIN CARTER, ESQ.
ADMITTED IN VIRGINIA

FAIR OAKS OFFICE
11781 LEE JACKSON HIGHWAY
SUITE 310
FAIRFAX, VIRGINIA 22033
(703) 273-0226

March 26, 2007

*Via: CERTIFIED MAIL-RETURN RECEIPT REQUESTED*
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20580

**FREEDOM OF INFORMATION ACT APPEAL**

Re: Malt Beverages FOIA-2007-00067

Dear FOIA Officer:

This is an appeal, concerning the Federal Trade Commission's (hereinafter the "FTC") refusal to disclose certain documents within its control and the FTC's failure to response to the above-captioned request in a timely and professional manner. The requested documents were sought in a FOIA request to the FTC dated October 13, 2007. A final response was not received by this office until March 13, 2007 and only after repeated communications and correspondence to the FTC many of which were not replied to by the FTC. The FTC's refusal to disclose the requested items violates the federal Freedom of Information Act (FOIA or Act), 5 U.S.C. § 552 et seq., as amended.

I am writing this letter on behalf of a non-profit organization that has retained Carter Fullerton & Hayes, LLC. The original FOIA request, dated October 13, 2006, the requested materials:

I request that copies of all documents in your possession relating to malt beverages; malt beverage manufacturers; malt beverage wholesalers/distributors; wine and distilled spirits manufacturers; wine and distilled spirits wholesalers/distributors; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with FTC or any division or office thereof, including without limitation the FTC's Bureaus of Competition, Economics, General Counsel and/or the FTC's Office of Policy and Planning (hereinafter FTC) on any aspect of the regulation of alcohol from January 2002 to present. "**Document**" means the original

1

Attachment 5
1 of 5

CARTER FULLERTON & HAYES, LLC

and any copy of any written, typed, printed, recorded, electronic, or graphic matter of any kind, however produced or reproduced, including, but not limited to, letters or other correspondence, invoices, telegrams, memorials of telephone conversations or meetings, intraoffice communications, electronic mail, advertisements, sales literature, memoranda, reports, summaries, tabulations, records, work papers, studies, cost sheets, financial reports, photographs, motion picture films, tape recordings, microfilm, other data compilations, including computer data, from which information can be obtained or translated into usable form.

Correspondence solely related to FTC regulation of alcohol advertising is exempt from this request. I would further like all documents from any entity outside of FTC communicating/ requesting/ discussing/ alerting/ identifying an action/ investigation/ research by the Office of Policy and Planning and/or Bureau of Competition on alcohol related matters as well as all documents and records from the FTC in response to these inquiries. Do not include material that is already publicly available on the FTC website. I would also like all FTC documents related to any communications with other federal and state agencies regarding the regulation of alcohol, the legal justification for FTC jurisdiction, and protocols, if any, with other federal agencies on alcohol issues.

In piecemeal fashion and by a letters dated: December 13, 2006, January 11, 2007, February 5, 2007, March 2, 2007, and March 13, 2007 (all response dates which of which violated FOIA's 10 day response deadline, 5 U.S.C. § 552(a)(6(A)(i), and the FTC's own FIOA guideline of 20 working day response date), the FTC has failed to provide all the requested material. The stated basis for most of this failure to disclose is exemptions 5 and 6. 5 U.S.C. § 552(b)(5) and (6).

By this letter, I am therefore making a timely appeal pursuant to in response to the FTC's denial of the FOIA request. Because my clients do not agree that the requested materials are exempt from disclosure, nor do they desire litigation, we request that the Chief FOIA Officer reverse the denial of their FOIA request and waive all associated fees. If any portions of the requested documents are withheld, the Chief should describe the deleted material in detail and specify the statutory basis for the denial as well as your reasons for believing that the alleged statutory justification applies in this instance. Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). Preparation of Vaughan index may influence my client's decision to seek further disclosure in the US District Court should the FTC continue to withhold documents. Additionally, we ask that those portions of the documents which may indeed be properly exempted from disclosure by exemption 5, should be released pursuant to the powers of discretionary release under 36 C.F.R. § 200.11(b), and 7 C.F.R. § 1.17(b).

2

2.25

CARTER FULLERTON & HAYES, LLC

To qualify for exemption 5 under the "deliberative process" privilege, a document must be both (1) "predecisional" or "antecedent to the adoption of agency policy," and (2) "deliberative," meaning "it must actually be related to the process by which agency policies are formulated." Jordan v. United States Department of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978).

I received a total of 4,017 pages when staff of the FTC initially represented in communication with the undersigned that there were over 5,000 responsive documents. (Letter dated December 13, 2006.) Yet, the production contained only 26 emails. I received no telephone logs or outlook/calendar entries and no meeting summaries. Additionally I received and was charged for 479 duplicates which is about 12% of the documents we received. There were at least 317 blank pages marked b(5). Much of what was received was documentation was that is easily accessible from public sources - court filings, state legislation, etc. One possible inference from the nature of the FTC's response is that the FTC deliberately charged my client for "filler" materials and intentionally withheld the documents which were sought.

The communications between the parties included, but are not limited to the following:

1.  10/20/2006 – FTC acknowledged receipt of the FOIA request by letter signed by Mr. Troy Krouse
2.  11/01/2006 – Voicemail message from Ms. Janet Evans of the FTC seeking a clarification of the FOIA request and requesting certain records to be excluded citing the voluminous nature of the FTC's study of self regulation of alcohol related advertising
3.  11/06/2006 – Voicemail message from John Carter to Janet Evans
4.  11/06/2006 – Voicemail from Ms. Janet Evans. Email from Janet Evans requesting a reformulation of the FOIA request
5.  11/07/2006 – Voicemail message from John Carter to Janet Evans indicating that the client would agree to the reformulation of the FOIA request at the present time and requesting a status of the FOIA request
6.  11/16/2006 – Letter from Joan Fina, Esq. of the FTC to John Carter acknowledging an amendment to the FOIA request.
7.  11/28/2006 – Voicemail message from John Carter to Lauren Marasco requesting the status of the request
8.  11/30/2006 – Voicemail message from Lauren Marasco to John Carter indicating that "the request was in the final stages of a first response which would be sent out at the beginning of next week." Ms. Marasco further represented that the first production would be approximately 1,700 out of 5,000 responsive documents
9.  12/11/2006 – Voicemail message from John Carter to Lauren Marasco requesting the status of the request
10. 12/13/2006 – Voicemail message from Lauren Marasco to John Carter indicating that the first response to the FOIA request would be sent out that afternoon.

CARTER FULLERTON & HAYES, LLC

11. 12/18/2006 – Voicemail message from John Carter to Lauren Marasco requesting the status of the request
12. 12/19/2006 - Voicemail message from John Carter to Lauren Marasco requesting the status of the request
13. 12/19/2006 - Voicemail message from John Carter to Joan Fina, ESq. requesting the status of the request
14. 12/19/2006 – Telephone Conversation between Janet Evans and John Carter. Ms. Evans indicated that inquires should be made to the FOIA office.
15. 12/20/2006 - Voicemail message from John Carter to Janet Fina requesting the status of the request. Letter to Joan Fina, Esq. seeking a date for a response to the FOIA request. FTC did not favor us with a written response.
16. 1/30/2007 Telephone conversation with David Shonka, Esq. requesting status of FIOA request.
17. 2/15/2007 voicemail message to Joan Fina, Esq. requesting status of FOIA request.
18. 2/15/2007 voicemail message to Lauren Marasco requesting status of FOIA request.
19. 2/19/2007 letter to David Shaonka, Esq. seeking a date for a response to the FOIA request. FTC did not favor us with any response.
20. 2/26/2007 voicemail message to Joan Fina, Esq. requesting status of FOIA request.
21. 2/26/2007 voicemail message to Lauren Marasco requesting status of FOIA request.

The production history is as follows:

A. First Partial Response by the FTC: 12/21/2006 (Letter dated 12/13/2006) FTC has reviewed 1700 pages and will finish review of the remaining 3,300 pages within two weeks when a further response will be sent. (Received 1555 pages in first response.)

B. Second Partial Response by the FTC: 1/11/2007 (FTC has completed review of 795 additional documents and will send an additional response within one week).

C. Third Partial Response by FTC: 2/5/2007 (FTC has completed review of 933 additional pages and is granting access to 621 pages. (FTC Will send additional response within two weeks).

D. Fourth Partial Response by FTC: 3/2/2007 FTC has completed review of 627 pages and is granting access to 533 pages.

E. Final Response by FTC: 3/13/2007 FTC reviewed additional 957 pages and is granting access to 210 pages.

4

CARTER FULLERTON & HAYES, LLC

In short the FTC's delay in responding was not based upon an attempt to disclose additional documents. It is my client's belief that most, if not all, of the materials in question, are subject to FOIA's mandatory release provisions.   The plaintiff in a FOIA case is entitled to an index of the documents and/or portions of documents that have been withheld. Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).  Further, a description of the withheld document must be "sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Dir. 1979).

It certainly appears the FTC has acted in an arbitrary and capricious manner by improperly denying access to the requested documents. To date, we have not filed a complaint, but to help avoid such a possibility, it would certainly be helpful if the FTC would provide a Vaughan index. My client's determination to pursue litigation has been heightened by the manner in which the FTC has mishandled this FOIA request.  A straight denial of this appeal without explanation of the nature of the documents withheld will only guarantee litigation.  That litigation will seek, in addition to the requested documents,  injunctive relief from the US District Court as to the manner in which the FTC responds to all future FOIA requests and attorney's fees and costs.

Finally, my client is a non-profit organization and appeals the decision to require it to pay search and/or review charges for this request.  Because of the manner in which the FTC has mishandled this FOIA request, the FTC has increased my client's attorney's fees costs and expenses.

Again, my clients do not desire litigation, they seek documentation. Should this appeal be denied, the FTC is required to provide a written response describing the reasons for the denial and the names and titles of each person responsible for the denial. If this appeal is denied or the FTC's response is not forthcoming, my clients reserve their rights under FOIA to seek immediate judicial review, including the award of attorney's fees. I thank you in advance for your prompt reply.

Sincerely yours,
Carter Fullerton & Hayes, LLC

By:  John Laughlin Carter

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Consumer Complaints | 17-18, 29-32, 35-36, 41-42, 45-46, 53-54, 59, 61, 65, 67, 117-431, 434-435, 438-443, 451-456, 459-484, 493-498, 503-545, 548-750, 752-827, 830-1069, 1078-1079, 1110-1113, 1116-1117, 1120-1121, 1138-1139, 1142-1147, 1156-1159, 1166-1167, 1186-1194, 1199-1202, 1205-1222, 1225-1228, 1231-1233, 1236-1237, 1240-1241, 1269-1270, 1283-1286, 1297-1298 | Consumer complaints on various matters | Non-responsive | In responding to Plaintiff's request, the FOIA office loaded the consumer complaints contained in the FTC's Consumer Sentinel database into the FTC's FOIA processing software. Review of the documents showed that a large number were not responsive to the FOIA request relating to the alcoholic beverage industry. Because they were non-responsive, these documents were neither released nor specifically identified to the requestor. They are included in this index because they remain part of the database that comprises the case file created for Plaintiff's request. |
| Consumer Complaints | 1-2, 4, 6, 8, 10, 12, 15-16, 20-21, 24-25, 27, 33, 37, 43, 47, 49, 51, 57, 63, 70-71, 73-75, 77, 79, 81, 83, 85-89, 91, 93, 95, 97, 99, 101, 103-105, 107-109, 111, 113, 115, 432, 436, 437, 444-445, 447, 449, 487, 491, 500-501, 546, 828, 1070-1072, 1074, 1076, 1082, 1085-1086, 1088, 1090, 1092, | Consumer complaints on various matters | (b)(6) | These pages were released in their entirety except for personal information about the consumer, i.e. addresses, phone numbers, etc. All factually segregable portions of the documents were released. |

1

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | 1094, 1096, 1098, 1101-1102, 1104, 1106, 1108, 1114, 1118, 1122, 1124, 1126, 11128, 1130, 1132, 1134, 1140, 1148, 1150, 1152, 1154, 1161, 1162, 1164, 1168, 1170, 1172, 1174, 1176, 1178, 1180, 1182, 1195, 1197, 1203, 1224, 1229, 1235, 1239, 1242, 1244, 1246, 1249, 1251-1257, 1259, 1261, 1263-1265, 1267, 1271, 1273, 1275, 1277, 1279, 1281, 1288-1289, 1291, 1293, 1296 | | | |
| Maureen Olhausen | 1-7 | Notes for Ohlhausen at presentation, dated 5/06 | (b)(5) | Six pages of hand-written notes of a senior FTC employee and one typed page with comments concerning status of legislation in various states, which were prepared to aid in deliberating the content of a speech to be given by an FTC employee at an institutional meeting. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Maureen Olhausen | 13-15 | Memorandum on *Granholm* restrictions, dated 6/5/06 | (b)(5) | Internal agency memo between staff attorneys discussing the *Granholm* decision, and its impact on state regulation. Staff prepared these |

2

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | documents as a deliberative aid in formulating recommendations to the full Commission. The recommendations include whether the Commission should authorize the filing of *amicus* briefs, publicly release policy papers, or contact legislators concerning pending or future legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Maureen Olhausen | 16-17 | Outline of post-*Granholm* developments in wine direct shipping | (b)(5) | Typed outline of a senior FTC employee, which was prepared to aid in deliberating the content of a speech to be given by an FTC employee at an institutional meeting. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Maureen Olhausen | 24-26 | Bullet points for 5/8 Wine Institute meeting | (b)(5) | Notes of a senior FTC employee, which were prepared to aid in deliberating the content of a speech to be given by an FTC employee at an institutional meeting. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Maureen Olhausen | 60 | Email with contact information of several industry officials, dated 5/6/06 | (b)(5) | Internal e-mail identifying relevant industry officials and with whom FTC staff intend to contact in formulating policy recommendations to the Commission. No factual content is segregable. |
| Maureen Olhausen | 98 | Internet article with handwritten notes of senior | (b)(5) | Hand-written note of senior staff attorney identifying outside contact with whom |

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
<u>FOIA No. 2007-00067</u>

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | staff attorney correspondence | | FTC staff intend to communicate in formulating a recommendations to the Commission. All segregable portions of the document, i.e. the text of the article, were released. |
| Maureen Olhausen | 113 | Ohlhausen notes from internal FTC staff meeting on wine issue | (b)(5) | Hand-written notes of senior FTC employee of thoughts and impressions from an internal meeting discussing possible courses of action to be taken by the FTC. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Maureen Olhausen | 120-121 | Notes from meeting on wine industry, dated 3/8/06 | (b)(5) | Hand-written notes of senior FTC employee of thoughts and impressions from meeting with wine institute and possible courses of action to be taken by the FTC. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Maureen Olhausen | 123-125 | Notes from meeting on wine, dated 9/23 | (b)(5) | Hand-written notes of senior FTC employee of thoughts and impressions from meeting with wine institute and possible courses of action to be taken by the FTC. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Maureen Olhausen | 145-148 | Notes from meeting on direct shipping of wine, dated 2/3/06 | (b)(5) | Hand-written notes of senior FTC employee of thoughts and impressions from meeting with wine institute and possible courses of action to be taken by the FTC. Deliberative factual content is |

4

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Maureen Olhausen | 150 | Handwritten notes of senior staff on first page of a summary judgement motion | (b)(5) | Hand-written note of senior staff attorney identifying outside contacts with whom FTC staff intend to communicate in formulating a recommendations to the Commission as well as assignment of staff attorneys to an on-going matter. All segregable portions of the document, i.e. the text of the motion, were released. |
| Maureen Olhausen | 182-184 | Ohlhausen notes from meeting with Wine Institute and retailer reps, dated 12/6/05 | (b)(5) | Hand-written notes of senior FTC employee of thoughts and impressions from meeting with wine institute discussing possible courses of action to be taken by the FTC. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Maureen Olhausen | 196 | Map with handwritten notes about actions in certain states | (b)(5) | Hand-written notes of staff attorney setting out the attorney's thoughts and impressions concerning the alcoholic beverage industry prepared to assist the attorney in making a recommendation to the Commission on authorizing future action. All factually segregable portions of the documents (the map itself) were released. |
| James Cooper-handwritten notes | 1-5 | Notes from meeting on brewers and wholesalers, dated 12/5/06 | (b)(5) | Hand-written notes of FTC employee of thoughts and impressions from meeting with wine institute and possible courses of action to be taken by the FTC. Deliberative factual content is inextricably intertwined with the basis for withholding |

5

## VAUGHN INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Chris Grengs-Memos-etc | 1 | Memorandum to Chairman Majoras on *Granholm* decision, dated 5/17/2005 | (b)(5) | and is, therefore, not segregable. Internal agency memo from staff attorney to the Commission recommending action with respect to disclosure of an internal report. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Chris Grengs-Memos-etc | 2-3 | Memorandum to Commission on *Granholm* decision, dated 5/20/2005 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission deliberating/discussing the impact of the FTC's reports on the *Granholm* decision to assist in formulating future recommendations to legislative officials. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Chris Grengs-Memos-etc | 4-8 | Memorandum to Commissioners and senior staff on OPP Competition Advocacy Report, dated 12/22/2005 | (b)(5) and Non-responsive | Internal agency memo from staff attorney to the Commission advising on the processing and effectiveness of recent advocacy actions. Actions taken on matters not affecting the alcoholic beverage industry were non-responsive to the request. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Chris Grengs-Memos-etc | 9-17 | Memorandum to Commissioners and senior staff on OPP Competition and Consumer Advocacy Report, dated 1/3/2006 | (b)(5), and Non-responsive | Internal agency memo from staff attorney to the Commission advising on the processing and effectiveness of recent advocacy actions. Actions taken on matters not affecting the alcoholic beverage industry were non-responsive to the request. Deliberative factual content is |

6

Attachment 6 to Fina Declaration

## VAUGHN INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Chris Grengs-Memos-etc | 18-24 | OPP spreadsheet, dated 10/17/2006 | (b)(5), (b)(2), and Non-responsive | Internal agency document showing status of deliberative process of various advocacy initiatives. Depictions of actions not relating to the alcoholic beverage industry were non-responsive. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. The documents also reflect an internal practice for tracking the status of pending litigation. |
| Chris Grengs-Memos-etc | 25-88 | Document on advocacy matters in OPP, dated 10/18/2006 | (b)(5), (b)(2) and Non-responsive | Internal agency document showing status of deliberative process of various advocacy initiatives. Depictions of actions not relating to the alcoholic beverage industry were non-responsive. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. The documents also reflect an internal practice for tracking the status of pending litigation. |
| Chris Grengs-Memos-etc | 89-134 | List of OPP files | (b)(5), (b)(2) | Internal agency document identifying contents of OPP files, which would reveal deliberations and thoughts process of staff. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. The documents also reflect an internal practice for tracking files related to a particular matter. |
| Wine Report and Memos | 3-14 | Memorandum to Commission on E-Commerce | (b)(5) | Internal agency memo from staff attorneys of the FTC to the Commission |

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007–00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | and Wine, dated 4/14/2003 | | recommending action with respect to disclosure of a report on e-commerce. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Report and Memos | 15-18 | Public article from FTC website | Non-responsive | These pages were not responsive to the request. |
| Wine Report and Memos | 69-74 | Memorandum to Commission on E-Commerce and Wine, dated 4/14/2003 | (b)(5) | Internal memo from staff attorneys of the FTC to the Commission recommending action with respect to disclosure of a report on e-commerce. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 1-12 | Memorandum on filing an *amicus* brief, dated 8/27/2003 | (b)(5) | Internal staff memo making a recommendation to the Commission concerning the filing of *amicus* brief in pending litigation involving alcoholic beverage litigation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 24 | Page from a case from a legal reporter that was released | (b)(5) | Hand-written notes of staff attorney deliberating possible legal theory to be used in an *amicus* brief if authorized by the Commission. All segregable portions of the documents were released. |
| Wine Amicus Memo | 33 | Page from a case from a legal reporter was released | (b)(5) | Hand-written notes of staff attorney deliberating possible legal theory to be used in an *amicus* brief if authorized by the Commission. All segregable portions of the documents were released. |
| Wine Amicus Memo | 54-59 | Pages from a case from a legal reporter that was | (b)(5) | Hand-written notes of staff attorney deliberating possible legal theory to be |

Attachment 6 to Fina Declaration

8

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | released | | used in an *amicus* brief if authorized by the Commission. All segregable portions of the documents were released. |
| Wine Amicus Memo | 113-130 | Draft of legal memorandum, dated 7/18/2004 | (b)(5) | Staff draft of legal memorandum pertaining to possible *amicus* participation by the Commission in a then pending court action. Document constitutes work product and is deliberative. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 131-170 | Legal memorandum from staff to the Commission, dated 7/19/2004 | (b)(5) | Internal agency legal memo from staff attorney of the FTC to the Commission setting out a recommendation concerning the filing of an *amicus* brief. The document is deliberative and constitutes work product. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 171-188 | Memorandum to the Commission on direct shipment legislation, dated 4/5/2006 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a Florida legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 205-221 | Memorandum to the Commission on direct shipment legislation, dated 3/6/2006 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a Ohio legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for |

Attachment 6 to Fina Declaration

9

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Wine Amicus Memo | 229-233, 235-246 | Memorandum to the Commission on direct shipment legislation, dated 12/7/2005 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a Ohio legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 258 | Email with handwritten notes dated 12/15/2005 on attached internal memorandum, dated 12/7/2005 (pp. 259-263) | (b)(5) | Hand-written notes and e-mail of staff attorney setting out their mental thoughts and impressions concerning internal agency memo to the Commission recommending action on a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 259-263 | Draft memorandum to the Commission on direct shipment legislation, dated 12/7/2005 | (b)(5) | Draft of internal agency memo, including hand-written annotations of staff attorney, to the Commission setting our a recommendation concerning a draft letter to state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 264-268 | Draft memorandum to the Commission on direct shipment legislation, dated 12/2005 | (b)(5) | Draft of internal agency memo, including hand-written annotations of staff attorney, to the Commission setting our a recommendation concerning a draft letter to state legislator concerning pending |

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 269-273 | Draft memorandum to the Commission on direct shipment legislation, dated 12/2005 | (b)(5) | Draft of internal agency memo, including hand-written annotations of staff attorney, to the Commission setting our a recommendation concerning a draft letter to state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 274-278 | Draft memorandum to the Commission on direct shipment legislation, dated 12/2005 | (b)(5) | Draft of internal agency memo, including hand-written annotations of staff attorney, to the Commission setting out a recommendation concerning a draft letter to state legislator concerning pending legislation. The text of the bill was released. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus Memo | 279-283 | Handwritten notes concerning pending state legislation | (b)(5) | Hand-written notes of staff attorney setting out the attorney's thoughts and impressions concerning the alcoholic beverage industry prepared to assist the attorney in making a recommendation to the Commission on authorizing further action. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Wine Amicus | 284-285, 287, 289-290, | Text of state wine bill with | (b)(5) | Hand-written notes of staff attorney setting |

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Memo | 293 | handwritten notes | | out their mental thoughts and impressions concerning the alcoholic beverage industry prepared to assist the attorney in making a recommendation to the Commission on authorizing further action. All segregable portions of the documents, to include the actual text, were released. |
| Wine Amicus Memo | 295-302 | Handwritten notes on alcohol market, dated 12/6/2005 | (b)(5) | Hand-written notes of staff attorney setting out the attorney's thoughts and impressions concerning the alcoholic beverage industry prepared to assist the attorney in making a recommendation to the Commission on authorizing further action. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Memos etc | 1-21 | Legal memorandum from staff to the Commission, dated 7/19/2004 | (b)(5) | Internal agency legal memo from staff attorney of the FTC to the Commission setting out a recommendation concerning the filing of an *amicus* brief.  The document is deliberative and constitutes work product.  Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Memos etc | 22-23 | Memorandum to the Commission on *Granholm* decision, dated 5/20/2005 | (b)(5) | Internal agency memo from staff attorney to the Commission recommending action with respect to disclosure of an internal report. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine | 58 | List of questions for state | Duplicate | This document was not provided as it was |

Attachment 6 to Fina Declaration

12

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Correspondence | | officials regarding direct shipment | | a duplicate of a document contained in 'Internet Wine Correspondence' at pg. 34, which was released. |
| Internet Wine Correspondence | 75 | List of questions for state officials regarding wine shipments | Duplicate | This document was not provided as it was a duplicate of a document contained in 'Internet Wine Correspondence' at pg. 34, which was released. |
| Internet Wine Correspondence | 147 | Email on *amicus* opportunities, dated 11/14/2002 | (b)(5) | Internal memo between staff attorneys of OPP deliberating/discussing wether to make a recommendation to the Commission concerning the filing of an *amicus* brief. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 148-163 | Memorandum between attorneys on *amicus* opportunities, dated 5/17/2002 | (b)(5) | Internal memo between staff attorneys of OPP deliberating/discussing wether to make a recommendation to the Commission concerning the filing of an *amicus* brief. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 218-233 | Memorandum between agency staff attorneys on whether the Commission should file *amicus* briefs, dated 5/17/2002 | (b)(5) | Internal memo between staff attorneys of OPP deliberating/discussing wether to make a recommendation to the Commission concerning the filing of an *amicus* brief. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 234 | Email between attorneys on direct shipment legislation, | (b)(5) | Internal agency email between staff attorneys of the FTC setting out attorney's |

Attachment 6 to Fina Declaration

13

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | dated 5/29/02 | | thoughts and impressions concerning the alcoholic beverage industry, which were prepared to assist the attorney in making a recommendation to the Commission on whether to authorize official action regarding pending wine legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 235-236 | Memorandum between agency staff attorneys on wine restrictions, dated 4/2/2002 | (b)(5) | Internal memo between staff attorneys of OPP deliberating/discussing wether to make a recommendation to the Commission concerning the filing of an *amicus* brief. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 238-246 | Memorandum to the Commission with draft letter attached, dated 3/18/2004 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 251-258 | Letter sent from OPP to state legislators on pending bill, dated 3/29/2004 | (b)(5), Duplicate | See 'Internet Wine Correspondence' pgs. 260-267. |
| Internet Wine Correspondence | 260-267 | Letter sent from OPP to state legislators on pending bill, dated 3/29/2004 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the |

Attachment 6 to Fina Declaration

14

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 270-278 | Memorandum to the Commission with draft letter attached, dated 3/18/2004 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 284-285 | E-mail of March 30, 2004, between FTC staff. | (b)(2) | Internal practice as to who is authorized to sign a document. |
| Internet Wine Correspondence | 286-287 | E-mail of March 30, 2004, between FTC staff. | (b)(2) | Internal practice as to who is authorized to sign a document. |
| Internet Wine Correspondence | 288 | First page of draft letter | (b)(5) | First page of a staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 295-303 | Memorandum to the Commission with draft letter attached, dated 3/18/2004 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 308-316 | Memorandum to the Commission with draft letter attached, dated 3/18/2004 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending |

15

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 321-330 | Memorandum to the Commission with draft letter attached, dated 3/18/2004 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internet Wine Correspondence | 335-343 | Memorandum to the Commission with draft letter attached, dated 3/18/2004 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Advocacy Preliminary Research | 1-40 | Legal memorandum from staff to the Commission, dated 7/19/2004 | (b)(5) (Upon review, the portion of pg. 1 withheld citing a (b)(6) exemption is actually exempt under (b)(5)) | Internal agency legal memo from staff attorney of the FTC to the Commission setting out a recommendation concerning the filing of an *amicus* brief. The document is deliberative and constitutes work product. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Congress Testimony and related memos | 1 | Cover Page to Memorandum to the Commission on Congressional testimony, dated 10/27/2003 | (b)(5) | Cover page of internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation as to whether to submit testimony to a congressional committee regarding e- |

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | commerce. All factually segregable portions of the documents were released. |
| Congress Testimony and related memos | 2-3 | Memorandum to the Commission on Congressional testimony, dated 10/27/2003 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation as to whether to submit testimony to a congressional committee regarding e-commerce. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Congress Testimony and related memos | 17 | Cover Page to Memorandum to the Commission on Congressional testimony, dated 10/27/2003 | (b)(5) | Cover page of internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation as to whether to submit testimony to a congressional committee regarding e-commerce. All factually segregable portions of the documents were released. |
| Congress Testimony and related memos | 18-19 | Memorandum to the Commission on Congressional testimony, dated 10/27/2003 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation as to whether to submit testimony to a congressional committee regarding e-commerce. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Congress Testimony and related memos | 23 | Guidelines for Electronic Submission of Congressional Testimony | Duplicate | See 'Congress Testimony and related memos' pg. 7 |
| Congress Testimony and related memos | 24-32 | FTC Prepared Statement for 10/30/2003 hearing | Duplicate | See 'Congress Testimony and related memos' pg. 8-16 |
| Congress Testimony and related memos | 47, 49-79 | Memorandum to the Commission on Congressional testimony | Duplicate | See 'Congress Testimony and related memos' pg. 48, 2-16 |

Attachment 6 to Final Declaration

17

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Congress Testimony and related memos | 81-84 | with testimony attached, dated 10/27/2003 Invitation to Commission Chairman for testimony on wine shipment, dated 10/24/2003 | Duplicate | See 'Congress Testimony and related memos' pg. 20-22 |
| Congress Testimony and related memos | 85-90 | Prepared statement from 10/30/2003 Congressional hearing | Duplicate | See 'Congress Testimony and related memos' pg. 8-16 |
| Congress Testimony and related memos | 93-96 | Questions from congressional subcommittee to FTC regarding 10/30/2003 testimony and draft answers | (b)(5) | Questions from a congressional subcommittee to the FTC and the FTC's draft answers are a deliberative intra-agency document. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| California Beer Franchise Memo and Corre. | 1-14 | Memorandum to the Commission with draft letter attached on beer bill, dated 8/17/2005 | (b)(5) | Internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| California Beer Franchise Memo and Corre. | 21 | Cover letter for action involving healthcare, dated 8/18/2005 | (b)(5) | The document, upon review, is non-responsive to this specific request but the redacted portions would have otherwise been properly redacted under (b)(5) as a recommendation to take official action on a proposed settlement agreement. |
| California Beer Franchise Memo and Corre. | 22-31 | Motion and Draft letter to state senator on beer legislation, dated 8/2005 | (b)(5) | Internal agency motion from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending |

18

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| California Beer Franchise Memo and Corre. | 32-42 | Draft letter to state senator on beer legislation with handwritten notes, dated 8/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| California Beer Franchise Memo and Corre. | 47-55 | Advocacy letter to state legislator, dated August 24, 2005 | N/A | Commission approved advocacy letter to state legislator. Document was released in its entirety. |
| California Beer Franchise Memo and Corre. | 65-78 | Memorandum to the Commission with draft letter attached on beer bill, dated 8/17/2005 | (b)(5) | Internal agency motion from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| California Beer Franchise Memo and Corre. | 79-84 | Amendments to California law | Duplicate | See 'California Beer Franchise Memo and Corre.' pp. 15-20. |
| California Beer Franchise Memo and Corre. | 85-89 | Memorandum to the Commission on beer bill, dated 8/17/2005 | Duplicate | See 'California Beer Franchise Memo and Corre.' pp. 66-70. |
| California Beer Franchise Memo and Corre. | 90-97 | Draft letter on beer bill to state senator, dated 8/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning |

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| California Beer Franchise Memo and Corre. | 98-103 | Amendments to California law | Duplicate | See 'California Beer Franchise Memo and Corre.' pp. 15-20. |
| Ohio Direct Shipping Corresp. | 1-10 | Memorandum to the Commission with draft letter attached on direct shipment legislation, dated 3/6/2005 | (b)(5) | Internal agency motion from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Ohio Direct Shipping Corresp. | 14-24 | Advocacy letter to state legislator, dated March 22, 2006 | N/A | Commission approved advocacy letter to state legislator. Document was released in its entirety. |
| Ohio Direct Shipping Corresp. | 25 | Fax cover sheet with handwritten notes, dated 1/6/2006 | (b)(2)/(b)(5) | Date of receipt and the FTC attorney to whom the task was assigned. The remainder of the document was released. All factually segregable portions of the documents were released. |
| Ohio Direct Shipping Corresp. | 35-43 | Memorandum to the Commission with draft letter attached on direct shipment legislation, dated 3/6/2005 | Duplicate | See 'Ohio Direct Shipping Corresp.' pg. 2-10. |
| Florida Direct Shipping Letter | 1-25 | Memorandum to the Commission with draft letter to state senator on proposed direct shipment legislation, dated 4/2006 | (b)(5) | Internal agency motion from staff attorney of the FTC to the Commission setting out a recommendation concerning a draft letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for |

Attachment 6 to Fina Declaration

20

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | withholding and is, therefore, not segregable. |
| Florida Direct Shipping Letter | 26 | Document Coding Form for letter to state senator on wine shipping | (b)(5) | Cover page of internal agency memo from staff attorney of the FTC to the Commission setting out a recommendation as to whether to submit testimony to a congressional committee regarding e-commerce. All factually segregable portions of the documents were released. |
| Florida Direct Shipping Letter | 27-38 | Advocacy letter to state legislator, dated April 10, 2006 | N/A | Commission approved advocacy letter to state legislator. Document was released in its entirety. |
| Internal Drafts, Corr. regarding drafts | 1-15 | Draft letter to state senator on proposed direct shipment legislation, dated 12/6/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 16-30 | Draft letter to state senator on proposed direct shipment legislation, dated 12/9/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 31-45 | Draft letter to state senator on proposed direct shipment legislation, dated 12/9/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual |

21

Attachment 6 to Fina Declaration

**_VAUGHN_ INDEX**
**FOIA No. 2007-00067**

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 46-58 | Draft letter to state senator on proposed direct shipment legislation, dated 12/9/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 59-71 | Draft letter to state senator on proposed direct shipment legislation, dated 12/9/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 72-85 | Draft letter to state senator on proposed direct shipment legislation, dated 12/9/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 86-98 | Draft letter to state senator on proposed direct shipment legislation, dated 12/8/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not |

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | segregable. |
| Internal Drafts, Corr. regarding drafts | 99-113 | Draft letter to state senator on proposed direct shipment legislation, dated 12/8/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 114-125 | Draft letter to state senator on proposed direct shipment legislation, dated 12/7/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 126-127 | Email between attorneys on draft letter to state senator on proposed direct shipment legislation, dated 12/8/2005 | (b)(5) | Internal agency email between staff attorneys of the FTC deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 128-139 | Draft letter to state senator on proposed direct shipment legislation, dated 12/6/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the |

23

Attachment 6 to Final Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Internal Drafts, Corr. regarding drafts | 140-153 | Draft letter to state senator on proposed direct shipment legislation, dated 12/6/2005 | (b)(5) | basis for withholding and is, therefore, not segregable.<br><br>Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 154 | Email between attorneys on draft letter to state senator on proposed direct shipment legislation, dated 12/6/2005 | (b)(5) | Internal agency email between staff attorneys of the FTC deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 155-166 | Draft letter to state senator on proposed direct shipment legislation, dated 12/6/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 167-180 | Draft letter to state senator on proposed direct shipment legislation, dated 12/6/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual |

24

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 181-192 | Draft letter to state senator on proposed direct shipment legislation, dated 12/5/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 193-204 | Draft letter to state senator on proposed direct shipment legislation, dated 12/5/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 205-218 | Draft letter to state senator on proposed direct shipment legislation, dated 12/5/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 219-222 | Email between attorneys on draft letter to state senator on proposed direct shipment legislation, dated 12/5/2005 | (b)(5) | Internal agency email between staff attorneys of the FTC deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning |

25

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 223 | Handwritten attorney notes concerning draft letter to state senator on proposed direct shipment legislation | (b)(5) | Hand-written notes of staff attorney deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 224-225 | Email between attorneys on draft letter to state senator on proposed direct shipment legislation, dated 12/3/2005 | (b)(5) | Internal agency email between staff attorneys of the FTC deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 226-237 | Draft letter to state senator on proposed direct shipment legislation, dated 12/2/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, | 238-250 | Draft letter to state senator on | (b)(5) | Staff draft of proposed letter to be sent to |

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Corr. regarding drafts | | proposed direct shipment legislation, dated 12/5/2005 | | the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 251-262 | Draft letter to state senator on proposed direct shipment legislation, dated 11/30/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 263-274 | Draft letter to state senator on proposed direct shipment legislation, dated 11/30/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 275-286 | Draft letter to state senator on proposed direct shipment legislation, dated 11/29/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 287-296 | Draft letter to state senator on proposed direct shipment legislation, dated 11/28/2005 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a |

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 297-307 | Draft letter to state senator on proposed direct shipment legislation, dated 3/6/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 308-319 | Draft letter to state senator on proposed direct shipment legislation, dated 2/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 320-330 | Draft letter to state senator on proposed direct shipment legislation, dated 3/2/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 331-343 | Draft letter to state senator on proposed direct shipment legislation, dated 3/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual |

Attachment 6 to Fina Declaration

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 344-356 | Draft letter to state senator on proposed direct shipment legislation, dated 2/21/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 357-367 | Draft letter to state senator on proposed direct shipment legislation, dated 2/28/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 368-380 | Draft letter to state senator on proposed direct shipment legislation, dated 3/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 381-392 | Draft letter to state senator on proposed direct shipment legislation, dated 2/17/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not |

29

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | segregable. |
| Internal Drafts, Corr. regarding drafts | 393-404 | Draft letter to state senator on proposed direct shipment legislation, dated 2/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 405-416 | Draft letter to state senator on proposed direct shipment legislation, dated 2/6/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 417-428 | Draft letter to state senator on proposed direct shipment legislation, dated 2/6/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 429-442 | Draft letter to state senator on proposed direct shipment legislation, dated 2/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, | 443-444 | Email between attorneys on | (b)(5) | Internal agency email between staff |

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Corr. regarding drafts | | draft letter to state senator on proposed direct shipment legislation, dated 2/1/2006 | | attorneys of the FTC deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 445 | Email between attorneys on draft letter to state senator on proposed direct shipment legislation, dated 1/31/2006 | (b)(5) | Internal agency email between staff attorneys of the FTC deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 446 | Email between attorneys on draft letter to state senator on proposed direct shipment legislation, dated 1/30/2006 | (b)(5) | Internal agency email between staff attorneys of the FTC deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding | 447 | Email between attorneys on draft letter to state senator on | (b)(5) | Internal agency email between staff attorneys of the FTC |

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| drafts | | proposed direct shipment legislation, dated 1/31/2006 | | deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 448-459 | Draft letter to state senator on proposed direct shipment legislation, dated 2/2/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 460-471 | Draft letter to state senator on proposed direct shipment legislation, dated 1/30/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 472-483 | Draft letter to state senator on proposed direct shipment legislation, dated 1/30/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, | 484 | Handwritten attorney notes | (b)(5) | Hand-written notes of staff attorney |

Attachment 6 to Fina Declaration

32

*VAUGHN* INDEX
FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Corr. regarding drafts | | on draft letter to state senator on proposed direct shipment legislation, dated 12/30/2005 | | deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 485-488 | Draft press release on Florida direct shipment legislation, dated 4/12/2006 | (b)(5) | Staff draft of proposed press release with handwritten notes recommending a particular manner of presenting the Commission's position on direct shipment legislation. Any factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 489-490 | Draft press release on florida direct shipment legislation, dated 4/12/2006 | (b)(5) | Staff draft of proposed press release with handwritten notes recommending a particular manner of presenting the Commission's position on direct shipment legislation. Any factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 491-493 | Draft press release on florida direct shipment legislation, dated 4/12/2006 | (b)(5) | Staff draft of proposed press release with handwritten notes recommending a particular manner of presenting the Commission's position on direct shipment legislation. Any factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, | 494-497 | Draft press release on florida | (b)(5) | Staff draft of proposed press release with |

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Corr. regarding drafts | | direct shipment legislation, dated 4/12/2006 | | handwritten notes recommending a particular manner of presenting the Commission's position on direct shipment legislation. Any factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 498-510 | Draft letter to state senator on proposed direct shipment legislation, dated 3/27/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 511-522 | Draft letter to state senator on proposed direct shipment legislation, dated 3/27/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 523-524 | Email between attorneys on draft letter to state senator on proposed direct shipment legislation, dated 3/28/2006 | (b)(5) | Internal agency email between staff attorneys of the FTC deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |

34

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Internal Drafts, Corr. regarding drafts | 525 | Handwritten attorney notes on draft letter to state senator on proposed direct shipment legislation | (b)(5) | Hand-written notes of staff attorney deliberating/discussing the proposed content of a proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 526-538 | Draft letter to state senator on proposed direct shipment legislation, dated 3/29/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 539-551 | Draft letter to state senator on proposed direct shipment legislation, dated 3/30/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 552-564 | Draft letter to state senator on proposed direct shipment legislation, dated 3/30/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| Internal Drafts, Corr. regarding drafts | 565-576 | Draft letter to state senator on proposed direct shipment legislation, dated 3/31/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 577-591 | Draft letter to state senator on proposed direct shipment legislation, dated 4/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 592-603 | Draft letter to state senator on proposed direct shipment legislation, dated 4/3/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 604-619 | Draft letter to state senator on proposed direct shipment legislation, dated 4/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding | 620-631 | Draft letter to state senator on proposed direct shipment | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff |

36

**_VAUGHN_ INDEX**
**FOIA No. 2007-00067**

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| drafts | | legislation, dated 4/4/2006 | | recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 632-644 | Draft letter to state senator on proposed direct shipment legislation, dated 4/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Internal Drafts, Corr. regarding drafts | 645-656 | Draft letter to state senator on proposed direct shipment legislation, dated 4/6/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Janet Evans- Memos, Drafts, Other | 3-15 | Draft letter to state senator on proposed direct shipment legislation, dated 4/2006 | (b)(5) | Staff draft of proposed letter to be sent to the Commission as part of a staff recommendation to authorize issuance of a letter to a state legislator concerning pending legislation. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |
| Janet Evans- Memos, Drafts, Other | 53 | Handwritten notes on margins of article pertaining to underage alcohol consumption | (b)(5) | Hand-written notes of staff attorney setting out the attorney's thoughts and impressions concerning the alcoholic beverage industry prepared to assist the |

37

Attachment 6 to Fina Declaration

## *VAUGHN* INDEX
## FOIA No. 2007-00067

| Category | Document Page Number | Description of Document | Exemption | CONTENT OF WITHHELD PORTION AND REASON FOR WITHHOLDING |
|---|---|---|---|---|
| | | | | attorney in making a recommendation to the Commission on authorizing further action. All factually segregable portions of the documents (the article itself) were released. |
| Draft Advocacy Comments | 1-11 | Draft letter to state senator on proposed direct shipment legislation, dated 3/22/2006 | Duplicate | See 'Ohio Direct Shipping Corresp.' pg. 14-24. |
| Draft Advocacy Comments | 12-24 | Draft letter to state senator on proposed direct shipment legislation, dated 4/2006 | Duplicate | See 'Florida Direct Shipping Letter' pg. 14-25. |
| Draft Advocacy Comments | 25-36 | Draft letter to state senator on proposed direct shipment legislation, dated 4/2006 | Duplicate | See 'Florida Direct Shipping Letter' pg. 2-13. |
| Internal Memo | 2-71 | 2004 intra-agency memorandum | (b)(5) | Staff recommendation and legal memorandum to another government agency concerning the Commission's position on whether to file an *amicus* brief in then pending litigation. Document constitutes work product and is deliberative. Deliberative factual content is inextricably intertwined with the basis for withholding and is, therefore, not segregable. |

Attachment 6 to Fina Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARTER, FULLERTON & HAYES, LLC,  )
                                 )
                    Plaintiff,   )
                                 )
            v.                   )        Civil Action No. 07-01041 (RCL)
                                 )
FEDERAL TRADE COMMISSION         )
                                 )
                    Defendant.   )
_____  )

ORDER

Upon consideration of Defendant's Motion for Summary Judgment, Plaintiff's

Opposition or other response, and the entire record herein, it is this _____ day of

_____, 200__,

ORDERED, that the Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED.

_____
Royce C. Lamberth
United States District Court Judge

cc:
John E. Drury
Law Offices of John E. Drury, PC
1900 L Street, N.W., Suite 303
Washington, D.C.  20036

Beverly M. Russell
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, N.W., Rm. E-4915
Washington, D.C.  20530