IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CARTER, FULLERTON & HAYES, LCC** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CA No. 07-01041 (RCL) |
| | ) | |
| **FEDERAL TRADE COMMISSION** | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT FEDERAL TRADE
COMMISSION'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Carter Fullerton & Hayes, LLC, by and through its undersigned counsel,

hereby opposes the Defendant Federal Trade Commission's Motion for Summary Judgment

pursuant to Fed R. Civ. P. 56. A review of the pleadings and the incomplete and

contradictory affidavit in support of the defendant FTC's motion demonstrate that material

facts remain in dispute and therefore the Motion for Summary Judgment is premature at this

time.

Pursuant to the Local Rules (b), (c), (f), and (h) of this Court a memorandum of

points and authorities in opposition to the defendant's motion, a statement of genuine issues,

and a proposed order are attached herein.

Date: August 27, 2007

1

Respectfully submitted,
CARTER, FULLERTON & HAYES, LLC
By Counsel

_____
John E. Drury, Esq.
DC BAR No. 924407
Law Offices of John E. Drury
1900 L Street, NW
Suite 303
Washington, DC   20036
(202) 463-6131 - Telephone

John Laughlin Carter
VA Bar No. 34933
Carter, Fullerton & Hayes, LLC
4115 Annandale Road
Suite 205
Annandale, Virginia 22003
(703) 658-7737 - Telephone
(703) 658-7736 - Facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CARTER, FULLERTON & HAYES, LCC** | ) | |
| Plaintiff | ) | |
| v. | ) | CA No. 07-01041 (RCL) |
| | ) | |
| **FEDERAL TRADE COMMISSION** | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

UPON CONSIDERATION of the defendant's motion, the plaintiff's opposition thereto, and the entire record herein, it is this _____ day of _____ 200_,

ORDERED that the Defendant's Motion for Summary Judgment is DENIED at this time, and it further

ORDERED that the Defendant review its search for responsive documents to the Plaintiff's FOIA request its this matter and to release to the plaintiff any and all responsive documents not previously release to the plaintiff which are not subject to an qualified exemption and/or to provide to the Court an affidavit which properly may serve as the basis for a Motion for Summary Judgment if the defendant intends to renew its motion, and it further

3

ORDERED that the defendant provide a sufficient Vaughn Index to allow the Court

to conduct a *de novo* review of any exemption claimed by the defendant for withholding a

document.

_____

Hon. Royce C. Lamberth
United States District Court Judge  for the District of Columbia

Copies to:

BEVERLY M. RUSSELL
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail:  beverly.russell@usdoj.gov

John E. Drury, Esq.
DC BAR No. 924407
Law Offices of John E. Drury
1900 L Street, NW
Suite 303
Washington, DC   20036
(202) 463-6131

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CARTER, FULLERTON & HAYES, LCC** <br> Plaintiff | ) ) ) ) | |
| v. | ) | CA No. 07-01041 (RCL) |
| **FEDERAL TRADE COMMISSION** <br> Defendant. | ) ) ) ) ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
## TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Federal Trade Commission (hereinafter the "FTC"), pursuant to Fed. R.

Civ. P. 56 has moved for Summary Judgment in this action brought under the Freedom of

Information Act , 5 U.S.C. § 552 ("FOIA").  The plaintiff, Carter Fullerton & Hayes, LLC,

opposes the defendant's motion because the FTC has failed to meet its burden under FOIA to

withhold the disputed records.  The Motion for Summary Judgment should be denied at this

stage in the proceeding because material facts remain in dispute.  Further, the affidavit in

support of the defendant's motion fails to address all the facts raised in the Complaint and the

Vaughn Index which has been provided in support of the motion is insufficient to allow the

Court an adequate factual basis to conduct a *de novo* review as is required.  Plaintiff requests

that the Court enter an order directing the defendant FTC to perform an adequate search for

the records actually requested in the FIOA request and to produce a more comprehensive

Vaughn Index to assist the Court in adjudicating any claim of exemption from disclosure.

## A.    THE FOIA REQUEST

Plaintiff, Carter, Fullerton & Hayes, LLC, a Virginia law firm sent a routine FOIA request to the FTC which has become a federal lawsuit because the agency could not, or would not, follow the straightforward requirements of FOIA. The information sought from the FTC is of public interest. It allows the public to evaluate the contacts between the FTC and outside parties, including alcohol industry representatives. These contacts resulted in select few individuals and lobbying groups having unique access to the government in formulating the defendant FTC's policies regarding the regulation of alcohol within individual states.[1] During the period of contacts between the FTC employees and members of the alcohol industry, the defendant FTC engaged in a series of advocacy pronouncements seeking to oppose state-based legislation to regulate alcohol under the 21st Amendment to the Constitution of the United States. The action of the FTC coincided with many of the alcohol related industry's own interests. That is the interests of industry representatives who have been identified as having had contact with the FTC. The regulation of alcohol, its sale, and the various statutory restrictions imposed upon alcohol has traditionally been within the stricture of state law. Plaintiff filed this litigation after the defendant FTC failed to adequately respond to its FOIA request seeking documentation regarding this subject matter.

---

[1] Groups in contact with the FTC, according to the documents produce in response to the FOIA request to date, include: the Wine Institute, Wine & Spirits Wholesalers of America, Inc., The Coalition for Free Trade and the Institute for Justice. Industry groups identifies in the documentation produced by the FTC include: WineAmerica, Washington Wine Commission, Specialty Wine Retailers Association and the American Vintners Association.

These documents were sought in a FOIA request to the FTC dated October 13, 2007.[2]

The request was as follows:

> I request that copies of all documents in your possession relating to malt beverages; malt beverage manufacturers; malt beverage wholesalers/distributors; wine and distilled spirits manufacturers; wine and distilled spirits wholesalers/distributors; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with FTC or any division or office thereof, including without limitation the FTC's Bureaus of Competition, Economics, General Counsel and/or and the FTC's Office of Policy and Planning (hereinafter FTC) on any aspect of the regulation of alcohol from January 2002 to present. "**Document**" means the original and any copy of any written, typed, printed, recorded, electronic, or graphic matter of any kind, however produced or reproduced, including, but not limited to, letters or other correspondence, invoices, telegrams, memorials of telephone conversations or meetings, intraoffice communications, electronic mail, advertisements, sales literature, memoranda, reports, summaries, tabulations, records, work papers, studies, cost sheets, financial reports, photographs, motion picture films, tape recordings, microfilm, other data compilations, including computer data, from which information can be obtained or translated into usable form.

> Correspondence solely related to FTC regulation of alcohol advertising is exempt from this request. I would further like all documents from any entity outside of FTC communicating/ requesting/ discussing/ alerting/ identifying an action/ investigation/ research by the Office of Policy and Planning and/or Bureau of Competition on alcohol related matters as well as all documents and records from the FTC in response to these inquiries. Do not include material that is already publicly available on the FTC website. I would also like all FTC documents related to any communications with other federal and state agencies regarding the regulation of alcohol, the legal justification for FTC jurisdiction, and protocols, if any, with other federal agencies on alcohol issues.

Pl Exh. A ¶2. FIOA Request 2007-00067.

---

2 Plaintiff's FOIA request was filed on October 13, 2006 but was designated by the FTC as FOIA Request 2007-00067. Defendant's final response was not received until March 13, 2007.

Despite the statutory requirement of production to be provided in 20 working days, a final response was not received by the plaintiff until later on March 13, 2007 some five months later and only after repeated prodding of a reluctant agency. Pl. Ex. A, ¶ 7. Many of these communications to the FTC simply went unanswered. Pl. Ex. A, ¶ 7. The FTC's refusal to timely and fully disclose the requested documents violates the Freedom of Information Act (FOIA or Act), 5 U.S.C. § 552 et seq., as amended.

## B. INADEQUACY OF THE SEARCH

The Complaint challenges the basic adequacy the FTC's search including the timing, the manner, the scope of the search, and the nature of the production of the defendant's search for responsive documents. Complaint at ¶¶ 6, 8-15, 17-18. For the defendant to aver that: "[t]he Complaint does not contest the adequacy of the Agency's efforts to locate responsive documents," is indicative of the FTC's indifference to its legal obligations under FOIA, its responsibilities to this Court, and underscores the necessity of this Complaint for injunctive relief. Def. FTC Memorandum at 10.

On review of the affidavit in support of defendant FTC's Motion for Summary Judgment, it is apparent that the defendant did not search for documents in the locations sought in the FOIA request. The defendant's own records admit that the FTC did not search for all the records which were requested. The FOIA request asked for: "copies of all documents… communicating with the FTC or any division or office thereof, **including without limitation the FTC's Bureaus of Competition, Economics, General Counsel, and/or and the FTC's Office of Policy and Planning** (hereinafter FTC)…" Pl. Exh. A ¶2. (*Emphasis added*). The defendant's affidavit and the memorandum in support of summary

judgment concede that the only FTC offices contacted were the "**Agency's Office of Policy Planning, the Bureau of Consumer Protection and the Records and Filings Office.**" (Def. Exh. A, ¶ 8, Def. FTC Memorandum at 4) (*Emphasis added*). The defendant fail to adequately search the other bureaus of the FTC for responsive documents sought in FOAI 2006-00067.

Further and in response to the request, the plaintiff received a mere total of 26 emails in the FOIA documents. Complaint at ¶ 10. The FTC's Vaughn Index identifies only eight additional emails that were exempt. Essentially, the defendant would have the plaintiff and the Court believe that since January of 2002 only 34 email documents exist discussing a policy that involve extensive alcohol-related industry contacts, multi-state legislation, and an apparent concerted effort by the FTC and third-party industry representatives to seek the support of the Office of the Solicitor General in *Granholm v. Heald*, 544 U.S. 460, 125 S. Ct. 1885, 161 L. Ed. 2d 796 (2005).3 Pl. Exh. A ¶ 17.

The responsive documents received to date were produced by the defendant FTC in a haphazard manner. The transmittal letters which accompanied the productions would indicate a certain number documents were enclosed. Pl. Exh. A ¶¶12-14. The numbers cited in the transmittal letters did not match the number of documents actually produced. Pl. Exh. A ¶¶12-14. Now and before the Court, the FTC's affidavit provides a third set of numbers. The defendant attempts to soft peddle these irregularites by saying that "The numbers

_____

3   While the Office of the Solicitor General ultimately did not file a brief in support of the wine industry's position in the *Granholm* case, the Solicitor General decision not to intervene in the case was regarded as a victory in itself. See Mauro, Tony, *Courtside: Grapes of Wrath: Lawyers Locked In Fee Fight Dispute in High Court Case Embroils Starr, Sullivan*, Legal Times, Apr. 10, 2006.

contained in various cover letters to the Plaintiff may vary slightly from those listed in this declaration either because of clerical mistake, inclusion of duplicates in the numbers of released document, or simple arithmetical errors." Def. FTC Memorandum at 6. These inconsistencies are not mere clerical or mathematical errors but substantive factual disputes as to the number and the identity of records actually produced by the defendant.

By way of example, there is a discrepancy at to whether the defendant released approximately 140 documents. The defendant's affidavit, with regard to the February 5, 2007 production, claims the following: "In reviewing the file concerning the February 5, 2007, response to Plaintiff's FOIA request, I determined that the following directories were reviewed: "Wine Report and Memos" (208 pages); "Wine Amicus Memo" (302 pages); "Internet Wine Memos etc" (23 Pages); and "Internet Wine Correspondence" (400 pages). Of a total of 933 pages that were reviewed, 768 pages were disclosed in full, 152 pages were exempt from disclosure (withheld under exemption (b)(5) and (b)(2)), 11 pages were non-responsive, and 2 pages were duplicates." Def. Ex. A ¶14.

The FTC transmittal cover letter of February 5, 2007 reads:

> We have completed our review of 933 additional responsive pages for this response. There are additional responsive records and we anticipate sending you the fourth partial response within two weeks from the date of this letter. I am granting partial access to and am enclosing 621 pages of accessible records. There are approximately 295 full pages and portions of fifteen other responsive pages which contain staff analyses, opinions and recommendations.

Pl. Ex. A at ¶ 14, Attachment 1.

The defendant's affidavit states 768 documents were disclosed in their entirety on February 5, 2007 and the defendant's transmittal letter shows that only 621 documents were provided to the defendant. In reality, it was neither. On February 5, 2007, the plaintiff received approximately 642, including 7 non-responsive pages, and 257 blank pages marked "B5" from the defendant. Pl Exh. A. ¶ 14. When the defendant FTC produced the various document productions, the actual number of documents produced was not the number indicated in the transmittal letters. The actual productions by the FTC were usually within approximately 15 documents of the number reflected in the agency's transmittal letter. Pl Exh. A. ¶ 12. The February 5, 2007, FTC transmittal letter states that "295 full pages" have been withheld as privileged. Pl. Ex. A ¶ 14, Attachment 1. The Fina affidavit states only that "152 pages were exempt for disclosure ... 11 pages were no responsive and 2 pages were duplicates." Def Exh. A ¶ 14. The plaintiff was short changed between 126 and 141 of the documents the defendant claims to have produced on February 5, 2007. The identity and disclosure of these 120 to 140 missing documents remains in dispute. This is one example of the many inconsistencies between the FTC transmittal letters and the defendant's affidavit to this Court.

Additionally, the defendant FTC only produced only six documents spread over nine pages containing email, one letter, and one six page document entitled "FDA Retailer Page" presumable related to a new initiative entitled www.dontserveteens.gov. Alcohol-related industry parties have claimed that the defendant FTC worked in conjunction with the FTC to create this substantial web based program. The Century Counsil, a distilled spirit groups, web site reads: "The Century Council is a national not-for-profit organization funded by the

nation's leading distillers and the new initiative, developed by The Federal Trade Commission and The Century Council, called 'We Don't Serve Teens,' is designed to inform adults that providing underage youth with alcohol is unsafe, illegal, and irresponsible." Pl. Exh. A. ¶19. The defendant production to date identifies few if any of the outside parties and contacts by the FTC in development, production and planning for its public affairs outreach and only one contact between FTC and Century Council has been disclosed to date.

Finally, it was only after the plaintiff filed this Complaint that the defendant was able to "find" 71 additional documents on August 8, 2007. Def. Exh. A, ¶ 17. More than ten months after the initial FOIA request, and after repeated follow up inquires, and after an exhaustion of the plaintiff's administrative remedies, and after an appeal to the chief FIOA officer for the FTC, and after the filing of this Complaint, the defendant FTC's is just now locating additional responsive documents.

## C. THE DEFENDANT' VAUGHN INDEX DOES NOT ADEQUATELY DESCRIBE DOCUMENTS TO ALLOW THE COURT TO DETERMINE THE FTC'S CLAIMS OF PRIVILEGE

The Vaughn Index submitted by the FTC does not identify the author of the vast majority of documents listed on the index. Further, the index does not indicate the recipients of the documents. The defendant has not disclosed the names of "staff attorneys" who have created these allegedly protected documents. Thus, the plaintiff has no way of determining that said documents are in fact protected by attorney-client privilege or constitute internal FTC deliberation among staff members. Because of the contacts between the FTC and outside third parties, any legal recommendation, memoranda, or legal advice which were not kept confidential or disclosed to third parties is not protected by attorney-client privilege or

work product privilege. Courts have recognized that Exemption 5 protects, as a general rule, materials that are protected under the attorney-client privilege. *Mead Data Central*, 566 F.2d 242, 252-255 (D.C. Cir. 1977); and the attorney work-product privilege, *NLRB v. Sears*, 421 U.S.132, 154 (1975), *Bristol-Myers Co. v. FTC*, 598 F.2d 18 (D.C. Cir. 1978). A Vaughn index should include a summary of the record and why that a record is exempt from disclosure so as to allow a party to adequately the test the agency's claimed right to an exemption without full disclosure of the documents. *Kimberlin v. Dep't of Justice*, 139 F.3d 944, 950 (D.C. Cir. 1998); *Vaughn v. Rosen*, 484 F2d. 820 (D.C. Cir. 1973). See also *Judicial Watch v. FDA*, 449 F. 3rd 141, 146 (D.C. Cir 2006). Indeed, "the agency affidavits must ... disclos[e] as much information as possible without thwarting the exemption's purpose." *King v. U.S. Department of Justice*, 830 F.2d 210, 224 (D.C.Cir.1987). A simple indication as to who the author and the intended recipients of the documents listed on the Vaughn Index would not, in any manner, thwart the exemption's purpose. The defendant's Vaughn Index is riddled with inadequacies. All of the entries on pages 8 through 36 and page 38 have omitted the author and/or the recipient(s) of every single document listed on the index.4 The purpose of a *Vaughn* index is to "enable[] the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court." *Keys v. Dept. of Justice, 83 F.2d 337, 349 (D.C. Cir. 1987).*

---

4    Of the "descriptive" entries on the defendant's Vaughn Index, the vast majority do not describe any factual content of the documents and merely repeat the same description of the documents with a few minor variations. Vaughn Index at 22-27, 29-30. As this Court has noted "'[w]here the agency affidavits merely parrot the language of the statute and are drawn in conclusory terms, the court's responsibility to conduct *de novo* review is frustrated.'" Coleman v. F.BI., 972 F. Supp. 5, 9 (D.D.C 1997). Citing *Coleman v. F.B.I* at 12 (quoting *Carter v. United States Dep't of Commerce*, 830 F.2d 388, 393)

When asserting a claim of attorney-client or attorney work product privilege in the civil litigation context, attorney-client privilege logs described the contents of the documents; list the author, list intended recipients, and date of creation; and other relevant information. This basic information is essential for the Court to effectively perform its review the FTC's proffered exemptions. The reason for this requirement is obvious. The prerequisites for recognition of the privilege is that "the documents contain confidential information **and that they have been kept confidential**." *FTC v. GlaxoSmithKline*, 294 F.3rd 141, 146 (D.C. Cir 2002). (Emphasis added). With the Vaughn Index prepared by the defendant, neither the plaintiff nor the Court can to determine if any attorney-client privilege or work product exemption would apply because the index is insufficient in its description of the documents and fails to establish the prerequisites for recognition of the privilege. This claim of work product privilege is one of the claims of exemption on which the defendant placed a "primary reliance" on in its withholding documents. Def. Ex. A. ¶ 22.

An agency must submit Vaughn indices that adequately describe the withheld information and explain how the particular exemption is relevant. *Founding Church of Scientology v. Bell,* 603 F.2d 945, 947 (D.C.Cir.1979); *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973). FOIA requires the FTC to describe the withheld records along with a "sufficiently detailed explanation [of the basis for the claimed exemptions] to enable the district court to make a *de novo* determination of the agency's claims of exemption . . . ." *Spirko v. United States Postal Serv.*, 147 F.3rd 992, 997 (D.C. Cir. 1998). The courts conduct *de novo* review of an agency's refusal to disclose requested information, 5 U.S.C. §

---

(D.C.Cir.1987)).

552(a)(4)(B), *Alyeska Pipeline Service Co. v. Environmental Protection Agency*, 856 F.2d

309, 315 (D.C. Cir. 1988). Without a better record, this Motion for Summary Judgment is

premature in this case because the Vaughn Index is insufficient to conduct a *de novo* review.

If the Court agrees with the plaintiff that the defendant FTC's search for responsive

document has been inadequate, that there are the inconsistencies in the defendant's alleged

production, and other insufficiencies of the defendant's Vaughn Index warrant the denial of

the defendant's Motion for Summary Judgment at this time, the application of specific

exemptions to as to any particular withheld documents may be examined at a later hearing.

The plaintiff will address a few of those exemptions now should the Court not agree that the

defendant FTC's has failed meet its obligations in complying with FOIA

### D. THE WINE INSTITUTE DOCUMENTS

Senior employees of the FTC had meeting(s) and telephone contact with

representatives of the Wine Institute, a California based alcohol industry lobbying group, the

Coalition for Free Trade, and other representative of alcohol-related industry lobbying

groups. Def. Exh. A Vaughn Index FOIA 2007-00067. Pl. Exh. ¶ 17. Prior to and after such

contacts with industry representatives, documents were created which outline the contacts

between the Wine Institute and the FTC. FTC Vaughn Index Category: <u>Maureen</u>

<u>Olhausen</u>17, 24-26, 60, 98, 120-121, 123-125, 145-148, 182-184. 5 While the "summary" of

documents are described in the briefest of manner, the description includes a bullet point

presentation, an outline of a public speech to non-agency employees, discussions of state

---

5 The structure and non-sequential listing of the defendant FTC's Vaughn Index makes
the review of and reference to the index overly complex.

legislation, not FTC policy, and "thought and impressions from meeting with wine institute." Document 182-184.

These documents are not exempt from production because they do not meet the requirements of the internal deliberative process privilege under Exemption 5. In order for these documents to be withheld or redacted must be pre-decisional and deliberative. *See Mapother v. Dep't of Justice,* 3 F.3d 1533, 1537 (D.C.Cir.1993). For a communication or document "between subordinates and superiors" to be pre-decisional, they must be "actually Antecedent to the adoption of an agency policy." *Jordan v. United States Dep't of Justice,* 591 F.2d 753, 774 (D.C.Cir.1978). For a communication or document to be deliberative, it must be "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matter." *Vaughn v. Rosen,* 523 F.2d 1136, 1143-44 (D.C.Cir.1975). Therefore these documents should have been disclosed by the defendant.

### E. FOIA REQUIRES DISCLOSURE OF NAMES AND OTHER FACTUAL INFORMATION

The agency is required to disclose factual information contained in properly withheld documents to the extent that the information may be disclose without defeating the purpose of the exemption. The documents withheld by the FTC contain information which maybe disclosed to the plaintiff without defeating the purpose of any valid exemption. Pl. Exh. A 23. The defendant agency's "[D]isclosure, not secrecy, is the dominant objective of [FOIA]." *Department of the Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8 (2001) (quoting *Department of the Air Force v. Rose,* 425 U.S. 352, 361 (1976)). The Act requires disclosure of all information unless it falls within

a specific exemption, *Rose*, 425 U.S. at 360-361, and those exemptions must be narrowly

construed, *Klamath Water Users*, 532 U.S. at 7. The basic purpose of FOIA is to open

agency action to the light of public scrutiny. Rose, 425 U.S. at 372. Thus, when an agency

withholds documents, the burden is on the agency to prove that the claimed exemption

applies. 5 U.S.C. § 552(a)(4)(B); *Campbell v. Department of Justice*, 164 F.3d 20, 30

(D.C. Cir. 1998).  Simple disclosures such as the names of persons contacted by the FTC

may enable the plaintiff to obtain further disclosures through state FOIA statutes as well

as other methods.  The defendant FTC has failed to meet the agency's burden of not

disclosing factual information contain within the withheld documents.

## F.    DEFENDANT FTC'S AFFIDAVIT AND SEGREGABILITY

Where a document withheld under a FOIA exemption contains information that does

not implicate the exemption, the agency must produce that portion of the document that is

reasonably segregable and does not implicate the exemption.  5 U.S.C. § 552(b).  There is

little evidence which supports the defendant FTC's claim that the documents were reviewed

for segregability.  The defendant FTC's affidavit, which is signed and affirmed by Joan Fina,

Esq., states that "Ms. Marasco personally reviewed each document." Def. Exh. A ¶ 13.  The

basis for Ms. Fina's knowledge that Ms. Marasco personally reviewed over 5000 documents

remains unexplained in the defendant's affidavit.  In fact, the Fina affidavit also contains

statements like: "Ms. Marasco **likely reviewed** the agency's MMS."  Def Exh. A ¶ 8.

(*Emphasis added*).  The defendant FTC should have obtained an affidavit from Ms. Marasco,

regardless of whether Ms. Marasco is still employed by the defendant. The Fina affidavit

nakedly states that "Each page of each document was evaluated for segregability during the

initial processing of Plaintiff's request, during the course of the administrative appeal, and again during the preparation of the Vaughn Index." Def Exh. A ¶27.  This statement is unsupported by any factual basis for demonstrating the affiant's knowledge of whether a review for segregability occurred or who may have any performed any review or the manner in which any review may or may not have been conducted.  The defendant's affidavit merely parrots the case law requirements to support a denial of disclosure and is not a **factual statement** in support of the defendant's claim that the documents do not contain segregable materials.

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the FTC can demonstrate that the non-exempt portions are inextricably intertwined with exempt portions. *Assassination Archives and Research Ctr. v. CIA*, 334 F.3d 55, 57-58 (D.C.Cir.2003); *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C.Cir.1999); see also 5 U.S.C. § 552(b).  **Before withholding a document in its entirety, the FTC must demonstrate** that it cannot segregate the exempt material from the non-exempt and disclose as much as possible. See *Summers v. Dep't of Justice*, 140 F.3d 1077, 1081 (D.C.Cir.1998); *Kimberlin*, 139 F.3d at 949.  The Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1242 n. 4 (D.C.Cir.1991) (citation omitted).  The district court must consider segregability issues even when the parties have not specifically raised such claims. *Trans-Pacific Agreement v. united State Custom Service*, 177 F.3rd 10022, 1027 (D.C. Cir. 1999).  Again, the affidavit and

exhibits provided to this Court in support of the defendant FTC's Motion for Summary Judgment do not adequately support such a motion. The FTC has failed to meet's burden in showing that the documentation contains no segregable materials.

## **CONCLUSION**

For the reasons set forth above, the plaintiff respectfully request the Court to deny the Motion for Summary Judgment and enter the plaintiff's proposed order to remedy the deficiencies in the defendant FTC's response to the FOIA request and  to remedy any inconsistencies and insufficiencies in the defendant's affidavit and Vaughn Index.

Respectfully submitted,

CARTER, FULLERTON & HAYES, LLC
By Counsel

John E. Drury, Esq.
DC BAR No. 924407
Law Offices of John E. Drury
1900 L Street, NW
Suite 303
Washington, DC   20036
(202) 463-6131
DC Bar 924407

John Laughlin Carter
VA Bar No. 34933
Carter, Fullerton & Hayes, LLC
4115 Annandale Road
Suite 205
Annandale, Virginia 22003
(703) 658-7737 - Telephone
(703) 658-7736 - Facsimile

## CERTFICIATE OF SEVICE

I certify that the foregoing ***Plaintiff's Opposition to Defendant FTC's Motion for Summary Judgment*** was served upon Defendant by the Court's Electronic Case Filing System, to:

BEVERLY M. RUSSELL
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail:  beverly.russell@usdoj.gov

On this 27th day of August, 2007.

/s/ John E. Drury
_____
John E. Drury
Law offices of John E. Drury

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **CARTER, FULLERTON & HAYES, LCC**<br>Plaintiff | ) ) ) ) | |
| v. | ) ) | CA No. 07-01041 (RCL) |
| **FEDERAL TRADE COMMISSION**<br>Defendant. | ) ) ) ) | |

**PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN DISPUTE**

In opposition to the motion for Summary Judgment, the Plaintiff Carter Fullerton & Hayes, LLC hereby submits the following list of material facts that are in dispute:

1) Plaintiff's FOIA request specifically sought: "copies of all documents… communicating with the FTC or any division or office thereof, including without limitation the FTC's Bureaus of Competition, Economics, General Counsel, and/or and the FTC's Office of Policy and Planning (hereinafter FTC)…" FIOA 2007-0067. "The FTC determined that responsive documents **might be** found within the Commission's Office of Policy Planning, the Bureau of Consumer protection, and Records And Filings Office . . ." Def. Exh. A, ¶ 8. (*Emphasis added*). Defendant FTC failed to search the Bureau of Economic and the Office of the General Counsel as was requested in FOIA 2007-00067. Therefore, the defendant failed to perform an inadequate search.

2) There are significant discrepancies between the number of documents the defendant claims to have released and the number of documents actually produced to the plaintiff. There are significant discrepancies between the number of documents the

defendant claims to have withheld in the Fina affidavit and the number of documents the defendant claimed to withhold in its transmittal letters to the plaintiff. Def Exh. A ¶14, Pl. Exh. A ¶ 12-14.

3) The defendant FTC did not to disclose the all contacts between the commission and The Century Council in creating the web site entitled www.dontserveteens.gov. Therefore, the defendant's search for responsive documents was insufficient. Pl Exh. A ¶ 18-19.

4) The defendant FTC failed meet its legal obligations under the Freedom of Information Act , 5 U.S.C. § 552 ("FOIA").

5) The defendant FTC's Vaughn Index is insufficient to test the validity of the claimed exemptions. The defendant prepared a Vaughn index which does not reveal the author(s) and/or the recipient(s) of the vast majority of the documents list in the Vaughn Index therefore the index is insufficient to test the validity of exemption9s) claimed by the defendant FTC. Pl Exh. A ¶21-22.

Respectfully submitted,

CARTER, FULLERTON & HAYES, LLC
By Counsel

_____
John E. Drury, Esq.
DC BAR No. 924407
Law Offices of John E. Drury
1900 L Street, NW
Suite 303
Washington, DC    20036
(202) 463-6131
DC Bar 924407

22

John Laughlin Carter
VA Bar No. 34933
Carter, Fullerton & Hayes, LLC
4115 Annandale Road
Suite 205
Annandale, Virginia 22003
(703) 658-7737 - Telephone
(703) 658-7736 - Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CARTER, FULLERTON & HAYES, LCC**<br>Plaintiff | ) ) ) ) | |
| v. | ) ) | CA No. 07-01041 (RCL) |
| **FEDERAL TRADE COMMISSION**<br>Defendant. | ) ) ) ) | |

## DECLARATION OF JOHN LAUGHLIN CARTER

I, John Laughlin Carter, declare the following to be a true and correct statement of facts:

1. Plaintiff is a Virginia law firm that filed a FOIA request on behalf of a non-for profit organization. John Laughlin Carter is an attorney and partner with the firm of Carter Fullerton & Hayes, LLC. I have personal knowledge of the plaintiff's FOIA request and the documents received from the FTC in response to that request.

2. By letter to the defendant dated October 13, 2006, plaintiff submitted a FOIA request as follows:

This is a request under the Freedom of Information Act.

I request that copies of all documents in your possession relating to malt beverages; malt beverage manufacturers; malt beverage wholesalers/distributors; wine and distilled spirits manufacturers; wine and distilled spirits wholesalers/distributors; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with FTC or any division or office thereof, including without limitation the FTC's Bureaus of Competition, Economics, General Counsel and/or and the FTC's Office of Policy and Planning (hereinafter FTC)on any aspect of the regulation of alcohol from January 2002 to present. "**Document**" means the original and any copy of any written, typed, printed, recorded, electronic, or graphic matter of any kind, however produced or reproduced, including, but not limited to, letters or other correspondence, invoices, telegrams, memorials

of telephone conversations or meetings, intraoffice communications, electronic mail, advertisements, sales literature, memoranda, reports, summaries, tabulations, records, work papers, studies, cost sheets, financial reports, photographs, motion picture films, tape recordings, microfilm, other data compilations, including computer data, from which information can be obtained or translated into usable form.

Correspondence solely related to FTC regulation of alcohol advertising is exempt from this request. I would further like all documents from any entity outside of FTC communicating/ requesting/ discussing/ alerting/ identifying an action/ investigation/ research by the Office of Policy and Planning and/or Bureau of Competition on alcohol related matters as well as all documents and records from the FTC in response to these inquiries. Do not include material that is already publicly available on the FTC website. I would also like all FTC documents related to any communications with other federal and state agencies regarding the regulation of alcohol, the legal justification for FTC jurisdiction, and protocols, if any, with other federal agencies on alcohol issues.

3. Contrary to the affidavit of Joan Fina, Esq., I did not speak with Ms. Fina on November 13, 2006. I was contacted by Ms. Janet Evans of the FTC by email and voicemail. Ms. Evan was seeking, on behalf of the FTC, an amendment or clarification of the FOIA request.

4. After receiving an email message from Ms. Evans, I spoke directly with Ms. Evans and subsequently by reciprocal voice mail messages. These contacts are memorialized in the March 26, 2007 appeal letter and previous correspondences with the FTC and Carter Fullerton & Hayes, LLC. Def. Exh. A, Attachment 5 (Plaintiff's FOIA Appeal letter).

5. The undersigned had no contact with Joan Fina, Esq. until after I contacted David Shonka, Esq., Assistant General Counsel for Litigation of the FTC to protest both the inordinate delay in processing the FOIA request and the refusal of FTC attorneys to respond to correspondence and/or telephone inquires regaridng the status of the FOIA request.

6. I did receive the FTC letter of November 16, 2006. In good faith, plaintiff did agree to

the amendment of the request sought by the FTC in the vain hope of receiving a timely response.

7. I made in excess of 14 attempts to establish from the defendant the status of the plaintiff's FOIA request.   Telephone calls and letter to the FTC, seeking the status of the request, would often not be responded to by the defendant.

8. Ms. Lauren Marasaco of the FTC would leave voicemail messages stating that a production of documents would be forthcoming by a certain date.   When those date would pass with no production, I would again call the FTC to inquire as to why the production had no been produced.

9. At all times, the plaintiff timely paid the cost of any production and offered to send a courier service to retrieve documents in an effort to reduce the considerable delays the defendant's responses.   Plaintiff fully paid for all billed costs in the amount of $1,611.52.

10. The FTC asserted no statutory privilege, "unusual circumstances," nor offered any explanation(s) as to the piecemeal nature and repeated delays associated with the defendant's partial responses.

11. The plaintiff appealed the defendant's decision to the Chief FOIA Officer and sought an explanation as to the delays. William Blumenthal, Esq., the General Counsel of the FTC, offered no explanation or reason for the delay and the nature of the defendant's FOIA response. Def. Exh. A, Attachment 4.

12. The number of documents actually produced by the defendant was not the same amount indicated in the defendant's transmittal letters.   The actual numbers of documents

produced by the defendant FTC were within approximately 15 documents of the number noted in the transmittal letter.

13. On February 5, 2007, the plaintiff did not receive 768 documents from the FTC.

14.  On February 5, 2007, the plaintiff received approximately 642, including 7 non-responsive pages and 257 blank pages marked "B5" from the defendant.  The FTC transmittal cover letter of February 5, 2007 reads "We have completed our review of 933 additional responsive pages for this response. [ . . .]  I am granting partial access to and am enclosing 621 pages of accessible records. There are approximately 295 full pages and portions of fifteen other responsive pages which contain staff analyses, opinions and recommendations."  Attachment 1.

15. A final response was  sent by the FTC on March 13, 2007 - five months after the date of the FOIA request.

16. Plaintiff perfected its administrative appeal on March 26, 2007 and exhausted its administrative remedies.

17. Alcohol-related industry representatives, including representatives of the Coalition for Free Trade, were in communications with the FTC during the period of time the FTC prepared legal research, legal strategies and potential amicus opportunities  brief in *Granholm v. Heald*, 544 U.S. 460, 125 S. Ct. 1885, 161 L. Ed. 2d 796 (2005).  After the Supreme Court ruling, legal billing records submitted an intramural fight over legal fees reflects a number of contacts between counsel for the Coalition for Free Trade, the law firm of Kirkland & Ellis, and the FTC.  *Heald v. Granholm* Civil No. 2:00-CV-7143BAF (E.D. MI). Contacts included: a 6/17/04 – Phone call between Kenneth W. Starr and A.

Agrawal of the FTC, a 7/18/ 04 voicemail from Jennifer Atkins to A. Agrawal,  and  a

7/28/04 – Starr conference call with FTC officials regarding Solicitor General procedures.

18.  The defendant FTC, in conjunction with alcohol related industries, created the web site

known as "http://www.dontserveteens.gov/."

19.  The Century Council, a distilled spirit group, has posted on its website: "The
Century Council is a national not-for-profit organization funded by the nation's
leading distillers and the new initiative, developed by The Federal Trade
Commission and The Century Council, called "We Don't Serve Teens," is designed
to inform adults that providing underage youth with alcohol is unsafe, illegal, and
irresponsible."  Found at http://www.centurycouncil.org/press/2007/pr2007-04-16.html
and/or

http://www.centurycouncil.org/press/2006/pr2006-10-18.html）.

20.  The defendant FTC's production indicates only one contact between FTC and The

Century Council.  The Century Council has claimed that the FTC and The Century

Council developed this web site together.

21.  The defendant FTC's Vaughn Index is insufficient in detail to allow the plaintiff to

meaningfully test the exemption(s) asserted by the defendant.

22.  The name of the author(s) and intended recipient(s) of any document(s) claimed as

exempt by the FTC, pursuant to attorney-client work privilege or attorney-client work

product, would enable the plaintiff to test whether any such privilege may have been

waived by contacts between the FTC and outside third parties.

23.  Disclosure of factual information contained in properly exempt documents, such as

the names of state legislators contacted by the FTC, would enable plaintiff to obtain

additional information through state FOIA request, voluntary disclosure, and/or other

methods.

"I declare under the penalty of perjury, under the law of the Untied States of America, that the foregoing is true and correct."  Executed on this 27th day of August, 2007 in the Commonwealth of Virginia.

John Laughlin Carter
Carter, Fullerton, & Hayes, LLC



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580


John Carter, Esq.                                                        FEB  5 2007
Carter, Fullerton, & Hayes, LLC
4115 Annandale Road, Suite 205
Annandale, VA 22003

                              Re:   FOIA-2007-00067
                                    Malt Beverages

Dear Mr. Carter:

        This is a third partial response to your request dated 10/13/2006, under the Freedom of
Information Act seeking access to Malt Beverages. We have located and completed our review
of 933 additional responsive pages for this response. There are additional responsive records and
we anticipate sending you the fourth partial response within two weeks from the date of this
letter.

        I am granting partial access to and am enclosing copies of the 621 pages of accessible
records. There are approximately 295 full pages and portions of fifteen other responsive pages
which contain staff analyses, opinions, and recommendations. Those portions are deliberative
and pre-decisional and are an integral part of the agency's decision making process. They are
exempt from the FOIA's disclosure requirements by FOIA Exemption 5.5 U.S.C. § 552(b)(5);
*see NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132 (1975).

        Five of the pages contain information which is related solely to the internal personnel
rules and practices of an agency. These pages are exempt from the FOIA's disclosure
requirements by FOIA Exemption 2.5 U.S.C.§ 552(b)(2).

        Based on the fee provisions of the FOIA, 5 U.S.C. § 552(a)(4)(A), and the Commission's
Rules of Practice, 16 CFR § 4.8 et seq., as amended, I am also enclosing an invoice for the
charges we incurred for this partial response to your request. Failure to pay this bill promptly
will result in our refusal to provide copies of accessible documents in response to future requests.
If not paid within 30 days, this bill will accrue interest penalties as provided by the Federal
Claims Collection Standards, 31 C.F.R. § 900-904 (2005).

Please make checks payable to U.S. Treasury and send payment to:

Financial Management Office, H-790
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC  20580.

FEB-09-2007  06:22PM  FROM-                                T-562  P 003/004  F-'38

If you are not satisfied with this response to your request, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington D.C. 20580, within 30 days of the date of this letter. Please enclose a copy of your original request and a copy of this response. If you believe that we should choose to disclose additional materials beyond what the FOIA requires, please explain why this would be in the public interest.

If you have any questions about the way we are handling your request, or about our FOIA regulations or procedures, please contact Lauren Marasco at 202-326-2183.

Sincerely,

Joan E. Fina
Attorney

Enclosures