# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
**CARTER, FULLERTON & HAYES LLC,**     )
)
    **Plaintiff,**                               )
)
    **v.**                                         )    **Civil Action No. 07-1041 (RCL)**
)
**FEDERAL TRADE COMMISSION,**         )
)
    **Defendant.**                           )
_____)

## MEMORANDUM OPINION

Plaintiff, Carter, Fullerton & Hayes LLC, filed this suit pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 522, against defendant, the United States Federal Trade

Commission ("FTC"), requesting that FTC disclose and release various documents related to the

regulation of alcohol.  Presently before the Court is the defendant's motion [5] for summary

judgment.  Upon consideration of the government's motion, the plaintiff's opposition thereto, and

the reply, defendant's [5] motion for summary judgment shall be granted in part and denied in

part without prejudice as to its renewal.

## I.  BACKGROUND

Plaintiff is a Virginia law firm that filed a FOIA request on behalf of a non-profit

organization.  Compl. ¶ 3.  Defendant FTC is an independent administrative agency of the

government of the United States.  Id. at ¶ 4.  By letter dated, October 13, 2006, plaintiff

submitted a FOIA request to the FTC for

> all documents . . . relating to malt beverages; malt beverage manufacturers; malt
> beverage wholesalers/distributors; wine and distilled spirits manufacturers; wine and
> distilled spirits wholesalers/distributors; malt beverage, wine and distilled spirits

retailers; any organizations representing the aforementioned and any entity communicating with FTC or any division or office thereof . . . on any aspect of the regulation of alcohol from January 2002 to present."

Id. at ¶ 5.  Defendant FTC acknowledged receipt of plaintiff's request by letter dated October 20, 2006.  See Fina Decl., ¶ 6.  Also on October 20, 2006, FTC initiated a search for responsive documents in the Agency's Office of Policy Planning, the Bureau of Consumer Protection, and the Records and Filing Office.

Defendant FTC provided plaintiff with responsive documents on a rolling basis beginning on December 13, 2006.  See Fina Decl., ¶ 14.  Over a three-month period, the FTC provided plaintiff with four additional productions totaling 4,017 pages.  See Compl. ¶ 10.  The FTC withheld or redacted several hundred pages pursuant to FOIA Exemptions 2, 5, and 6, 5 U.S.C. §§ 552(b)(2), (b)(5), and (b)(6).  See Fina Decl., ¶ 14.

By letter dated March 26, 2007, plaintiff appealed the FTC's withholding and redaction of documents and sought an explanation as to the delays in the production.  See Compl. at ¶ 15. The defendant's general counsel granted plaintiff's appeal as to one document but otherwise affirmed the Agency's initial decision as to the documents that were withheld or redacted, and the cited exemptions.  See Compl. at ¶ 15; Fina Decl., ¶ 17.

Plaintiff filed the instant FOIA action on June 12, 2007, seeking, inter alia, an order requiring defendant to "disclose the requested records in their entireties and make copies available to the plaintiff."  See Compl. at 4.  In connection with the instant action, defendant discovered additional responsive pages and released twelve pages that had initially been withheld or redacted.  See Fina Decl., n.3.  Defendant also discovered an additional seventy-one page responsive document, of which only one page was released.  The remaining seventy pages were

2

withheld pursuant to Exemption (b)(5).  See id. at ¶ 18.

Defendant filed a motion for summary judgment on August 16, 2007.  This was followed by a memorandum in opposition filed by plaintiff on August 27, 2007 and a subsequent reply by defendant filed September 14, 2007.

According to the index produced by defendant pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973) (see Vaughn Index, Attach. 6 to Fina Decl.) as well as the declaration by Joan Fina (see Fina Decl.), certain responsive documents to plaintiff's FOIA request were redacted and/or withheld in full pursuant to Exemptions under 5 U.S.C. §§ 552(b)(2), (b)(5), and (b)(6).  Defendant asserts that it properly applied the FOIA Exemptions to these documents.  See Def.'s Mot. for Summ. J.

Plaintiff challenges the adequacy of the FTC's search.  See Pl.'s Opp'n at 8-12.  Plaintiff also asserts that defendant FTC "has wrongfully withheld the requested records."  See Compl. at ¶ 21.[1]  Plaintiff further alleges that the defendant's Vaughn index fails to adequately describe the

---

[1] Plaintiff challenges the defendant's withholding of documents based upon defendant's invocation of FOIA Exemptions 5 and 6.  Plaintiff raises no specific challenge, however, to defendant's withholding of documents pursuant to FOIA Exemption 2.  FOIA Exemption 2 permits agencies to withhold documents "related solely to the internal personnel rules and practices of the agency."  5 U.S.C. § 552(b)(2).  Exemption 2 applies both to trivial internal matters, referred to as "low 2" information, and substantial internal matters, the disclosure of which would facilitate circumvention of the law, referred to as "high 2" information.  See Crooker v. ATF, 670 F.2d 1051, 1074 (D.C. Cir. 1981).  According to defendant's filings, defendant withheld four pages under FOIA Exemption 2 that related to an internal agency practice.  See Def.'s Mot. for Summ. J., at 12.  Defendant maintains that these pages consisted entirely of an e-mail exchange between FTC staff concerning who has the authority to sign a document and the procedures for obtaining an authorized signature.  See id.  In light of this information and the defendant's Vaughn index, it is clear that defendant properly invoked Exemption 2 for this "low 2" information.  Further, since plaintiff has neither challenged the defendant's invocation of Exemption 2 or asserted that there is public interest in the information's disclosure, this Court is satisfied that defendant properly invoked Exemption 2.

withheld documents to allow the Court to determine the FTC's claims of exemption.   See Pl.'s
Opp'n at 12-15.

## II.  ANALYSIS

### A.    Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper when the
evidence in the record demonstrates that there are no disputed issues of material fact and that the
moving party is entitled to judgment on the undisputed facts as a matter of law.  FED. R. CIV. P.
56(c).  A genuine issue of material fact exists if the evidence, when viewed in light most
favorable to the non-moving party, "is such that a reasonable jury could return a verdict for the
nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  However, a
party must provide more than "a scintilla of evidence" in support of its position; the quantum of
evidence must be such that a jury could reasonably find for the moving party.  Id. at 252.  The
burden is on the movant to make the initial showing of the absence of a genuine issue of material
fact in dispute.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party is then
entitled to a judgment as a matter of law if the non-moving party "fails to make a showing
sufficient to establish the existence of an element essential to that party's case, and on which that
party will bear the burden of proof at trial."  Id. at 322.

For an agency to prevail on a motion for summary judgment in a FOIA action, it must
prove that no genuine issue of material fact exists, viewing the facts in the light most favorable to
the requester.  Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The
agency must demonstrate that "it has conducted a search reasonably calculated to uncover all
relevant documents" to satisfy this burden.  Id. at 1485 (citations omitted).  Whether or not the

agency's search is reasonably calculated depends on the adequacy of the search, not on the

results; and the adequacy of an agency's search is determined on a case-by-case basis, guided by a

standard of reasonableness.  Id.  As this Court has previously noted, reiterating the deemphasis

on results, "in assessing the reasonableness of a search, a court is not guided by whether the

search actually uncovered every document or whether the search was exhaustive."  Ferranti v.

Bureau of Alcohol, Tobacco & Firearms, 177 F. Supp. 2d 41, 47 (D.D.C. 2001) (Lamberth, J.)

(citation omitted).  In order to prove this adequacy threshold has been met, the agency may rely

upon "reasonably detailed, nonconclusory affidavits submitted in good faith."  Id.

There is no set formula for a Vaughn index; so long as the agency provides the Court with

materials providing a "reasonable basis to evaluate the claim of privilege," the precise form of the

agency's submission—whether it be an index, a detailed declaration, or a narrative—is

immaterial.  Gallant v. Nat'l Labor Relations Bd., 26 F.3d 168, 173 (D.C. Cir. 1994) (internal

citations omitted).  While Vaughn indices are generally discretionary, affidavits alone may not

suffice once it is established that records and documents are in a governmental agency's

possession.  Miscavige v. Internal Revenue Serv., 2 F.3d 366, 368 (11th Cir. 1993) (citing

Stephenson v. Internal Revenue Serv., 629 F.2d 1140, 1144-45 (5th Cir. 1980)).  Therefore, it is

in a governmental agency's best interest to provide a Vaughn index when claiming privilege,

should it seek to satisfy its disclosure burden.

Further, the agency must detail what proportion of the information in a document is non-

exempt and how that material is dispersed throughout the document.  Mead Data Cent., Inc. v.

U.S. Dep't of Air Force, 566 F.2d 242, 261 (D.C. Cir. 1977).  Any non-exempt information that

is reasonably segregable from the requested records must be disclosed.  See Oglesby v. U.S.

5

Dep't of Army, 79 F.3d 1172, 1178 (D.C. Cir. 1996).  In addition, district courts are required to consider segregability issues sua sponte even when the parties have not specifically raised such claims.  See Trans-Pac. Policing Agreement v. U.S. Customs Serv., 177 F.3d 1022, 1028 (D.C. Cir.1999).

In opposing a motion for summary judgment, a party must offer more than conclusory statements.  See Broaddrick v. Exec. Office of President, 139 F. Supp. 2d 55, 65 (D.D.C. 2001) (Citing Laningham v. U.S. Navy, 813 F.2d 1236, 1241 (D.C. Cir. 1987)).  Indeed, a plaintiff pursuing an action under FOIA must establish that either:  (1) the Vaughn index does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all non-exempt material in the requested documents.  See Perry-Torres v. Dep't of State, 404 F. Supp. 2d 140, 142 (D.D.C. 2005); Twist v. Ashcroft, 329 F. Supp. 2d 50, 53 (D.D.C. 2004) (citing Piper & Marbury, LLP v. U.S. Postal Serv., Civil No. 99-2383, 2001 WL 214217, at *2 (D.D.C. Mar. 6, 2001)).

**B.     Reasonableness and Adequacy of Defendant's Search**

In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness.  Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  To meet its summary judgment burden, "the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents."  Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg, 745 F.2d at 1485) (internal quotation marks omitted).  Under the FOIA, the agency is required to make a "good faith effort to conduct a search for the requested records, using methods reasonably expected to produce the information

requested." Oglesby, 920 F.2d at 68.

Plaintiff challenges the basic adequacy of defendant's search including the timing, the manner, the scope of the search, and the nature of the production. See Pl.'s Opp'n at 8. Specifically, plaintiff asserts that defendant's search was inadequate because defendant did not search for documents in the locations sought in plaintiff's FOIA request. See id. Plaintiff's FOIA request asked for documents relating to communications with the FTC or any division or office thereof, including without limitation, the FTC's Bureaus of Competition, Economics, General Counsel and/or the FTC's Office of Policy Planning. Id. Joan Fina, Supervisory Attorney of the FOIA Unit of the Office of the General Counsel within the FTC, determined that the Agency's Office of Policy Planning, the Bureau of Consumer Protection, and the Records and Filing Office were the most likely sources of documents responsive to plaintiff's FOIA request. See Fina Decl. ¶ 8. Her determination was based upon a search of the Agency's computerized information systems designed to identify likely repositories of documents and Ms. Fina's knowledge of the functions and responsibilities of the Agency's various organizations. See Fina Suppl. Decl. ¶¶ 1-2; Fina Decl. ¶ 9. The defendant also provided FOIA coordinators from each of the offices identified as likely to have responsive documents with a copy of plaintiff's FOIA request and instructions to return responsive documents to the FOIA office. See Fina Decl. ¶ 9. The coordinators were asked to notify the FOIA office if other divisions might have responsive records so that they may also be queried. Id. The coordinators did not identify any other organizations that might have responsive documents. Id. ¶ 10.

"An adequate search may be limited to places most likely to contain responsive documents." Defenders of Wildlife v. U.S. Dep't of Interior, 314 F. Supp. 2d 1, 10 (D.D.C.

2004) (citation omitted).  In response to plaintiff's request, and in accordance with its internal procedures, it was perfectly reasonable for the FTC to limit its search to those offices determined most likely to contain responsive documents.  The defendant was not required under the FOIA to search for records in offices other than those that were most likely to contain documents responsive to plaintiff's FOIA request.

Plaintiff also challenges the reasonableness of FTC's search on grounds that the number of e-mails produced is indicative an inadequate search.  According to plaintiff, only thirty-four e-mails were identified as responsive to plaintiff's request, of which, only twenty-six were produced.  See Pl.'s Opp'n at 9.  Plaintiff further asserts that missing records related to the FTC's involvement with the "Don't Serve Teens" initiative and corresponding website are further indication of an inadequate search.  See id.  The D.C. Circuit has made clear that a FOIA requester who challenges the reasonableness of a search "because the agency did not find responsive documents that [the requester] claims must exist" cannot sustain that challenge when he "provides no proof that these documents exist and [offers only] his own conviction that [an event] was of such importance that records must have been created."  Oglesby, 920 F.2d at 67 n.13.  "Such hypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search."  Id. (citing Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986)); see also Ferranti, 177 F. Supp. 2d at 48 (finding that speculation that other documents might exist is "insufficient to overcome summary judgment").  Further, the fundamental question for this Court in determining the adequacy of FDA's search is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate."  Steinberg, 23 F.3d at 551 (quoting Weisberg, 745

F.2d at 1485).

Moreover, even if this Court considered plaintiff's assertion that the number of e-mails produced is a possible indication of an inadequate search, declarations provided by defendant show otherwise.  In a sworn affidavit by Ms. Janet Evans, an FTC employee primarily responsible for the Agency's "We Don't Serve Teens" website, Ms. Evans describes the process by which defendant responded to that portion of plaintiff's request.  See Evans Decl. ¶¶ 1-2. According to her declaration, Ms. Evans conducted a search of her electronic and paper files, identified responsive documents, and sent those documents to the Agency's FOIA office.  See id. ¶ 2.  In light of the declaration by Ms. Evans as well as the initial and supplemental declaration of Ms. Fina, it is clear that defendant satisfied its burden under the FOIA to provide an adequate and reasonable search.

Plaintiff further asserts that there were numerous inconsistencies between the defendant's transmittal letters and the corresponding responsive documents that were produced by the defendant.  See Pl.'s Opp'n at 9-11.  Plaintiff offers examples that show that the number of documents indicated in the defendant's transmittal letter as having been disclosed in their entirety did not match the actual number of documents received.  See id. at 11.  According to plaintiff, the actual productions by the FTC were usually within approximately fifteen documents of the number reflected in the Agency's transmittal letter.  Id.  Plaintiff also points to a discrepancy between the number of documents withheld as privileged indicated in one of the defendant's transmittal letters and the number indicated in Ms. Fina's declaration.  Based on this discrepancy, plaintiff believes that it has been short changed between 126 and 141 documents.  To remedy plaintiff's concerns, on or about September 10, 2007, defendant provided plaintiff with a

9

complete electronic copy of all documents contained in the FTC's FOIA database related to plaintiff's request.  See Fina Suppl. Decl. ¶ 4.  In light of defendant's September 10, 2007 release, this Court is satisfied that the FTC's search was adequate and reasonable in response to plaintiff's FOIA request.

Finally, plaintiff argues that defendant's recent discovery of an additional document is further indication of its inadequate search.  See Pl.'s Opp'n at 12.  Defendant admits that it overlooked the document during the administrative processing of plaintiff's FOIA request.  The document was discovered as defendant was preparing a response to the instant action.  Upon discovery, defendant released the non-exempt material.  Plaintiff has provided no evidence that the defendant's oversight or subsequent release occurred in bad faith.

It is apparent from the defendant's filings that it has made a "good faith effort to conduct a search for the requested records, using the methods which reasonably can be expected to produce the information requested."  Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing Oglesby, 920 F.2d at 68).  The search that the FTC conducted in response to plaintiff's request was thus adequate to fulfil its obligations under FOIA.  This Court now proceeds to consider the adequacy of defendant's Vaughn index.

## C.    Adequacy of Defendant's Vaughn Index

### 1.    Sufficient Support for Defendant's Claimed Exemptions

In opposing defendant's motion for summary judgment, plaintiff asserts that the defendant's Vaughn index inadequately describes the documents for which exemptions are claimed.  Plaintiff argues that since several of the items on defendant's Vaughn index lack details about the staff attorneys who created the documents and/or the recipients, the plaintiff has no

way of determining whether those documents are protected by the attorney-client or work product privilege or whether the documents constitute internal deliberation among FTC staff members.  See Pl.'s Opp'n at 12, 14.  Plaintiff asserts that "[b]ecause of the contacts between the FTC and outside third parties, any legal recommendation, memoranda, or legal advice which were not kept confidential or disclosed to third parties is not protected by attorney-client privilege or work product privilege."  Id. at 12-13.  Plaintiff further argues that the vast majority of entries on the defendant's Vaughn index fail to describe the factual content of the documents and are so repetitive that the Vaughn index is insufficient to enable this Court to conduct a de novo review.  See Pl.'s Opp'n at 13, n.4.  While there is no set formula for a Vaughn index, the agency must provide a "relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."  Mead Data, 566 F.2d at 251 (citation omitted).  Furthermore, the agency may rely on detailed affidavits or declarations, or may submit documents for in camera review, because "the materials provided by the agency may take any form as long as they give the reviewing court a reasonable basis to evaluate the claim of privilege."  Gallant, 26 F.3d at 172-73 (quoting Delaney, Migdall & Young, Chartered v. Internal Revenue Serv., 826 F.2d 124, 128 (D.C. Cir. 1987)).

Typical entries in defendant's Vaughn index are as follows:  "Internal memo between staff attorneys of OPP deliberating/discussing whether to make recommendations to the Commission concerning the filing of an amicus brief," Vaughn Index at 13, Attach. 6 to Fina Decl.; "Internal agency memo from staff attorney to Commission setting our a recommendation as to whether to submit testimony to a congressional committee regarding e-commerce," id. at 44.  While there is

11

some degree of repetition among entries within defendant's <u>Vaughn</u> index, repetition is to be expected, especially when "each redacted passage concerns the same . . . subject." <u>Coldiron v. Dep't of Justice</u>, 310 F. Supp. 2d 44, 52 (D.D.C. 2004).  Further, plaintiff offers no support for its assertions that defendant improperly withheld documents pursuant to the work product privilege and deliberative process privilege of FOIA Exemption 5.  Typical entries on defendant's <u>Vaughn</u> index identify document authors as "staff attorney" or "FTC employee" and recipient as "the Commission."  Defendant's entries also describe documents as "internal memos."  Plaintiff claims that defendant's <u>Vaughn</u> index fails to adequately prove that such documents were kept confidential.  Absent a specific showing that these communications were not kept confidential, this Court concludes that defendant has met its burden in establishing a basis for withholding these documents under Exemption 5.  This Court finds that the defendant's descriptions provide an adequate basis for determining whether an exemption applies.

  **2.**  **Sufficient Segregation of Factual Content**

  For reasons set forth below in the Court's analysis of segregability, this Court finds that defendant's <u>Vaughn</u> index offers insufficient detail as to why deliberative factual content could not be segregated from exempt material contained in documents that defendant withheld in full. Having already found, however, that the remaining descriptions on defendant's <u>Vaughn</u> index are sufficient to allow the court to analyze defendant's claimed exemptions, the Court will first address the applicability of each exemption.

**D.**  **Defendant's Invocation of FOIA Exemption 5**

  Exemption 5 protects disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the

agency." 5 U.S.C. § 552(b)(5).  Courts have "construed this exemption to encompass the

protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil

discovery context," including "materials which would be protected under the attorney-client

privilege, the attorney work-privilege, or the executive 'deliberative process privilege.'" Taxation

With Representation Fund v. Internal Revenue Serv., 646 F.2d 666, 676 (D.C. Cir. 1981)

(citations omitted).[2]  Agencies invoking Exemption 5 most frequently rely upon the deliberative

process privilege, the purpose of which "is to prevent injury to the quality of agency decisions"

by allowing "the withholding of all papers which reflect the agency's group thinking in the

process of working out its policy and determining which its law shall be." NLRB v. Sears,

Roebuck & Co., 421 U.S. 132, 152-53 (1975) (citation omitted).  The privilege covers

"documents reflecting advisory opinions, recommendations and deliberations comprising part of

a process by which governmental decisions and policies are formulated." Id. at 150.  In contrast,

final statements of agency policy or statements explaining actions already taken by an agency are

not protected by the deliberative process privilege.  See id. at 153-54.

In applying the deliberative process privilege under Exemption 5, the documents to be

withheld or redacted must be pre-decisional and deliberative.  See Mapother v. Dep't of Justice, 3

F.3d 1533, 1537 (D.C. Cir. 1993).  For the communication or document to be predecisional, it

must be "actually antecedent to the adoption of an agency policy." Jordan v. U.S. Dep't of

---

[2] Plaintiff's assertions in the previous section question whether defendant properly withheld certain documents pursuant to the work product privilege and deliberative process privilege of FOIA Exemption 5.  Plaintiff claims that defendant's Vaughn index fails to adequately prove that such documents were kept confidential.  Having already found defendant's Vaughn index to be sufficient, and absent a specific showing that these communications were not kept confidential, this Court concludes that defendant has met its burden in establishing a basis for withholding these documents under Exemption 5.

Justice, 591 F.2d 753, 774 (D.C. Cir. 1978).  For a communication or document to be deliberative, it must be a "direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters."  Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

Defendant has withheld documents in whole or in part on the basis of the deliberative process privilege (alone or in conjunction with the work product privilege).  Plaintiff argues that certain documents relating to contacts between the FTC and representatives of alcohol-related lobbying groups are not exempt from production because they are not pre-decisional or deliberative.  See Pl.'s Opp'n at 16.  First, plaintiff challenges a group of documents that include handwritten notes and an outline created by a senior FTC employee in preparation for an industry speech.  Defendant claims that these documents were used as "deliberative aids" in deciding the final content of a Commission sanctioned speech.  See Vaughn Index at 2-3, Attach. 6 to Fina Decl.  Defendant maintains that the documents "are deliberative in nature and are antecedent to sanctioned Commission action, i.e. presentation of a speech.  Def.'s Reply at 9.  As plaintiff has provided no factual evidence to the contrary, this Court finds that the documents were both deliberative a pre-decisional in nature and were therefore properly withheld under Exemption 5.

Plaintiff also challenges the withholding of a set of handwritten notes of a senior FTC employee taken during meetings with Wine Institute retail representatives.  See Pl.'s Opp'n at 16. Defendant contends that the notes were created during Wine Institute meetings to aid in the employee's deliberation and formulation of recommendations to the Commission with respect to possible official action.  See Def.'s Reply at 10.  Further, defendant's Vaughn index describes these notes as representing the employee's "thoughts and impressions" of the meeting.  As such,

14

defendant has demonstrated that the notes in question are covered by the deliberative process privilege because they reflect pre-decisional policy recommendations as well as "the personal opinions of the writer rather than the policy of the agency."  Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980).  Accordingly, this Court holds that the FTC properly applied Exemption 5 to withhold documents and this Court shall grant summary judgment to the FTC with regard to its assertion of Exemption 5.

**E.     Defendant's Invocation of FOIA Exemption 6**

FOIA Exemption 6 allows an agency to withhold information from "personnel and medical files and similar files" where such disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  To warrant protection under Exemption 6, information must first satisfy the threshold requirement of being a personnel, medical, or a "similar file."  Id.  The Supreme Court has read "similar files" broadly to include any "[g]overment records on an individual which can be identified as applying to that individual." U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 601-02 (1982).  The D.C. Circuit has read the statute "to exempt not just files, but also bits of personal information such as names and addresses, the release of which would 'create[] palpable threat to privacy.'" Judicial Watch, Inc. v. FDA, 449 F.3d 141, 198 (D.C. Cir. 2006) (citations omitted).  However, "the statute does not categorically exempt individuals' identities . . . because the 'privacy interest at stake may vary depending on the context in which it is asserted.'"  Id. (citations omitted).

To determine whether a disclosure would constitute a "clearly unwarranted invasion of personal privacy, " the Court employs a balancing test, weighing "the private interest involved (namely, 'the individual's right to privacy') against the public interest (namely, 'the basic purpose

of the Freedom of Information Act,' which is 'to open agency action to the light of public

scrutiny')."  Id. (citations omitted).

Defendant has invoked Exemption 6 to withhold the names, addresses, and telephone

numbers of consumers who filed complaints with the FTC.[3]  Defendant asserts that it released all

information contained in the complaints except that it withheld (by redaction) the personal

information described above.  Since each piece of information withheld by defendants applies to

specific individuals, defendant has met the threshold requirement for Exemption 6 protection.

See Washington Post, 456 U.S. at 602 (holding that if the information sought applies to a

particular individual, the threshold requirement is met and a court must next determine the extent

of the intrusion on that person's privacy).

Plaintiff claims that the information withheld by defendant may be disclosed without

defeating the purpose of any valid exemption.  See Pl.'s Opp'n at 16.  This Court disagrees.  The

defendant's release of the complainants' personal information would constitute an unwarranted

invasion of personal privacy that is not outweighed by any public interest in this information.

The Supreme Court has narrowed the scope of the public interest in FOIA cases to information

which "sheds light on an agency's performance of its statutory duties."  U.S. Dep't of Justice v.

Reporters Comm. for Freedom of Press, 489 U.S. 749, 773 (1989).  Further, any public interest in

the information "is not fostered by disclosure of information about private citizens that is

---

[3] Defendant's filings show that the consumer complaints in question were collected from the FTC's consumer complaints database known as "Consumer Sentinel."  See Fina Decl. ¶ 11. Consumer Sentinel is a consumer fraud database accessible to law enforcement officials and shared with law enforcement partners in the United States and abroad.  Public and private organizations contribute complaints to the database in an effort to combat illegal activities.  See www.consumer.gov/sentinel/about/htm.  In providing complaints to the FTC, consumers routinely provide their home address and other identifying information.  See Fina Decl. ¶ 26.

accumulated in [FTC] files but that reveals little or nothing about [the] [A]gency's own conduct."
Id.  Plaintiff has failed to demonstrate that personal information withheld by the defendant pursuant to Exemption 6 would shed any light on the FTC's performance of its statutory duties.[4]

The D.C. Circuit has observed that "even a modest privacy interest outweighs nothing every time."  Nat'l Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989).  The court in Horner further stated that if, in light of the information withheld, "the balance characteristically tips in one direction," a court "need not inquire into the extent to which each individual whose name would be disclosed would suffer invasions of his or her privacy." Id. (citation omitted).  This Court finds that in the instant case, the privacy interests of the individual consumers whose information was withheld by defendant clearly outweigh the narrowly construed public interest in disclosure.  Consequently, this Court shall grant summary judgment to defendant with regard to its assertion of Exemption 6.

**F.    Defendant's Affidavit and Segregability**

Before the Court addresses plaintiff's claim that defendant improperly withheld segregable materials, the Court will initially address plaintiff's challenge to the FTC's affidavit. Plaintiff asserts that defendant's affidavit, which is signed and affirmed by Joan Fina, provides little evidence to support defendant's claim that the documents were reviewed for segregability. See Pl.'s Opp'n at 17.  Plaintiff argues that defendant has failed to prove Ms. Fina's actual

---

[4] Even if plaintiff made such a showing, this Court would be skeptical.  Consumers making complaints with the FTC have an expectation that it will protect their personal information.  See The Lakin Law Firm v. FTC, 352 F.3d 1122, 1123 (7th Cir. 2003) (finding in a FOIA case seeking the personal identities of consumers contained in the FTC's Consumer Sentinel database that "[w]hen people feel so strongly about something that they actually complain about it to a federal agency, they probably think their names and address will not be released").

knowledge that a paralegal in her department personally reviewed each document.[5]  See id.

Defendant contends that Ms. Fina's declaration is in fact based on her review of the official files

and records, her personal knowledge, or on the basis of information acquired through the

performance of her official duties.  See Def.'s Reply at 12 (quoting Fina Decl. ¶ 3).  Rule 56(e) of

the Federal Rules of Civil Procedure provides that an affidavit must be based upon the personal

knowledge of the affiant, must demonstrate the affiant's competency to testify as to the matters

stated, and must set forth only facts that would be admissible in evidence.  FED. R. CIV. P. 56(e).

The declaration of an agency official who is knowledgeable about the way in which information

is processed and is familiar with the documents at issue satisfies the personal knowledge

requirement.  See Spannaus v. U.S. Dep't of Justice, 813 F.2d 1285, 1289 (4th Cir. 1987)

(holding that declarant's attestation "to his personal knowledge of the procedures used in

handling [the] request and his familiarity with the documents in question" is sufficient). This

Court is satisfied that Ms. Fina's had personal knowledge of procedures used in handling

plaintiff's FOIA request and will now move to plaintiff's claim that segregable information was

improperly withheld.

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to

any person requesting such a record after deletion of the portions which are exempt."  5 U.S.C.

§ 552(b).  "Before approving the application of a FOIA exemption, the district court must make

specific findings of segregability regarding the documents to be withheld."  Sussman v. U.S.

─────────────────────

[5] To erase any doubt that plaintiff or this Court might have that the documents in question
were reviewed for segregability, defendant points to a supplemental declaration confirming that
both Ms. Fina and the paralegal assigned to plaintiff's FOIA request, personally reviewed each
page of each document for segregability.  See Fina Suppl. Decl. ¶ 3.

Marshals Serv., 494 F.3d 1106, 1116 (D.C. Cir. 2007) (citations omitted).  While "[a]gencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," "[i]f the district court approves withholding without such a finding, remand is required even if the requester did not raise the issue of segregability before the court." Id. at 1116-17. The question of segregability is subjective based on the nature of the document in question, and an agency must provide a reasonably detailed justification rather than conclusory statements to support its claim that the non-exempt material in a document is not reasonably segregable.  Mead Data, 566 F.2d at 261.  The justification need not be so detailed, however, so as to compromise the nature of the withheld information.  See id.  In this case, the segregability analysis applies to information withheld pursuant to Exemptions 2, 5, and 6.  For the reasons stated below, this Court grants defendant's motion for summary judgment as to its segregability analysis of information redacted pursuant to Exemptions 5 and 6, and information withheld in full pursuant to Exemption 2.  The Court denies defendant's motion for summary judgment as to its segregability analysis of documents withheld in full pursuant to Exemptions 5.

     **1.**     **Segregability After Defendant's Application of FOIA Exemption 2**

Defendant claims that the four pages withheld pursuant to FOIA Exemption 2 consisted entirely of an e-mail exchange between FTC staff concerning who has the authority to sign a document and the procedures for obtaining an authorized signature.  See Def.'s Mot. for Summ. J., at 12.  In light of Ms. Fina's declaration and defendant's Vaughn index, this Court is satisfied that defendant's segregability analysis for the pages withheld after its application of Exemption 2 was legally sufficient.

     **2.**     **Segregability After Defendant's Application of FOIA Exemption 5**

19

Defendant redacted handwritten notes from approximately 11 documents pursuant to FOIA Exemption 5.  These documents contained notes penned by FTC staff attorneys on otherwise public documents, such as maps, articles, and cases from legal reporters.  See Fina Decl. ¶ 28.  Defendant asserts that the notes were taken to aid in deliberation and used to make an ultimate recommendation to the Agency.  See id.  According to the descriptions on defendant's Vaughn index, all factual portions of these documents, including the text of the public content, were released.  In light of Ms. Fina's declaration and defendant's Vaughn index, this Court is satisfied that defendant's segregability analysis for the documents redacted after its application of Exemption 5 was legally sufficient.

Aside from the 11 documents that defendant redacted based upon its invocation of Exemption 5, defendant withheld a significant number of documents in full claiming deliberative process and work product privilege.[6]  Defendant maintains that the majority of these documents were not segregable "because their factual content was inextricably intertwined with the staff's legal analysis, recommendations and deliberations."   Def.'s Mot. for Summ. J., at 21; Fina Decl. ¶ 28.  According to defendant, "[r]evelation of any factual content would necessarily reveal the accompanying analysis or betray the staff's thought processes or the manner in which they weighed and considered the facts."  Id.  These conclusory statements offer this Court no detail as

_____

[6] Approximately 52 of the documents that defendant withheld in full are draft advocacy letters properly exempt for their deliberative and predecisional nature.  The parties disagree however as to whether defendant is required to release the names of the state legislators of whom the letters were addressed.  Plaintiff claims that disclosure of the names is necessary to "enable the plaintiff to obtain further disclosures through state FOIA statutes as well as other methods." See Pl.'s Opp'n at 17.  Defendant counters that "[r]elease of a legislator's name on an otherwise redacted draft document would have minimal or no informational content."  Def.'s Reply at 12. Since the defendant has not offered an adequate segregability analysis as to the remaining information contained in the letters, this Court has no way to confirm defendant's assertion.

to defendant's inability to segregate the factual content from the exempt material.  Moreover,

defendant's <u>Vaughn</u> index offers no additional aid for the Court's segregability analysis.  Typical

entries in defendant's <u>Vaughn</u> index are as follows:  "Internal agency memo from staff attorney of

the FTC to the Commission deliberating/discussing the impact of the FTC's reports on the

<u>Granholm</u> decision to assist in formulating future recommendations to legislative officials.

Deliberative factual content is inextricably intertwined with the basis for withholding and is,

therefore, not segregable," <u>Vaughn</u> Index at 6, Attach. 6 to Fina Decl.; "Internal agency memo

from staff attorney of the FTC to the Commission setting out a recommendation concerning a

draft letter to a Florida legislator concerning pending legislation.  Deliberative factual content is

inextricably intertwined with the basis for withholding and is, therefore, not segregable." <u>Id.</u> at 9.

Defendant's justifications for withholding factual content fail to sufficiently explain why

there was no reasonable means of segregating factual material from the exempt material.

Further, defendant's <u>Vaughn</u> entries fail to correlate claimed exemptions with the particular

passages to which they apply.  <u>See</u> <u>King v. U.S. Dep't of Justice</u>, 830 F.2d 210, 224 (D.C. Cir.

1987) (requiring the withholding agency to "supply a relatively detailed justification, specifically

identifying the reasons why a particular exemption is relevant and correlating those claims with

the particular part of a withheld document to which they apply") (internal citation omitted).  The

defendant's generic declaration that deliberative factual content is inextricably intertwined with

the basis for withholding and is therefore, not segregable, does not constitute a sufficient

explanation of segregability.  <u>See</u> <u>The Wilderness Soc'y v. U.S. Dep't of the Interior</u>, 344 F.

Supp. 2d 1, 19 (D.D.C. 2004) (rejecting such a "blanket declaration" (citing <u>Animal Legal Def.</u>

<u>Fund, Inc. v. Dep't of the Air Force</u>, 44 F. Supp. 2d 295, 301-02 (D.D.C. 1999))).

Without the benefit of reasonably detailed justifications as to why there are no means of segregating the factual content, this Court shall deny defendant's motion for summary judgment as to the adequacy of its segregability analysis for documents withheld in full pursuant to Exemption 5, without prejudice to its renewal.

**3.      Segregability After Defendant's Application of FOIA Exemption 6**

Defendant redacted personal information of individual consumers from documents released from defendant's consumer complaint database.  Aside from this personal information, the full text of all responsive documents from this database was released.  <u>See</u> Def.'s Mot. for Summ. J., at 22; Fina Decl. ¶¶ 26-28.  In light of Ms. Fina's declaration and defendant's <u>Vaughn</u> index, this Court is satisfied that defendant's segregability analysis for the documents redacted after its application of Exemption 6 was legally sufficient.

### III. CONCLUSION

For the foregoing reasons, defendant's [5] motion for summary judgment is granted in part and denied in part without prejudice as to its renewal.  This Court shall afford defendant the opportunity to correct its segregability analysis as to information withheld in full pursuant to Exemption 5 and shall allow it to refile a summary judgment motion in accordance with the attached Order.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on October 25, 2007.