IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARTER, FULLERTON & HAYES, LCC**<br>Plaintiff<br><br>v.<br><br>**FEDERAL TRADE COMMISSION**<br>Defendant. | )<br>)<br>)<br>)<br>) CA No. 07-01041 (RCL)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT FEDERAL TRADE
COMMISSION'S
RENEWED MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Carter Fullerton & Hayes, LC, by and through its undersigned counsel, hereby opposes the Defendant Federal Trade Commission's Renewed Motion for Summary Judgment pursuant to Fed R. Civ. P. 56. A review of the pleadings, memoranda, and the affidavits in support of, and opposition to, the defendant FTC's renewed motion demonstrate that material facts remain in dispute as to the defendant's ability to segregate factual information from documents withheld in their entirety. Therefore, the defendant's Renewed Motion for Summary Judgment should be denied at this time.

Pursuant to the Local Rules of this Court a memorandum of points and authorities in opposition to the defendant's motion, a statement of genuine issues, and a proposed order are attached herein.

Date: December 17, 2007

1

Respectfully submitted,
CARTER, FULLERTON & HAYES, LLC
By Counsel

/s/ John E. Drury

---

John E. Drury, Esq.
DC BAR No. 924407
Law Offices of John E. Drury, PC
1900 L Street, NW
Suite 303
Washington, DC   20036
(202) 463-6131 - Telephone

John Laughlin Carter
VA Bar No. 34933
Carter, Fullerton & Hayes, LLC
4115 Annandale Road
Suite 205
Annandale, Virginia 22003
(703) 658-7737 - Telephone
(703) 658-7736 - Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTER, FULLERTON & HAYES, LCC )<br>Plaintiff )<br>)<br>v. )<br>)<br>FEDERAL TRADE COMMISSION )<br>Defendant. )<br>) | CA No. 07-01041 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

On October 25, 2007, this Court denied in part and granted in part the Defendant's Motion for Summary Judgment. The Court ruled that the defendant, Federal Trade Commission's (hereinafter the "FTC"), "fail[ed] to sufficiently explain why there was no reasonable means of segregating factual material from exempt material" in the agency's withholding entire documents as exempt. Memorandum Opinion at 21. In filing its renewed motion for summary judgment, the defendant continues to argue that it lacks the ability to segregate any of the factual information from the documents which have been withheld in their entirety. (Other than four redacted pages produced by the FTC in response to the Court's order).

The new declaration in support of the agency's renewed motion provides some additional detail regarding the content of the documents that the FTC has withheld in their entirety. The FTC, now, admits that the documents contain the precise factual information that would be of interest to the general public including, by way of example: "the variety of product that would be available to customers, prices paid by customers;

and the convenience of purchase. The factual information also describes the impact on state policy objective, and **specifically identifies the impact on the collection of taxes and on underage consumption of alcohol**." Second Supplemental Declaration of Joan Fina, ¶ 7 (*Emphasis added*). Essentially, the agency seeks to withhold all the factual data which describes the effects on the general public of its policy decisions including those impacts which specifically can be identified by the FTC. By merely repeating that the factual information is "inextricably intertwined" with properly withheld portions of the documents, the FTC is seeking to avoid its statutory requirement under FOIA to segregate out factual information which should be properly disclosed.

## I. SEGREGABILITY ANALYSIS

The Freedom of Information Act requires that: "Any reasonably segregable portion of a record shall be provided . . . after deletion of the portions which are exempt." 5 U.S.C. § 552(b). The FTC must segregate out all purely factual matters or factual portions of otherwise exempt documents. *EPA v. Mink*, 410 U.S. 73, 91 (1973). This requirement to segregate factual information limits claims of exemption to discrete units of information with in a particular document; to withhold an entire document, all units of information in that document must fall within a statutory exemption. *Trans-Pacific Policing Agreement v. U.S. Customs Service*, 177 F.3d 1022 (D.C. Cir. 1999). The dominative object of FOIA is disclosure, not secrecy. *Department of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quoting *Department of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)).

In order to withhold the entirety of a document, the FTC must demonstrate that the agency cannot segregate the exempt material from the non-exempt and must disclose

2

as much factual information as possible. *Kimberlin v. Dep't of Justice,* 139 F.3d at 949-50.  In its Memorandum Opinion, this Court found that: "According to defendant, '[r]elevation of any factual content would necessarily reveal the accompanying analysis or betray the staff's thought process or the manner in which they weighed and considered the facts.' Id.  These conclusory statements offer this Court no detail as to the defendant's inability to segregate the factual content from the exempt material." Memorandum opinion at 20-21.  The Court of Appeals for the District Columbia Circuit has stated clearly that: "In order to demonstrate that all reasonably segregable material has been released, the agency must provide a 'detailed justification' for its non-segregability *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir., 2002) (*Citations omitted*).

The plaintiff respectfully argues that this Court should examine carefully the factual statements of the FTC beyond the mere repetition by the defendant of the legal standards which support its refusal to disclose. "[U]nless the segregability provision of the FOIA is to be nothing more than a precatory precept, agencies must be required to provide the reasons behind their conclusions in order that they may be challenged by FOIA plaintiffs and reviewed by the courts." Mead *Data Central, Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242, 263. "In addition to a statement of its reasons, an agency should also describe what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document." *Id.*

While disclosure of the factual information contained in the documents withheld by the FTC may undermine its policy decisions or evince a selection of certain data to achieve a preconceived policy goal, merely repeating that the factual information is

3

"inextricable intertwined" **is not a proper "detailed justification"** for non-segregability. *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). (Emphasis added). "To address the inadequacy of the NLRB's materials, we held that "[t]he withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.' " Id. at 1210 (quoting *King v. United States Dep't of Justice*, 830 F.2d 210, 224 (D.C.Cir.1987)) (emphasis in Schiller ). *Krikorian v. Department of State*, 984 F.2d 461, 468 (C.A.D.C., 1993)." The defendant has not provided a detailed justification as to why the FTC is incapable of segregating out the factual information contained in the documents at issue.

## II. FACTUAL INFORMATION SUBJECT TO DISCLOSURE

The FTC has failed to provide the level of detail necessary to demonstrate that portions of documents withheld in their entirety could not be segregated and released. In fact, the Second Supplemental Declaration of Ms. Joan Fina demonstrates that the documents withheld in their entirety contain underlying data which the agency relied on in reaching its policy decision(s). The declaration concedes:

> The factual information describes the impact on customers of allowing direct wine shipments to customers from out of state sources. The factual information specifically addresses the impact on the variety of product that would be available to customers, prices paid by customers; and the convenience of purchase. The factual information also describes the impact on state policy objective, and specifically identifies the impact on the collection of taxes and on underage consumption of alcohol."

Second Supplemental Declaration of Joan Fina, ¶ 7.

4

The withheld documents clearly contain factual information that can be separated from deliberative portions of the withheld documents. This data, pure factual information, is of particular interest to the general public because it reflects the impact the FTC's decisions will have on consumers, the general public, and state tax revenues and state policy objectives, including the objective of avoiding underage drinking. First Supplement to the Declaration of John L. Carter ¶ 7. The focus of FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material. *Schiller v. NLRB*, 964 F.2d 1205, 1209-10 (D.C. Cir. 1992). See also: *Public Citizen Health Research Group v. Food & Drug Admin.*, 185 F.3d 898 (D.C. Cir. 1999).

The FTC declaration is vague and states in only conclusory terms that the factual information contained in the documents being withheld in their entirety is "inextricably intertwined with exempt portions." This phrase, or a variation on it, is repeated as mantra at least twelve times in the FTC's second supplementary declaration. This phrase is a legal standard and not factual reason why this underlying data is so enmeshed or why the FTC is unable to segregate the factual data regarding the impact of its policy decisions will have on consumers and the states. The D.C. Circuit has held that "it is error for a district court to simply approve the withholding of an entire document without entering a finding on segregability or the lack thereof." Schiller, 964 F.2d at 1210 (quoting *Church of Scientology v. Department of Army,* 611 F.2d 738,744 (9th Cir. 1979). In this Court's previous Memorandum Opinion the Court noted that "The defendant's generic declaration that deliberative factual content is inextricably intertwined with the basis for withholding and is therefore, not segregable, does not constitute a sufficient

5

explanation of segregability." Memorandum Opinion at 21. While the FTC's Second Supplementary Declaration provides some additional description of the documents withheld in their entirety, the declaration does not provide a detailed why the factual content could not be segregated. In order for the Court to enter a ruling on segregability, the defendant must provide a reason why the factual information can not be segregated not merely repeatedly state that the factual information is "inextricably intertwined."

The defendant would like the Court to believe that **of the over 470 pages of documents withheld in their entirety** and addressed in the table found in paragraphs 6 through 9 of the FTC's second supplementary declaration, **not a single page can be redacted** to provide the plaintiff with the factual information contained therein. The FTC could easily redact everything but the statistical or factual information on issues including the costs of products to customers, the availability of product to customers, the impact on state tax revenues, the impact on state policy objectives, and the impact on underaged drinking. By way of example in the Second Supplemental Declaration of Ms. Joan Fina at paragraph 20, the defendant categorizes a document as an internal email which identifies pending state legislation regarding the direct shipment of wine. The plaintiff questions why factual information regarding the bill, the name of the state, and/or even the mere title of the legislation cannot be disclosed. Defendant's affidavit at paragraph 24 also discloses an email which contains names of state regulatory officials serving on various state liquor boards. Second Supplemental Declaration of Ms. Joan Fina ¶ 24. This factual information should be disclosed.

The FTC also argues that "by comparing factual material within the drafts to final versions available to the public, one can reconstruct the decision making process by


comparing the factual material in the two versions that was kept, moved, or edited." Second Supplemental Declaration of Ms. Joan Fina at ¶ 9. In other words, the public would be made aware of factual information which was "kept, edited, or moved" that was not supportive of the FTC's predetermined policy goals in support of the alcohol-related industry and/or the direct shipment of wine. What factual information was "kept, moved, or edited" regarding the "impact on underaged consumption of alcohol" by the direct shipment of wine. Second Supplemental Declaration of Ms. Joan Fina at ¶ 7. What factual information was "kept, moved, or edited" regarding the impact on state revenue collection or state policy objectives that do not appear in the final sanitized version of a withheld document? Did the FTC provide all the factual information on state collection of tax revenues in the agency letters to the state legislators? Did the FTC inform the legislators in Ohio, California, and Florida of all the factual information in the agency's possession regarding lost revenues involving state sales taxes or alcohol-related taxes by the direct shipment of wine? Any factual information contained in these draft documents which was edited out by the agency because it was not supportive of the defendant's policy objectives would be lost to the general public.

It seems quite likely that this non-exempt material can be disclosed without compromising the protection of the FTC's deliberative process. Information including, but not limited to, factual information, on: 1) the costs of products to customers, 2) the availability of product to customers, 3) the impact on state tax revenues, 4) the impact on state policy objectives and 5) the impact on underaged drinking.

The defendant has not produced a final version of the speech of Ms. Maureen Olhaussen to the Wine Institute. The agency's production has included the invitation

letter from the Wine Institute and a "thank you" letter from the Wine Institute. It has claimed as exempted a number of "draft" versions of the speech but has failed to produce any final version or the text of the speech which was actually given. Second Supplemental Declaration of Ms. Joan Fina at ¶ 18. The speech which was given to an industry lobbying group includes data on: "the potential effects on the consumer of allowing interstate shipment of alcohol and include the variety of products which would be available to the customer, the prices paid, and the convenience of purchase." *Id.* Despite the defendant's claim that the speech draft included facts drafted by a "subordinate attorney," the speech cannot be withheld under the attorney-client work product rule in that its contents have been disclosed to the public and has not remained confidential. *Id.* Therefore, the defendant should be required to segregate out the factual information in the "draft" of the speech and release that information.

Finally, the defendant had failed to correlate the claimed exemptions with the particular passages within document withheld in their entirety. *King v. U.S. Dep't of Justice*, 830 F.2d 210, 224 (D.C.Cir 1987). There is no analysis offered by the defendant of the individual passages within documents withheld in their entirety. All the defendant offers is that everything is "inextricably intertwined."

## II. DOCUMENTS WITHHELD UNDER ATTORNEY WORK PRODUCT PRIVILEGE

The plaintiff does not challenge the defendant's assertion that "If a document is fully protected as work product, then segregability is not required." *Judicial Watch, Inc. v. Dep't of Justice,* 432F.3d 366, 371 (D.C. Cir. 2005); *Martin v. Office of Special Council, Merit Systems Protection Board*, 819 F.2d 1181, 1187 (D.C. Cir. 1987). The issue with the documents withheld in their entirety as work-product is that the plaintiff

8

and the Court have no ability to assess whether not the attorney-client work product privilege is applicable because the government has not produced a privilege log and the Vaughn index and the declarations of the defendant, do not provide enough information to analyze whether the privilege had been properly invoked.

Five of the fifteen directories have been withheld by the defendant in their entirety under the work-product aspect of Exemption 5. Second Supplemental Declaration of Ms. Joan Fina at ¶ 2. Other than making stating that "subordinate staff attorneys" and "staff attorneys" either authored or participate in the creation of a record, there is none of the traditional information necessary to allow a party or the Court to analyze whether the privilege has been properly invoked.. Second Supplemental Declaration of Ms. Joan Fina at ¶¶ 18, 31. As the D.C Circuit has ruled: "To that extent it satisfies most of the necessary conditions for application of the attorney-client privilege. The privilege does not allow the withholding of documents simply because they are the product of an attorney-client relationship, however. It must also be demonstrated that the information is confidential. If the information has been or is later shared with third parties, the privilege does not apply." *Mead Data Central, Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242 (D.C. Cir. 1977). Without additional information on the nature of the documents withheld as attorney-client work product, their authors, and whether or not outside third parties in the alcohol-related industries were consulted in their drafting, the plaintiff is unable to challenge, in any meaningful way, whether or not the privilege has been properly invoked.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARTER, FULLERTON & HAYES, LCC**<br>Plaintiff<br><br>v.<br><br>**FEDERAL TRADE COMMISSION**<br>Defendant. | )<br>)<br>)<br>)<br>) CA No. 07-01041 (RCL)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN DISPUTE**

In opposition to the Renewed Motion for Summary Judgment, the Plaintiff, Carter Fullerton & Hayes, LLC, hereby submits the following list of material facts that are in dispute:

1) The documents withheld in their entirety by the FTC contain factual information which should be segregated and released pursuant to the Freedom of Information Act.

2) Factual information subject to disclose include: a) the cost of alcohol products to consumers, b) the availability products to consumers, c) the impact of FTC policy on state tax revenues, d) the impact of FTC policy on state policy objectives and e) the impact of FTC policy on underaged drinking.

3) The defendant has failed to provide a detailed reason as to why the factual information contained in otherwise exempt materials cannot be segregated from documents which were withheld by the defendant in their entirety.

4) The defendant has not produced a final version of the speech of Ms. Maureen Olhaussen to the Wine Institute. The agency's production has included the invitation

1

letter from the Wine Institute and a "thank you" letter from the Wine Institute. The FTC has claimed as exempted a number of "draft" versions of the speech but has failed to produce any final version or the text of the speech which was actually given.

Respectfully submitted,

CARTER, FULLERTON & HAYES, LLC
By Counsel

/s/ John E. Drury
_____

John E. Drury, Esq.
DC BAR No. 924407
Law Offices of John E. Drury, PC
1900 L Street, NW
Suite 303
Washington, DC  20036
(202) 463-6131 - Telephone

John Laughlin Carter
VA Bar No. 34933
Carter, Fullerton & Hayes, LLC
4115 Annandale Road
Suite 205
Annandale, Virginia 22003
(703) 658-7737 - Telephone
(703) 658-7736 - Facsimile

## **CONCLUSION**

For the reasons set forth above, the plaintiff respectfully request the Court to deny the Renewed Motion for Summary Judgment and enter the plaintiff's proposed order and order the defendant to properly segregate and disclose all factual information contained in the documents which were withheld in their entirety as exempt.

Respectfully submitted,

CARTER, FULLERTON & HAYES, LLC
By Counsel

/s/ John E. Drury (see attached signature pages 10/11)

John E. Drury, Esq.
DC BAR No. 924407
Law Offices of John E. Drury, PC
1900 L Street, NW
Suite 303
Washington, DC  20036
(202) 463-6131 – Telephone


John Laughlin Carter
VA Bar No. 34933
Carter, Fullerton & Hayes, LLC
4115 Annandale Road
Suite 205
Annandale, Virginia 22003
(703) 658-7737 - Telephone
(703) 658-7736 - Facsimile

### CERTFICIATE OF SEVICE

I certify that the foregoing *Plaintiff's Opposition to Defendant FTC's Renewed Motion for Summary Judgment* was served upon Defendant by the Court's Electronic Case Filing System, to:

BEVERLY M. RUSSELL
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov

On this 17th day of December, 2007.

/s/ John E. Drury
_____
John E. Drury
Law offices of John E. Drury

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARTER, FULLERTON & HAYES, LCC**<br>Plaintiff<br><br>v.<br><br>**FEDERAL TRADE COMMISSION**<br>Defendant. | )<br>)<br>)<br>)<br>) CA No. 07-01041 (RCL)<br>)<br>)<br>)<br>) |

### SUPPLEMENTAL DECLARATION OF JOHN LAUGHLIN CARTER

I, John Laughlin Carter, declare the following to be a true and correct statement of facts:

1. Plaintiff is a Virginia law firm that filed a FOIA request. John Laughlin Carter is an attorney and partner with the firm of Carter Fullerton & Hayes, LLC. I have personal knowledge of the plaintiff's FOIA request and the documents received from the FTC in response to that request.

2. By letter to the defendant dated October 13, 2006, plaintiff submitted a FOIA to the defendant.

3. The FTC asserted no statutory privilege, "unusual circumstances," nor offered any explanation(s) as to the piecemeal nature and repeated delays associated with the defendant's partial responses.

4. The plaintiff appealed the defendant's decision to the Chief FOIA Officer and sought an explanation as to the delays. William Blumenthal, Esq., the General Counsel of the FTC, offered no explanation or reason for the delay and the nature of the defendant's FOIA response.

1

5. A "final response" was sent by the FTC on March 13, 2007 - five months after the date of the FOIA request. Plaintiff perfected its administrative appeal on March 26, 2007 and exhausted its administrative remedies.

6. This request for information, pursuant to the Freedom of Information Act, was sent to the FTC on October 13, 2006. The plaintiff still is receiving responsive documents as late as December of 2007. Belatedly, the defendant released to the Plaintiff a letter from a Member of Congress seeking additional information following a congressional hearing. However, FTC did not provide its answers to the letter. Although FTC has failed to respond in a timely manner to this FOIA request, the defendant has produced a new website link on selective alcohol actions on the agency website.
http://www.ftc.gov/opp/alcohol/index.shtm

7. Of interest to the general public would be factual information including: 1) the costs of products to customers, 2) the availability product to customers, 3) the impact on state tax revenues, 4) the impact of FTC policy on state policy objectives and 5) the impact of FTC policy on underaged drinking.

8. The FTC's Vaughn Index and the declarations in support of summary judgment are insufficient in detail to allow the plaintiff to meaningfully test the exemption(s) asserted by the defendant.

9. The name of the author(s) and intended recipient(s) of any document(s) claimed as exempt by the FTC, pursuant to attorney-client work privilege or attorney-client work product, would enable the plaintiff to test whether any such privilege may have been waived by contacts between the FTC and outside third parties.

10. Disclosure of factual information contained in properly exempt documents, such as the names of state legislators contacted by the FTC and the names of individuals on state liquor control boards identified by the FTC, would enable plaintiff to obtain additional information through state FOIA request, voluntary disclosure, and/or other methods.

"I declare under the penalty of perjury, under the laws of the Untied States of America, that the foregoing is true and correct." Executed on this 17th day of December, 2007 in the Commonwealth of Virginia.

John Laughlin Carter
Carter, Fullerton, & Hayes, LLC

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARTER, FULLERTON & HAYES, LCC**<br>　　　Plaintiff<br>　　　v.<br><br>**FEDERAL TRADE COMMISSION**<br>　　　Defendant. | CA No. 07-01041 (RCL) |

## ORDER

UPON CONSIDERATION of the defendant's motion, the plaintiff's opposition thereto, and the entire record herein, it is this _____ day of _____ 200_,

ORDERED that the Defendant's Renewed Motion for Summary Judgment is DENIED at this time, and it further

ORDERED that the Defendant review the documents withheld in their entirety and provide the plaintiff with redacted versions of any properly exempt documents which contain factual information or statistical information which are subject to release under the Freedom of Information Act.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Royce C. Lamberth
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge
　　　　　　　　　　　　　　　　　　　　　　　　　for the District of Columbia

1

Copies to:

BEVERLY M. RUSSELL
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail:  beverly.russell@usdoj.gov

John E. Drury, Esq.
DC BAR No. 924407
Law Offices of John E. Drury, PC
1900 L Street, NW
Suite 303
Washington, DC   20036
(202) 463-6131 - Telephone

2