UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTER, FULLERTON & HAYES, LLC, )<br>                                        )<br>      Plaintiff       )<br>                                        )<br>      v.           )<br>                                        )<br>FEDERAL TRADE COMMISSION, )<br>                                        )<br>      Defendant.       )<br>_____ ) | Civil Action No. 07-1041(RCL) |

**DEFENDANT FEDERAL TRADE COMMISSION'S NOTICE TO THE COURT**

The purpose of this Notice is to inform the Court and Plaintiff of recent events which might impact this suit. Defendant's undersigned counsel was just informed of these events today, June 5, 2008. As background, and to assist the Court and the Plaintiff in putting these recent events in context, Defendant provides a summary of the case proceedings to date.

On June 12, 2007, Plaintiff brought this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking copies of all documents in the Federal Trade Commission's ("FTC") possession relating to "malt beverages; malt beverage manufacturers; and distilled spirits wholesalers/distributors; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with FTC or any division thereof . . . on any aspect of the regulation of alcohol from January 2002 to present. . ." Pl.'s Compl. ¶¶ 1, 2 and 5. Prior to bringing this suit, Plaintiff, on October 13, 2006, had filed a FOIA request with the FTC for the above-noted records, and the FTC, over a three month period beginning December 13, 2006, produced responsive records to Plaintiff. Carter, Fullerton & Hayes v. Federal Trade Commission, 134 F.Supp.2d 134, 137 (D.D.C. 2007). By letter dated March 26, 2007, Plaintiff administratively appealed the FTC's withholdings and redactions but,

with the exception of one document, the FTC upheld its disclosure determinations.  Id.  This suit followed.

On August 16, 2007, Defendant Federal Trade Commission moved for summary judgment.  After full briefing on that motion, i.e., after the filing of Plaintiff's opposition and Defendant's reply to that opposition, the Court granted Defendant's motion in part.  Although Plaintiff challenged the adequacy of the FTC's search for responsive records, the Court found that the FTC "made 'a good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested.'" Carter, Fullerton & Hayes, 134 F.Supp.2d at 141, quoting, Moore v. Aspin, 916 F.Supp. 32, 35 (D.D.C. 1996)(citation omitted).  With regard to the search, the Court also noted that "it was perfectly reasonable for the FTC to limit its search to those offices determined most likely to contain responsive documents."  Carter, Fullerton & Hayes, 134 F.Supp.2d at 140.

As to the FTC's application of FOIA exemptions to protect certain information from disclosure, the Court "granted [D]efendant's motion for summary judgment as to its segregability analysis of information redacted pursuant to Exemptions 5 and 6, and information withheld in full pursuant to Exemption 2 [but denied Defendant's] motion for summary judgment as to its segregability analysis of documents withheld in full pursuant to Exemption 5."[1]  Id. at 146.  However, regarding the latter, the Court provided Defendant 30 days to "submit a new motion

---

[1]Exemption 2 protects from public disclosure information that is "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2).  Exemption 5 protects from public disclosure matters that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  Exemption 6 protects from public disclosure information from "personnel and medical files and similar files" where such disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

for summary judgment containing a more detailed explanation as to why no factual portions can be segregated from the documents withheld in full under Exemption 5." Id. at 148. On December 5, 2007, Defendant FTC filed a renewed motion for summary judgment, Plaintiff subsequently opposed the motion, and on January 16, 2008, Defendant filed its reply to that opposition.

On February 27, 2008, Plaintiff filed a suit in the U.S. District Court for the Eastern District of Virginia related to its November 20, 2007 FOIA request to the FTC for documents "relating to wine, spirits or malt beverages; malt beverage manufacturers; malt beverage wholesalers; wine and distilled spirits manufacturers; wine and distilled spirit wholesalers; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with the FTC or any division or office thereof. . .on any aspect of the regulation of alcohol from this law firm's previous FOIA (FOIA 2007-00067) dated October 13, 2006 through completion of your production for this FOIA request." See Pl.'s Compl. (Civil Action No. 08-182(GBL/TRJ)(E.D.Va.))(Attachment). On April 30, 2008, the FTC filed a Motion for Summary Judgment in this suit.

Today, June 5, 2008, Defendant's undersigned counsel in the above-captioned matter was informed of the following. On June 4, 2008, the FTC learned that due to an apparent misunderstanding, there were multiple boxes of documents in the FTC's Seattle Regional Office that might be responsive to Plaintiff's FOIA requests serving as the basis of its litigation in this Court and in the Eastern District of Virginia which were not produced to Plaintiff. Joan Fina, the supervisory attorney for the FTC who is primarily responsible for administering the FTC's FOIA and Privacy Act programs, has requested that the Seattle Regional Office forward the documents

to the FTC's FOIA Office for review to determine whether they are both responsive to Plaintiff's FOIA request and not exempt from disclosure under the FOIA.  Until this review is completed, Defendant is unable to provide a recommendation to the Court for further action on the issue, if indeed, additional action is required.  However, if the documents are responsive to Plaintiff's FOIA requests, a matter which must be addressed is where any issues related to the documents should be litigated.  Defendant avers that litigation as to these documents should not proceed both here and in the Eastern District of Virginia.  Thus, after the FTC's review of the documents, Defendant's undersigned counsel will consult with Plaintiff's counsel and the Assistant U.S. Attorney representing the FTC in the Eastern District of Virginia to discuss appropriate next steps.  Defendant will provide the Court with a status of its efforts on this issue on or before June 20, 2008.

Respectfully Submitted,

/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell

———————————————————
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing *Defendant Federal Trade Commission's Notice to the Court* was served upon Plaintiff by the Court's Electronic Case Filing System, to:

John E. Drury
Law Offices of John E. Drury, PC
1900 L Street, N.W., Suite 303
Washington, D.C.  20036
jedrury@aol.com

on this 5th day of June, 2008.

/s/ Beverly M. Russell

BEVERLY M. RUSSELL
Assistant United States Attorney